**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
|                Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 25-50526 (BLS) |
|                Plaintiff, | ) | |
| | ) | |
|                v. | ) | **Ref. Adv. D.I. 7, 25, 34, 45, 46, 53, 57, 58** |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | |
|              Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO HOLD BYJU RAVEENDRAN IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND REQUEST FOR CIVIL SANCTIONS**

Upon consideration of *Plaintiffs' Motion to Hold Byju Raveendran in Contempt of Court for Failure to Comply With The Court's Orders and Request for Civil Sanctions* (the "Motion") filed by the Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS," and together with the Debtor, "Plaintiffs"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and the Exhibits thereto; and the Court having held a

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

show cause hearing on June 30, 2025 (the "Hearing"); and after due deliberation and sufficient cause appearing therefor, including for the reasons stated on the record at the Hearing, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. This Court has personal jurisdiction over Byju Raveendran ("Raveendran")

2. Raveendran is found to be in civil contempt of Court for failing to comply with this Court's *Order Granting Debtor's Emergency Motion for Limited Expedited Discovery* [Adv. D.I. 25] (the "Discovery Order") and *Order Resolving Byju Raveendran's Request for Extension of Time Regarding Order Granting Debtor's Emergency Motion for Limited Expedited Discovery* [Adv. D.I. 34] (the "Extension Order," and together with the Discovery Order, the "Orders");

3. Raveendran is ordered to immediately comply with the Orders;

4. The Debtor and GLAS are each directed to submit a bill of costs setting forth their fees and expenses incurred in connection with prosecuting the Motion (the "Motion Fees") within thirty (30) days of this Order. Raveendran has seven (7) days from the time of the filing of the Motion Fees to respond to the Motion Fees if he so chooses, and the Court will thereafter award Plaintiffs their reasonable Motion Fees;

5. Raveendran shall remit to the Clerk of Court the sum of $10,000 for each day he remains in contempt of the Orders. These monetary sanctions shall begin on July 1, 2025 and, absent further Order of this Court, shall accrue each day thereafter until further order of the Court finding that the contempt has been purged; and

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order, including whether additional sanctions are warranted in light of Raveendran's failure to comply with the Orders.

Dated: July 7th, 2025  
Wilmington, Delaware

**BRENDAN L. SHANNON**  
**UNITED STATES BANKRUPTCY JUDGE**