AMENDMENT NO. 8 TO CREDIT AGREEMENT

THIS AMENDMENT NO. 8 TO CREDIT AGREEMENT (this "Amendment"), dated as of January 12, 2023, is entered into by and among Think and Learn Private Limited, a company established under the laws of India with corporate identification number U80903KA2011PTC061427 (the "Parent Guarantor"), and the undersigned Lenders hereto (whose signatures are on file with the Administrative Agent, as defined below) who collectively represent Required Lenders (as such term is defined in the Credit Agreement). All capitalized terms used herein and not otherwise defined herein shall have the meanings given to such terms in the Credit Agreement (as defined below), and unless otherwise specified, all cross-references used herein shall refer to such Credit Agreement.

RECITALS

WHEREAS, among others, the Parent Guarantor, BYJU's Alpha, Inc. a Delaware corporation (the "Borrower"), the Lenders party thereto and GLAS TRUST COMPANY LLC, as the administrative agent (the "Administrative Agent"), have entered into that certain Credit Agreement dated as of November 24, 2021 (as amended from time to time, including as amended by that certain Amendment to Credit Agreement, dated as of October 4, 2022, that certain Amendment No. 2 to Credit Agreement, dated as of October 12, 2022, that certain Amendment No. 3 to Credit Agreement, dated as of November 24, 2022, that certain Amendment No. 4 to Credit Agreement, dated December 13, 2022, that certain Amendment No. 5 to Credit Agreement, dated December 20, 2022, that certain Amendment No. 6 to Credit Agreement, dated December 28, 2022, and that certain Amendment No. 7 to Credit Agreement and Forbearance Agreement, dated as of January 6, 2023, the "Credit Agreement");

WHEREAS, subject to certain exceptions, Section 10.2(b) of the Credit Agreement permits any provision of the Credit Agreement to be amended by an agreement in writing entered into by the Borrower and the Required Lenders; and

WHEREAS, Section 1.12 of the Credit Agreement designates the Parent Guarantor as agent of the Borrower and the Loan Parties, including to execute this Amendment on each applicable Loan Party's behalf;

NOW THEREFORE, in consideration of the mutual agreements, provisions and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. <u>Amendments to the Credit Agreement</u>. Section 1.1 of the Credit Agreement is hereby amended by amending and restating the following definition to read as follows:

> ""Applicable Premium" means, an amount equal to, upon and subject to the occurrence of an Applicable Premium Trigger Event:
>
> (a) on or prior to the fiftieth (50th) day after the first anniversary of the Effective Date, 5.00% of the principal amount of the Initial Term Loans prepaid or repaid;

    (b) after the fiftieth (50th) day after the first anniversary of the Effective Date but on or prior to the second anniversary of the Effective Date, 3.00% of the principal amount of the Initial Term Loans prepaid or repaid;

    (c) after the second anniversary of the Effective Date but on or prior to the third anniversary of the Effective Date, 1.00% of the principal amount of the Initial Term Loans prepaid or repaid; and/or

    (d) thereafter, 0.0%."

  2. <u>Effectiveness of this Amendment</u>. This Amendment shall become effective upon the execution and delivery of this Amendment by the Parent Guarantor and the Lenders constituting the Required Lenders under the Credit Agreement.

  3. <u>Representations and Warranties</u>. The Parent Guarantor represents and warrants to the Lenders that it has all requisite corporate power and authority to enter into, execute, deliver and perform its obligations under this Amendment, and all corporate actions necessary for the authorization, execution and delivery of this Amendment, and the performance of all its obligations hereunder (including any board or shareholder approval, as applicable) have been taken.

  4. <u>Miscellaneous</u>.

    (a) The Credit Agreement and the obligations of the Borrower thereunder, subject to the amendments and agreements set forth in this Amendment, are hereby ratified and confirmed and shall remain in full force and effect according to their terms, and nothing contained in this Amendment shall, by implication or otherwise, limit, impair, constitute a waiver or forbearance of, or otherwise affect the rights and remedies of any Secured Party including the future exercise of such rights and remedies, or shall alter, modify, amend or in any way affect any of the terms, conditions, obligations, covenants or agreements contained in the Credit Agreement. The Lenders hereby reserve all rights, powers, privileges and remedies available to the Lenders against the Loan Parties and any other Person, including, without limitation, the Borrower's affiliates, shareholders, directors and officers as a result of or otherwise in connection with any of the Specified Defaults and any other Defaults and/or Events of Default (whether known or unknown and whether previously or currently existing or arising in the future) and all other obligations of the Loan Parties under the Credit Agreement (as applicable), which rights, powers, privileges and remedies may be exercised without notice at any time or from time to time. For the avoidance of doubt, the Lenders have not waived, are not waiving, and have not made a commitment or agreement to waive, any of the Specified Defaults or any other Default and/or Event of Default that may be continuing on the date hereof or any Default and/or Event of Default that may occur after the date hereof (in each case, whether known or unknown). Moreover, the Lenders have not agreed to forbear from exercising any of their rights or remedies (whether arising under the Credit Agreement, any other Loan Document, under applicable law or in equity) relating to or concerning any of the Specified Defaults or any other Defaults and/or Events of Default that may be continuing on the date hereof or any Default and/or Event of Default that may occur after the date hereof (in each case, whether known or unknown).

(b) The Parent Guarantor, for itself and as agent of each other Guarantor and on each other Guarantor's behalf, hereby confirms and agrees that, notwithstanding the effectiveness of this Amendment, the obligations of such Guarantor under the Loan Documents to which it is a party shall not be impaired or affected by this Amendment, and such Loan Documents are, and shall continue to be in, full force and effect and are hereby reaffirmed and ratified in all respects.

(c) This Amendment shall be binding upon and inure to the benefit of the parties hereto, the Loan Parties and their respective successors and assigns permitted pursuant to the Credit Agreement.

(d) This Amendment is hereby designated by the parties hereto as a "Loan Document" for all purposes of the Credit Agreement and the other Loan Documents.

(e) This Amendment states the complete agreement of the parties relating to the subject matter hereof and supersedes all oral negotiations and prior writings in respect thereof.

(f) In the event that any one or more of the provisions contained in this Amendment shall be held invalid, illegal or unenforceable in any respect under any applicable legal requirement, the validity, legality, and enforceability of the remaining provisions contained herein or therein shall not be affected or impaired thereby.

(g) This Amendment may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall constitute one and the same instrument. Delivery of an executed counterpart to this Amendment by facsimile transmission or electronic transmission in ".pdf" or comparable format shall be as effective as delivery of a manually signed original. The words "execution," "signed," "signature," and words of like import in this Amendment and the other Loan Documents shall be deemed to include electronic signatures, including by DocuSign and similar electronic signature platforms and digital copies of a signatory's manual signature, or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper-based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law, including the Federal Electronic Signatures in Global and National Commerce Act, the New York State Electronic Signatures and Records Act, or any other similar state laws based on the Uniform Electronic Transactions Act.

(h) The provisions of Sections 10.9(b) through 10.9(f) of the Credit Agreement shall apply to this Amendment to the same extent as if fully set forth herein, *mutatis mutandis*.

(i) THIS AMENDMENT WILL BE DEEMED TO BE A CONTRACT MADE UNDER AND GOVERNED BY THE LAWS OF THE STATE OF NEW YORK.

(j) THIS WRITTEN AGREEMENT AND THE OTHER LOAN DOCUMENTS CONSTITUTE THE ENTIRE UNDERSTANDING AMONG THE PARTIES HERETO WITH RESPECT TO THE SUBJECT MATTER THEREOF AND SUPERSEDE ANY PRIOR AGREEMENTS, WRITTEN OR ORAL, WITH RESPECT THERETO.

[*remainder of page intentionally left blank; signature pages follow*]

Each of the parties hereto has caused a counterpart of this Amendment to be duly executed and delivered as of the date first above written.

THINK AND LEARN PRIVATE LIMITED, as the Parent Guarantor and Loan Parties' agent

By: *[DocuSigned by: C54896B5666C4E2...]*

Name: Riju Ravindran

Title: Director

***SIGNATURE PAGES OF REQUIRED LENDERS ON FILE WITH THE ADMINISTRATIVE AGENT***