3- لا يقتضي الحجز نقل الأشياء المحجوزة من موضعها إلا بأمر من قاضي التنفيذ.

4- تصبح الأشياء محجوزة بمجرد ذكرها في محضر الحجز ولو لم يعين عليها حارس ويعتبر تصوير المحجوزات من قبل القائم بالتنفيذ مكملاً لمحضر الحجز.

5- إذا حصل الحجز بحضور المدين أو في موطنه أو محل عمله تسلم صورة من المحضر له أو لمن تسلمها نيابة عنه، أما إذا حصل الحجز في غيبته وفي غير موطنه أو محل عمله وجب إعلانه بالمحضر على الوجه المبين في المادة (10) من هذا القانون وذلك خلال الأيام السبعة التالية للحجز.

## المادة 265- الحجز على مصوغات أو سبائك *

1- إذا كان الحجز على مصوغات أو سبائك ذهبية أو فضية أو من معدن نفيس آخر أو على مجوهرات أو أحجار كريمة وجب وزنها وبيان أوصافها بدقة في محضر الحجز، وتقوم هذه الأشياء بمعرفة خبير يعينه قاضي التنفيذ من تلقاء نفسه أو بناءً على طلب طالب التنفيذ.

2- يجوز بهذه الطريقة تقويم الأشياء الفنية والأشياء النفيسة الأخرى بناءً على طلب الحاجز أو المحجوز عليه، وفي جميع الأحوال يرفق تقرير الخبير بمحضر الحجز.

3- يجب إذا اقتضى الحال نقلها لوزنها أو تقويمها أن توضع في حرز مختوم وأن يذكر ذلك في المحضر مع وصف الأختام وتودع في خزانة المحكمة.

4- إذا وقع الحجز على نقود أو عملة ورقية وجب على مندوب التنفيذ أن يبين أوصافها ومقدارها في المحضر ويودعها خزانة المحكمة.

## المادة 266- حارس الأشياء المحجوزة *

1- يعين القائم بالتنفيذ حارساً للأشياء المحجوزة، ويقوم باختيار الحارس إذا لم يأت الحاجز أو المحجوز عليه بشخص مقتدر، وجب تعيين المحجوز عليه إذا طلب هو ذلك، إلا إذا خيف التبديد وكان لذلك أسباب معقولة تبين في المحضر، وعندئذ يذكر رأي المحجوز عليه في تلك الأسباب ويعرض أمرها فوراً على قاضي التنفيذ لاتخاذ قراره في هذا الشأن.

2- إذا لم يجد القائم بالتنفيذ في مكان الحجز من يقبل الحراسة وكان المدين حاضراً كلفه بالحراسة ولا يعتد برفضه إياها، أما إذا لم يكن حاضراً وجب عليه أن يتخذ جميع التدابير الممكنة للمحافظة على الأشياء المحجوزة وأن يرفع الأمر على الفور لقاضي التنفيذ ليأمر إما بنقلها وإيداعها عند أمين يقبل الحراسة يختاره الحاجز أو القائم بالتنفيذ وإما بتكليف الشرطة بالحراسة مؤقتاً.

## المادة 267- تسليم الأشياء المحجوزة *

1- إذا كان الحارس موجوداً وقت الحجز سلمت إليه الأشياء المحجوزة في مكان حجزها بعد التوقيع منه على محضر الحجز وتسليمه صورة منه، فإذا كان غائباً أو عين فيما بعد وجب جرد الأشياء المحجوزة وتسليمها إليه بعد التوقيع على محضر الجرد وتسليمه صورة منه.

2- إذا امتنع الحارس عن التوقيع على محضر الحجز أو الجرد أو رفض تسلم صورته وجب على القائم بالتنفيذ أن يستبدل به حارساً آخر، وإلا فعليه أن يعرض الأمر على قاضي التنفيذ فوراً ليقرر ما يراه مناسباً.

## المادة 268- الاجر عن الحراسة *

يستحق الحارس غير المدين أو الحارس الحائز أجراً عن حراسته ويكون لهذا الأجر امتياز المصروفات القضائية على المنقولات المحجوز عليها، ويقدر أجر الحارس بأمر يصدره قاضي التنفيذ بناءً على عريضة تقدم إليه.

## المادة 269- التزامات الحارس *

1- لا يجوز للحارس أن يستعمل الأشياء المحجوزة أو يستغلها أو يعيرها أو يعرضها للتلف وإلا حرم من أجرة الحراسة فضلاً عن إلزامه بالتعويضات وإنما يجوز إذا كان مالكاً لها أو صاحب حق انتفاع عليها أن يستعملها فيما خصصت له.

2- إذا كان الحجز على ماشية أو عروض أو أدوات أو آلات لازمة لإدارة أو استغلال أرض أو مصنع أو مشغل أو مؤسسة أو ما يماثلها جاز لقاضي التنفيذ بناءً على عريضة تقدم من أحد ذوي الشأن أن يأمر الحارس بالإدارة أو الاستغلال إن كان صالحاً لذلك أو يستبدل به حارساً آخر يقوم بذلك.

© جميع الحقوق محفوظة لصادر ناشرون

## المادة 270 – طلب الاعفاء من الحراسة*

1– لا يجوز للحارس أن يطلب إعفاءه من الحراسة قبل اليوم المحدد للبيع إلا لأسباب توجب ذلك، ويكون إعفاؤه بأمر على عريضة يصدر من قاضي التنفيذ.

2– يقوم القائم بالتنفيذ بجرد الأشياء المحجوزة عند تسلم الحارس الجديد مهمته، ويحرر محضراً بذلك يوقع عليه هذا الحارس ويتسلم صورة منه.

## المادة 271 – الحجز على منقولات سبق حجزها

1– إذا انتقل القائم بالتنفيذ لتوقيع الحجز على منقولات سبق حجزها لدى المدين وجب على الحارس عليها أن يبرز له صورة محضر الحجز ويقدم الأشياء المحجوزة، وعلى القائم بالتنفيذ أن يجردها في محضر ويحجز على ما لم يسبق حجزه ويجعل حارس الحجز الأول حارساً عليها إن كانت في ذاتّ المكان.

2– يعلن هذا المحضر خلال (3) ثلاثة أيام عمل إلى الحاجز الأول والمدين والحارس إذا لم يكن حاضراً، كما يعلن إلى الجهة التي أمرت بتوقيع الحجز الأول.

3– يترتب على هذا الإعلان بقاء الحجز لمصلحة الحاجز الثاني ولو نزل عنه الحاجز الأول، كما يعتبر حجزاً تحت يد القائم بالتنفيذ على المبالغ المتحصلة من البيع.

4– إذا كان الحجز الأول على المنقولات باطلاً فلا يؤثر ذلك على الحجوز اللاحقة عليه إذا وقعت صحيحة في ذاتها.

## المادة 272 – بيع الأموال المحجوزة*

1– يجوز للمدين بعد إتمام الحجز أن يقدم لقاضي التنفيذ طلباً ببيع الأموال المحجوزة لأحد المشترين ويرفق بطلبه ثمن البيع وموافقة المشتري عليه، ويعرض ذلك على الدائن الحاجز أو الدائنين الحاجزين إن تعددوا إذا كان ثمن المبيع أقل من الدين المحجوز من أجله وذلك خلال (7) سبعة أيام من تاريخ تقديم الطلب، فإذا لم يعترضوا خلال (7) سبعة أيام من تاريخ إخطارهم أو عند موافقتهم يتم إجراء البيع وإيداع الثمن خزينة المحكمة لصالح الدائنين.

2– مع مراعاة أحكام المادة (276) من هذا القانون، فإنه في حالة تعذر الحصول على موافقة الدائن الحاجز أو رفضه يجري تحديد يوم البيع وساعته ومكانه بمعرفة قاضي التنفيذ. ويجب على القائم بالتنفيذ عقب ذلك مباشرة أن يدرج الإعلان على الموقع الإلكتروني للمحكمة، أو أن يلصق على باب المكان الذي به الأشياء المحجوزة وكذلك باللوحات المعدة لذلك بالمحكمة.

3– يجوز لقاضي التنفيذ أن يأمر بإعلان ذلك في إحدى الصحف اليومية الصادرة في الدولة باللغة العربية أو الأجنبية أو غيرها عند الاقتضاء أو من الوسائل التقنية ووسائل الإعلام المختلفة، أو بأي وسيلة أخرى يراها مناسبة.

## المادة 273 – مكان اجراء البيع وميعاده*

1– يجري البيع في المكان الذي توجد فيه الأشياء المحجوزة أو في المكان الذي خُصص بمعرفة قاضي التنفيذ لبيع المحجوزات إلا إذا اقتضت المصلحة خلاف ذلك، ويكون إجراؤه بعد (3) ثلاثة أيام على الأقل من تاريخ إتمام إجراءات إدراج الإعلان على الموقع الإلكتروني للمحكمة أو اللصق أو النشر، ويسمح لمن يرغب بمعاينة المحجوزات خلال الفترة المذكورة.

2– إذا كانت الأشياء المحجوزة عرضة للتلف أو بضائع عرضة لتقلب الأسعار فلقاضي التنفيذ أن يأمر بإجراء البيع في المكان الذي يراه ومن ساعة لساعة على حسب الأحوال وذلك بناءً على طلب يقدم إليه من الحارس أو أحد ذوي الشأن أو القائم بالتنفيذ.

3– إذا لم يتقدم الدائن بمباشرة بيع المحجوزات خلال (30) ثلاثين يوماً من بعد الحجز –ما لم توجد موانع قانونية– لقاضي التنفيذ أن يباشر إجراءات البيع أو رفع الحجز عن المحجوزات بحسب الأحوال وتخصم المصروفات من حصيلة البيع.

## المادة 274 – عدم حصول البيع في اليوم المعين*

إذا لم يحصل البيع في اليوم المعين بمحضر الحجز حدد له يوم آخر يعلن به الحارس وذوي الشأن، ويعاد إدراج الإعلان على الموقع الإلكتروني للمحكمة أو اللصق أو النشر على الوجه المبين في المواد

جميع الحقوق محفوظة لصادر ناشرون©

الواردة في هذا الفصل، مع جواز خفض التثمين (5%) لعدد (5) خمس مرات ثم البيع بسعر يقدره قاضي التنفيذ.

## المادة **275**– المزاد العلني*

1– يجري البيع بالمزاد العلني تحت إشراف قاضي التنفيذ بمناداة القائم بالتنفيذ بشرط دفع الثمن فوراً ويجوز للقاضي إمهاله مدة لا تزيد على (5) خمسة أيام، ويجب ألا يبدأ القائم بالتنفيذ في البيع إلا بعد جرد الأشياء المحجوزة وإثبات حالتها في محضر البيع، وعليه أن يثبت فيه جميع إجراءات البيع وما لقيه من الاعتراضات والعقبات وما اتخذه في شأنها كما يثبت حضور كل من الحاجز والمحجوز عليه أو غيابهما وتوقيعه إن كان حاضراً أو امتناعه عن التوقيع.

2– على القائم بالتنفيذ أن يثبت في المحضر أسماء المزايدين وموطن كل منهم، ومحل عمله أو البريد الإلكتروني بحسب الأحوال، والأثمان التي عرضت منهم وتوقيعاتهم، كما يجب أن يشتمل المحضر بوجه خاص على ذكر الثمن الذي رسا به المزاد واسم من رسا عليه وموطنه ومحل عمله وتوقيعه.

3– يكفي لإعلان استمرار البيع أو تأجيله أن يذكر القائم بالتنفيذ ذلك علانية ويثبته بمحضر البيع.

4– يجوز استخدام تقنية الاتصال عن بعد المنصوص عليها في القانون في أي من إجراءات البيع بالمزاد العلني الواردة في هذه المادة وفي المواد من (276) إلى (278) من هذا القانون.

## المادة **276**– شراء المصوغات أو السبائك*

إذا لم يتقدم أحد لشراء المصوغات أو السبائك من الذهب أو الفضة أو الحلي والمجوهرات والأحجار الكريمة والأشياء المقومة بقيمتها حسب تقدير أهل الخبرة ولم يقبل الدائن استيفاء دينه عيناً بهذه القيمة امتد أجل بيعها إلى اليوم التالي إذا لم يكن أول يوم عمل عقب العطلة، فإذا لم يتقدم مشتر بالقيمة المقدرة أجل البيع إلى يوم آخر وأعيد اللصق أو النشر على الوجه المبين في المواد السابقة وعندئذ يعرض مندوب التنفيذ الأمر على القاضي المختص ليأمر برسو المزاد بالثمن الذي يراه مناسباً ولو في موعد آخر.

## المادة **277**– عدم دفع الراسي عليه المزاد ما التزم به*

إذا لم يدفع الراسي عليه المزاد الثمن فوراً، يجوز للقاضي إمهاله مدة (5) خمسة أيام للدفع، وبعد انقضاء المدة المشار إليها دون التزام الراسي عليه المزاد بالدفع، وجب إعادة البيع على ذمته بالطريقة المتقدمة بأي ثمن كان، ويلتزم بما ينقص من الثمن، كما يلتزم بمصاريف ورسوم إعادة البيع ويعتبر محضر البيع سنداً تنفيذياً بفرق الثمن بالنسبة إليه.

ولا يكون له حق في أي زيادة في الثمن بل يستحقها المدين ودائنوه، ويكون القائم بالتنفيذ ملزماً بالثمن إن لم يستوفه من المشتري فوراً ولم يبادر بإعادة البيع على ذمته، ويعتبر محضر البيع سنداً تنفيذياً بالنسبة إليه.

## المادة **278**– كف القائم بالتنفيذ عن المضي في البيع*

يكف القائم بالتنفيذ عن المضي في البيع إذا نتج عنه مبلغ كاف لوفاء الديون المحجوز من أجلها والمصروفات، وأما ما يوقع بعد ذلك من الحجوز تحت يد القائم بالتنفيذ أو غيره ممن يكون تحت يده الثمن فإنه لا يتناول إلا ما زاد على وفاء ما ذكر.

## المادة **279**– استرداد الأشياء المحجوزة*

ترفع دعوى استرداد الأشياء المحجوزة أمام المحكمة المختصة، ويترتب على رفعها وقف البيع إلا إذا حكمت المحكمة باستمرار التنفيذ بالشروط التي تراها مناسبة، ويجوز للمحكمة أن تقضي بغرامة لا تقل عن (1.000) ألف درهم ولا تزيد على (5.000) خمسة آلاف درهم في حال رفض دعوى الاسترداد.

## المادة **280**– الشروط الشكلية لدعوى الاسترداد*

يجب أن ترفع دعوى الاسترداد على الدائن الحاجز والمحجوز عليه والحاجزين المتدخلين وأن تشتمل صحيفتها على بيان وافٍ لأدلة الملكية وإلا كانت غير مقبولة وتقضي المحكمة بعدم القبول من تلقاء نفسها.

## المادة **281**– المضي بالتنفيذ*

جميع الحقوق محفوظة لصادر ناشرون©

1- يحق للحاجز أن يمضي في التنفيذ إذا حكمت المحكمة بشطب دعوى الاسترداد، أو إذا اعتبرت كأن لم تكن، أو حُكم باعتبارها كذلك، كما يحق له أن يمضي في التنفيذ إذا حكم في الدعوى برفضها أو بعدم الاختصاص أو بعدم قبولها، أو ببطلان صحيفتها، أو بسقوط الخصومة فيها أو بقبول تركها.

2- يمضي الحاجز في التنفيذ ولو كانت الأحكام المشار إليها في البند (1) من هذه المادة قابلة للاستئناف.

## المادة 282- دعوى الاسترداد الثانية*

1- إذا رفعت دعوى استرداد ثانية من نفس المسترد وكانت دعواه الأولى قد اعتبرت كأن لم تكن أو حُكم باعتبارها كذلك أو برفضها أو بعدم قبولها، أو بعدم اختصاص المحكمة أو ببطلان صحيفتها أو بسقوط الخصومة فيها أو بقبول تركها، فلا يوقف البيع إلا إذا قررت المحكمة المختصة بوقفه، ويسري هذا الحكم إذا جددت دعوى الاسترداد بعد شطبها أو وقفها.

2- يسري الحكم المشار إليه في البند (1) من هذه المادة، إذا رفعت دعوى استرداد ثانية من مسترد آخر وتعتبر الدعوى ثانية متى كانت تالية في تاريخ رفعها ولو قبل زوال الأثر الواقف للبيع المترتب على رفع الدعوى الأولى.

## الفصل الخامس

## حجز الأسهم والسندات والإيرادات والحصص

## المادة 283- حجز الأسهم والسندات*

1- إذا كانت الأسهم والسندات لحاملها أو قابله للتظهير يكون حجزها بالأوضاع المقررة لحجز المنقول لدى المدين أو لدى الغير.

2- يكون حجز الإيرادات المرتبة والأسهم الإسمية وحصص الأرباح المستحقة في ذمة الأشخاص المعنوية وحقوق الموصين في الشركات بالأوضاع المقررة لحجز مال المدين لدى الغير، ويترتب على حجزها حجز ثمراتها إلى يوم البيع.

## المادة 284- بيع الأسهم والسندات*

تباع الأسهم والسندات وغيرها مما نص عليه في المادة (283) من هذا القانون بالمزاد العلني طبقاً للإجراءات المنصوص عليها في المادة (288) وما بعدها من هذا القانون، وذلك تحت إشراف قاضي التنفيذ.

## الفصل السادس

## الحجز على العقار وبيعه

## المادة 285- الحجز على العقار *

1- يقدم الحاجز طلباً بالحجز على العقار إلى قاضي التنفيذ، ويتضمن الطلب البيانات الآتية:

أ- اسم الطالب ولقبه ومهنته وموطنه ومحل عمله وموطنه المختار في دائرة المحكمة التي يجري فيها التنفيذ إذا لم يكن له موطن أو محل عمل فيها.

ب- اسم المطلوب الحجز عليه ولقبه ومهنته وموطنه ومحل عمله.

ج- وصف العقار المطلوب الحجز عليه مع بيان موقعه ومساحته وحدوده أو رقمه ومنطقته العقارية وأية بيانات أخرى تفيد في تعيينه، وذلك طبقاً لما هو ثابت في السجلات الرسمية المعدة لذلك.

2- للدائن أن يستصدر أمراً بعريضة من قاضي التنفيذ بالترخيص للقائم بالتنفيذ لدخول العقار، للحصول على البيانات اللازمة لوصفه وتحديد مشتملاته، ولا يجوز التظلم من هذا الأمر.

## المادة 286- تسجيل الحجز*

1- إذا تبين لقاضي التنفيذ أن طلب الحجز على العقار قد استوفى شروطه القانونية أصدر قراره بالحجز ويجريه القائم بالتنفيذ إلكترونياً أو يبلغ هذا القرار إلى الدائرة المختصة بتسجيل العقارات للتأشير في السجلات الخاصة بهذا العقار وتحديد الساعة والتاريخ.

2– يترتب على تسجيل قرار الحجز، اعتبار العقار محجوزاً.

3– على الدائرة المختصة المحجوز لديها العقار أن تُطلع قاضي التنفيذ من واقع السجل العقاري، بالدائنين أصحاب الحقوق المقيدة وموطن كل منهم ومحل عمله وفيما إذا كانت توجد أية موانع تعيق التصرف بالعقار.

## المادة 287– اعلان طلب الحجز *

1– يقوم القائم بالتنفيذ بإعلان كل من المدين والحاجز والكفيل العيني بصورة من طلب الحجز، بعد التأشير عليه بما يفيد تسجيله، خلال (7) سبعة أيام من الحجز.

2– يتم في ذات الميعاد المشار إليه في البند (1) من هذه المادة إعلان نفس الحجز إلى الدائنين أصحاب الحقوق المقيدة، ويصبح هؤلاء الدائنون بمجرد إعلانهم طرفاً في الإجراءات كحاجزين، ويكون الإعلان عند وفاة أي منهم لورثته في الموطن المعين في القيد إذا لم يكُن قد انقضى على الوفاة أكثر من (3) ثلاثة أشهر.

## المادة 288– بيع العقار المحجوز *

1– بعد إتمام الحجز، يجوز للمدين أن يقدم لقاضي التنفيذ طلباً ببيع العقار المحجوز لأحد المشترين، ويرفق بطلبه ثمن البيع وموافقة المشتري عليه، ويعرض ذلك على الدائن الحاجز أو الدائنين الحاجزين إن تعددوا إذا كان ثمن المبيع أقل من الدين المحجوز من أجله وذلك خلال (7) سبعة أيام من تاريخ تقديم الطلب، فإذا لم يعترضوا خلال (7) سبعة أيام من تاريخ إخطارهم أو عند موافقتهم يتم إجراء البيع وإيداع الثمن خزينة المحكمة لصالح الدائنين.

2– على قاضي التنفيذ قبل مباشرة بيع العقار بطريق المزاد أن يخطر المدين بأداء الدين خلال (15) خمسة عشر يوماً من تاريخ التبليغ وإلا بيع العقار بطريق المزايدة، وللمدين أن يطلب خلال هذه المدة إرجاء البيع ولقاضي التنفيذ إجابة الطلب في أي من الحالتين الآتيتين:

أ– إذا كانت إيرادات العقار لمدة (5) خمس سنوات تكفي لسداد الدين والفوائد والرسوم والنفقات، لقاضي التنفيذ في هذه الحالة أن يفوّض الدائن تحت إشرافه في تحصيل إيرادات العقار حتى السداد التام، وإذا حدث طارئ يحول دون حصول الدائن على حقوقه بصورة منتظمة بصورة فعلى قاضي التنفيذ بناءً على طلب الدائن الاستمرار في إجراءات بيع العقار.

ب– إذا كانت إيرادات العقار لمدة (5) خمس سنوات لا تكفي لسداد الدين والفوائد والرسوم والنفقات وكان للمدين إيرادات أخرى بالإضافة إلى إيرادات العقار تكفي لسداد الدين على أقساط مدة لا تتجاوز المدة المشار إليها في هذه الفقرة وذلك بالضمانات التي يراها، وإذا قصّر المدين في دفع قسط من هذه الأقساط فعلى قاضي التنفيذ الاستمرار – بناءً على طلب الدائن– في إجراء بيع العقار.

3– إذا انقضت مدة الإخطار المنصوص عليها في البند (1) من هذه المادة ولم يدفع المدين أو لم يقدم طلباً بإرجاء البيع أو رفض هذا الطلب فعلى قاضي التنفيذ أن يُحدد مكان البيع ويومه والمدة التي تجرى خلالها المزايدة.

4– يعين قاضي التنفيذ قبل البيع عن الإعلان خبيراً أو أكثر لتقدير ثمن العقار، وذلك خلال مهلة لا تجاوز (15) خمسة عشر يوماً من تاريخ تكليف القاضي له بالمهمة.

5– على القائم بالتنفيذ إخطار كل من المدين والحاجز والكفيل العيني بمكان البيع ويومه والمدة التي تجرى خلالها المزايدة، وبالإعلان عن البيع قبل اليوم المحدد لإجرائه بمدة لا تزيد على (30) ثلاثين يوماً، وذلك بإدراج الإعلان على الموقع الإلكتروني للمحكمة أو بالنشر في صحيفتين يوميتين تصدران في الدولة، وتعلق نسخة من الإعلان في مكان بارز من العقار وأخرى على لوحة إعلانات المحكمة، أو بأي وسيلة أخرى يراها قاضي التنفيذ مناسبة.

## المادة 289– البيانات التي يشملها الإعلان عن البيع *

1– يشتمل الإعلان عن البيع على البيانات الآتية:

أ– اسم كل من الحاجز والمدين، والحاجز أو الكفيل العيني ولقبه ومهنته وموطنه ومحل عمله.

ب– بيان العقار وفق ما ورد في إقرار الحجز.

ج– الثمن الأساسي الذي حدده الخبير والمصروفات والتأمين الذي يتعين على راغب الشراء دفعه مقدماً على ألا يقل عن (20%) من الثمن الأساسي، وأي شروط خاصة بالبيع.

© جميع الحقوق محفوظة لصادر ناشرون

د– بيان المحكمة التي سيتم أمامها البيع ويوم المزايدة والمدة التي تجري خلالها المزايدة.

2– يجوز للحاجز والمدين والحاجز والكفيل العيني وكل ذي مصلحة أن يستصدر إذناً من قاضي التنفيذ، بنشر إعلانات أخرى عن البيع في الصحف وغيرها من وسائل الإعلام بسبب أهمية العقار أو غير ذلك من الظروف، ولا يترتب على زيادة النشر تأخير البيع بأي حال، ولا يجوز التظلم من أمر القاضي في هذا الشأن.

## المادة **290** – العقار القابل للتجزئة*

إذا كان العقار المعروض للبيع قابلاً للتجزئة وكان الجزء من هذا العقار –حسب تقدير الخبراء– كافياً لسداد الدين وفوائده والرسوم والنفقات، فعلى قاضي التنفيذ أن يقوم بفرز ذلك الجزء يطرحه للمزاد وأن يستثني الأجزاء الأخرى، وإذا تبين من نتيجة المزاد أن البدل المعروض في ذلك الجزء من العقار لا يكفي للسداد فعلى قاضي التنفيذ أن يطرح للمزاد باقي العقار أو أي جزء إضافي منه كاف للسداد، وإذا أقيمت دعوى الاستحقاق بقسم من العقار المطروح للمزايدة وقررت المحكمة تأخير المزايدة فإن هذا القرار لا يستلزم تأخير المزايدة على الأقسام الباقية إلا أن تكون الحصص –حسب تقدير الخبراء– غير قابلة للتجزئة فيجب عندئذ تأخير المزايدة في باقي الحصص.

إذا تعددت العقارات المطلوب بيعها بالمزاد، فيُطرح كل عقار للبيع على حده إلا إذا وجد قاضي التنفيذ – بعد أخذ رأي الخبراء – أن من المصلحة بيع أكثر من عقار أو العقارات جميعها في مزايدة واحدة.

## المادة **291** – شراء العقار من اجنبي*

لا يجوز بيع العقار إلا لمواطن، ويُستثنى من ذلك الأحوال الخاصة بجواز تملك الأجانب للعقارات المنصوص عليها في القوانين النافذة في الدولة، وذلك كله مع مراعاة القواعد الخاصة بانتقال الملكية العقارية.

## المادة **292** – التصرف بالعقار*

1– لا ينفذ تصرف المدين أو الحاجز أو الكفيل العيني في العقار، ولا ينفذ كذلك ما يترتب عليه من رهن أو امتياز في حق الحاجزين ولو كانوا دائنين عاديين، ولا في حق الراسي عليه المزاد، إذا كان التصرف أو الرهن أو الامتياز قد حصل تسجيله بعد تسجيل قرار الحجز.

2– تلحق بالعقار ثماره وإيراداته عن المدة التالية لتسجيل قرار الحجز، ويُودع الإيراد وثمن الثمار والمحصولات خزانة المحكمة، وإذا لم يكن العقار مؤجراً اعتبر المحجوز عليه حارساً إلى أن يتم البيع، وإذا كان العقار مؤجراً اعتبرت الأجرة المستحقة عن المدة التالية لتسجيل طلب الحجز محجوزة تحت يد المستأجر وذلك بمجرد تكليفه من الحاجز أو أي دائن بيده سند تنفيذي بعدم دفعها للمدين، وإذا وفى المستأجر الأجرة قبل هذا التكليف صح وفاؤه وشُئل عنها المحجوز عليه بوصفه حارساً.

3– إذا كان عقد الإيجار قد سُجل قبل تكليف المستأجر بالوفاء ظل العقد نافذاً في حق الحاجز والدائنين أصحاب الحقوق المقيدة قبل التسجيل.

## المادة **293** – العقار المؤمن عيناً*

1– إذا كان العقار مثقلاً بتأمين عيني وآل إلى حائز بعقد مسجل قبل الحجز وجب قبل طلب الحجز إنذار الحائز بدفع الدين أو تخلية العقار وإلا جرى التنفيذ في مواجهته.

2– يشتمل الإنذار فضلاً عن البيانات العامة في الإعلان والتكليف بالدفع أو التخلية على البيانات الآتية:

أ– السند التنفيذي.

ب– إعلان المدين وتكليفه بالوفاء وفقاً للمادة (233) من هذا القانون.

ج– بيان العقار محل التنفيذ طبقاً لما هو ثابت في السجلات الرسمية المعدة لذلك.

3– يوجه الإنذار المشار إليه في البند (1) من هذه المادة إلى الراهن في الحالات التي يجرى التنفيذ فيها على عقار مرهون من غير المدين.

4– يترتب على إعلان الإنذار في حق المعلن اليه، جميع الأحكام والآثار المنصوص عليها في المادة (292) من هذا القانون.

## المادة **294** – ابداء أوجه البطلان في الإعلان*

جميع الحقوق محفوظة لصادر ناشرون©

1- يجب على ذوي الشأن إبداء أوجه البطلان في الإعلان المنصوص عليه في المادتين (287) و(288) من هذا القانون بطلب يقدم لقاضي التنفيذ قبل الجلسة المحددة للبيع بثلاثة أيام على الأقل وإلا سقط الحق في إبدائها.

2- يحكم قاضي التنفيذ في أوجه البطلان المشار اليها في البند (1) من هذه المادة في اليوم المحدد للبيع قبل افتتاح المزايدة، ولا يقبل الطعن في حكمه بأي طريق وإذا حكم ببطلان إجراءات الإعلان أجل البيع إلى يوم يحدده، وأمر بإعادة هذه الإجراءات.

3- إذا حكم برفض طلب البطلان، أمر بإجراء المزايدة على الفور.

4- يجب على المدين والحائز والكفيل العيني والدائنين المشار إليهم في المادة (286) من هذا القانون إبداء أوجه البطلان الأخرى المتعلقة بالإجراءات السابقة على جلسة البيع، وكذلك أوجه الاعتراض على شروط البيع، قبل حلول ميعاد تلك الجلسة بعشرة أيام على الأقل، وإلا سقط الحق في إبدائها، ويكون ذلك بطلب يقدم إلى قاضي التنفيذ المختص ويحكم قاضي التنفيذ بناءً على الطلب المشار إليه بإيقاف البيع أو الاستمرار فيه، حسبما يتبين من جدية تلك الأوجه أو عدم جديتها، وإذا قضى بالاستمرار في البيع أمر بإجراء المزايدة على الفور.

## المادة 295– إيداع الدائن لمبلغ لتغطية نفقات بيع العقار *

على الدائن قبل البدء في إجراءات المزايدة أن يقوم بإيداع مبلغ يقدره قاضي التنفيذ لتغطية نفقات ومصروفات بيع العقار بما في ذلك مقابل أتعاب المحاماة، ويخصم هذا المبلغ من ثمن بيع العقار ويرد للدائن.

## المادة 296– صلاحيات قاضي التنفيذ عند بيع العقار *

1- يُشرف قاضي التنفيذ في اليوم المعين للبيع على إجراء المزايدة، ولا يجوز البدء في إجرائها إلا بعد التحقق من صيرورة الحكم المنفذ بمقتضاها نهائياً.

2- إذا تقدم مشترٍ أو أكثر في جلسة البيع الأولى فيعتمد قاضي التنفيذ في نهاية المدة المحددة للمزايدة أكبر عطاء بشرط ألا يقل عن الثمن الأساسي الذي حدده الخبير مع المصروفات، فإذا قلّ العطاء عن ذلك أو لم يتقدم مشترٍ في هذه الجلسة يقرر قاضي التنفيذ تأجيل البيع لليوم التالي في ذات المكان والمدة المحددة للمزايدة، فإذا لم يتقدم مشترٍ في الجلسة الثانية بالثمن الأساسي أجّل القاضي البيع لليوم التالي مع إنقاص الثمن الأساسي بنسبة (5%) ثم لجلسة تالية وهكذا مع إنقاص الثمن (5%) في كل مرة، فإذا بلغ مجموع النقص (25%) وجب تأجيل البيع لمدة لا تجاوز (3) ثلاثة أشهر تالية مع إعادة إجراءات الإعلان وفي هذه الحالة يُباع العقار بأعلى عطاء على ألا يقل عن (50%) من الثمن الأساسي الذي حدده الخبير.

3- تشمل جلسة البيع في مفهوم هذه المادة الجلسة الإلكترونية.

## المادة 297– التزامات الراسي عليه بيع العقار *

1- يجب على من يعتمد قاضي التنفيذ عطاءه، أن يودع خلال العشرة أيام التالية لجلسة البيع كامل الثمن الذي اعتمد والمصروفات، وفي حالة دفعه الثمن يحكم القاضي برسو المزاد عليه.

2- إذا لم يودع من رسا عليه الثمن الثمن كاملاً يعرض قاضي التنفيذ العقار على المزايد الذي يليه بالسعر الذي عرضه، فإذا وافق يعتمد القاضي عطاءه وعليه إيداع الثمن خلال المدة المحددة في البند (1) من هذه المادة، وأما إذا رفض المزايد الثاني فعلى قاضي التنفيذ إعادة المزايدة خلال (15) خمسة عشر يوماً وبذات الإجراءات السابقة، وعندئذ يحكم القاضي برسو المزاد على صاحب أعلى عطاء.

3- لكل شخص غير ممنوع من المزايدة أن يزيد على الثمن، خلال (10) العشرة أيام التالية لرسو المزاد، بشرط ألا تقل الزيادة عن عشر الثمن، ويلزم المزايد في هذه الحالة بإيداع كامل الثمن المعروض مع المصروفات خزينة المحكمة، وتعاد المزايدة في هذه الحالة خلال (7) سبعة أيام، فإذا لم يتقدم أحد بعرض أكبر حكم القاضي برسو المزاد عليه.

4- يلزم المزايد المتخلف عن السداد بما ينقص من ثمن العقار، ويتضمن الحكم برسو المزاد، إلزام المزايد المتخلف عن السداد بفرق الثمن إن وجد، ولا يكون له حق في المزايدة، بل يستحقها المدين أو الحاجز أو الكفيل العيني بحسب الأحوال.

جميع الحقوق محفوظة لصادر ناشرون©

5- في جميع الأحوال، يقوم مقام الإيداع، تقديم كفالة من أحد البنوك المعتمدة في الدولة، أو تقديم شيك مقبول الدفع، وإذا كان المكلف بالإيداع دائناً وكان مقدار دينه ومرتبته يبرران إعفاءه من الإيداع، أعفاه القاضي من إيداع كل أو بعض ما يلزّمه القانون إيداعه من الثمن والمصروفات.

6- لا يجوز بأي حال من الأحوال أن تشمل شروط البيع ما يخالف ذلك.

7- إذا تعذر بسبب لا يد للمشتري فيه إتمام معاملة البيع والتسجيل بقيمة المزايدة خلال (30) ثلاثين يوماً من تاريخ رسو المزاد، فللمشتري الحق في طلب فسخ المزايدة واستعادة البدل النقدي الذي دفعه، وعند إجابة هذا الطلب على قاضي التنفيذ أن يعيد المزايدة من جديد.

8- للمدين في أي وقت يسبق إتمام نقل الملكية وتسجيل العقار للمشتري بنتيجة المزايدة أن يسدد الدين والفوائد والرسوم والنفقات أو أن يبيع العقار بموافقة قاضي التنفيذ وتحت إشرافه بسعر أعلى وبزيادة لا تقل عن (10%) عشرة بالمائة من السعر الذي رسا به المزاد.

## المادة 298- تأخر المزايدة *

1- إذا تأخرت المزايدة لأسباب قانونية فيجب إعادة المزايدة خلال مدة (15) خمسة عشر يوماً من تاريخ زوال أسباب التأخير.

2- إذا تركت المزايدة لعدم تعقب الدائن لها لمدة (6) ستة أشهر أو أكثر، فيجب إعادة المزايدة من جديد وتُلغى المهل السابقة.

## المادة 299- حكم رسو المزاد *

1- يصدر حكم رسو المزاد بديباجة الأحكام، ويشتمل على صورة من طلب الحجز على العقار، وبيان الإجراءات التي اتبعت في شأنه، وفي الإعلان عن البيع، وصورة من محضر جلسة البيع، ويشتمل منطوقه على أمر المدين أو الحاجز أو الكفيل العيني، بتسليم العقار لمن حكم برسو المزاد عليه، ويجب إيداع الحكم ملف القضية في اليوم التالي لصدوره.

2- لا يُعلن الحكم المشار إليه في البند (1) من هذه المادة، ويجري تنفيذه جبراً بأن يكلف المدين أو الحاجز أو الكفيل العيني أو الحارس حسب الأحوال، الحضور في مكان التسليم في اليوم والساعة المحددين لإجرائه، على أن يحصل الإعلان بذلك قبل اليوم المعيّن للتسليم بيومين على الأقل.

3- إذا كان في العقار منقولات تعلق بها حق لغير المحجوز عليه وجب على طالب التنفيذ أن يطلب بعريضة من قاضي التنفيذ اتخاذ التدابير اللازمة للمحافظة على حقوق أصحاب الشأن، وله أن يسمع أقوالهم كلما اقتضى الحال ذلك قبل إصدار أمره.

4- إذا تعذر نقل ملكية العقار المبيع أو جزء منه لأي سبب لا دخل للأطراف فيه فلقاضي التنفيذ إلغاء حكم إرساء المزايدة وإعادة الحال إلى ما كان عليه.

## المادة 300- استئناف حكم مرسي المزاد *

1- لا يجوز استئناف حكم مرسي المزاد، إلا لعيب في إجراءات المزايدة أو في شكل الحكم أو لصدوره دون وقف الإجراءات في حالة يكون وقفها واجباً قانوناً.

2- يرفع الاستئناف بالأوضاع المعتادة خلال (7) سبعة أيام من تاريخ النطق بالحكم.

## المادة 301- تسجيل حكم مرسي المزاد *

1- على قاضي التنفيذ بناءً على طلب ذوي الشأن، أن يطلب من الإدارة المختصة بتسجيل العقارات تسجيل حكم مرسي المزاد بعد قيام من حكم برسو المزاد عليه بإيداع كامل الثمن، ما لم يكن قد أعفي من الإيداع، وتتبع في تسجيل الحكم القواعد المقررة في التسجيل العقاري.

2- يترتب على التسجيل المشار إليه في البند (1) من هذه المادة تطهير العقار المبيع من حقوق الامتياز والرهون التأمينية والحيازية التي أعلن أصحابها وفقاً للمادة (286) من هذا القانون، ولا يبقى إلا حقهم في الثمن.

## المادة 302- طلب بطلان إجراءات التنفيذ المقدم من الغير *

1- يجوز للغير طلب بطلان إجراءات التنفيذ مع طلب استحقاق العقار المحجوز عليه أو بعضه وذلك بدعوى ترفع بالإجراءات المعتادة أمام المحكمة المختصة، ويختصم فيها الدائن الحاجز والدائنون المشار إليهم في المادة (286) من هذا القانون والمدين أو الحاجز أو الكفيل العيني، وتقضي المحكمة في أول

© جميع الحقوق محفوظة لصادر ناشرون

جلسة بوقف إجراءات البيع إذا اشتملت صحيفة الدعوى على بيان دقيق لأدلة الملكية أو لوقائع الحيازة أو الاستحقاق التي تستند إليها الدعوى وأرفقت بها المستندات التي تؤيدها.

2- إذا حلّ اليوم المعين للبيع قبل أن تقضي المحكمة بالوقف، فيجوز لرافع الدعوى أن يطلب من قاضي التنفيذ وقف البيع بشرط أن يودع ملف التنفيذ صورة رسمية من صحيفة الدعوى المعلنة.

3- لا يجوز الطعن في الأحكام الصادرة وفقاً للبندين (1) و(2) من هذه المادة بوقف البيع أو المضي فيه.

4- لا تقبل دعوى الاستحقاق إلا بعد إيداع تأمين مقداره (10.000) عشرة آلاف درهم عند قيدها ويرد عند قبولها ويصادر في حالة الرفض.

## المادة 303- تناول دعوى الاستحقاق لبعض العقارات *

1- إذا لم تتناول دعوى الاستحقاق إلا جزءاً من العقارات المحجوزة فلا يوقف البيع بالنسبة لباقيها.

2- دون الإخلال بالحكم الوارد في البند (1) من هذه المادة، يجوز لقاضي التنفيذ أن يأمر -بناءً على طلب ذي الشأن- بوقف البيع بالنسبة إلى كل العقارات إذا دعت إلى ذلك أسباب جدية.

## المادة 304- استحقاق المبيع *

إذا استحق المبيع كان للراسي عليه المزاد الرجوع بالثمن وبالتعويضات على الدائنين إن كان له وجه، ولا يجوز أن تتضمن شروط البيع الإعفاء من رد الثمن.

## المادة 305- الممنوعون من التقدم للمزايدة *

لا يجوز للمدين ولا للقضاة ولا لأعضاء النيابة العامة ولا للقائمين بالتنفيذ ولا لكتّاب المحكمة ولا للمحامين الوكلاء ممن يباشر الإجراءات عن المدين أو أقربائهم حتى الدرجة الثانية أن يتقدموا للمزايدة بأنفسهم أو بطريق تسخير غيرهم وإلا كان البيع باطلاً.

### الفصل السابع

### بعض البيوع الخاصة

## المادة 306- بيع عقار المفلس وعديم الاهلية والغائب *

1- يتم بيع عقار المفلس وفقاً لقانون الإفلاس الاتحادي وبطريق المزايدة، ويجرى بناء على شروط البيع التي يقدمها أمين التفليسة.

2- يتم بيع عقار عديم الأهلية المأذون ببيعه، وعقار الغائب، بطريق المزايدة، ويجري بناء على شروط البيع التي يقدمها وكيل الدائنين أو النائب عن عديم الأهلية أو الغائب إلى قاضي التنفيذ بعد إقرارها منه.

3- يجب أن تشتمل شروط البيع على الإذن الصادر بالبيع من المحكمة المختصة.

4- على مكتب إدارة الدعوى بالمحكمة، إخطار النيابة العامة بشروط البيع، قبل عرضها على قاضي التنفيذ.

## المادة 307- بيع العقار المملوك على الشيوع *

1- إذا أمرت المحكمة ببيع العقار المملوك على الشيوع لعدم إمكان القسمة بغير ضرر، يجري قاضي التنفيذ بيعه بطريق المزايدة، بناءً على طلب أحد الشركاء ودون الإخلال بما ورد بالمادة (291) من هذا القانون.

2- يجب أن تشتمل شروط البيع على بيان جميع الشركاء، وموطن كل منهم، وصورة من الحكم الصادر بإجراء البيع.

## المادة 308- القواعد المطبقة بهذه البيوع *

تطبق على البيوع المنصوص عليها في المادتين (306) و(307) من هذا القانون القواعد المتعلقة بإجراءات بيع العقار بناءً على طلب الدائنين، والمنصوص عليها في هذا القانون.

## المادة 309- عهد قاضي التنفيذ اتخاذ إجراءات توقيع الحجز *

مع مراعاة الأحكام الواردة في هذا الفصل، يجوز لقاضي التنفيذ أن يعهد لأي شخص طبيعي أو اعتباري خاص أو عام باتخاذ إجراءات توقيع الحجز أو بيع المحجوزات، سواء بشكل كلي أو جزئي أو المعاونة في أدائها، وفق القواعد والإجراءات التي تصدر بقرار من رئيس مجلس القضاء الاتحادي أو رئيس الجهة القضائية المختصة –كل بحسب اختصاصه– على أن تحدد هذه القواعد آلية عملهم واحتساب أتعابهم.

## الباب الثالث

## توزيع حصيلة التنفيذ

### المادة 310– توزيع حصيلة التنفيذ *

1– متى تم الحجز على نقود لدى المدين، أو تم بيع المال المحجوز، أو انقضت (10) عشرة أيام من تاريخ التقرير بما في الذمة في حجز ما للمدين لدى الغير، توزع حصيلة التنفيذ على الدائنين الحاجزين ومن اعتبر طرفاً في الإجراءات دون أي إجراء آخر، ولو كانت الحصيلة لا تكفي لوفاء كامل حقوقهم.

2– يعتبر جميع الدائنين المنفذ لهم في المجموعات التنفيذية وملفات التنفيذ المضمومة طرفاً في الإجراءات بمفهوم الفقرة السابقة ولو لم يقدموا طلباً بذلك ويدرجون في قائمة توزيع حصيلة التنفيذ وفقاً لمقتضيات المواد من (311– 314) من هذا القانون.

### المادة 311– حصيلة التنفيذ الكافية للوفاء *

1– إذا كانت حصيلة التنفيذ كافية للوفاء بجميع حقوق الدائنين الحاجزين، ومن اعتبر طرفاً في الإجراءات فعلى قاضي التنفيذ أن يأمر باستيفاء كل من الدائنين دينه بعد تقديم سنده التنفيذي.

2– فإذا لم يكن بيد أحد الدائنين المشار إليهم في البند (1) من هذه المادة سنداً تنفيذياً، وكانت دعوى ثبوت الحق ما زالت منظورة، خُصص لهذا الدائن مبلغ يقابل الدين المحجوز من أجله، ويحفظ في خزانة المحكمة لحسابه على ذمة الفصل في الدعوى نهائياً.

### المادة 312– حصيلة التنفيذ الغير كافية للوفاء *

1– إذا كانت حصيلة التنفيذ غير كافية للوفاء بجميع حقوق الدائنين الحاجزين، ومن اعتبر طرفاً في الإجراءات وجب على من تكون لديه هذه الحصيلة، أن يودعها على الفور خزانة المحكمة، مشفوعةً ببيان بالحجوز الموقعة تحت يده.

2– يكون التوزيع بين ارباب الديون الممتازة وأصحاب الحقوق المقيدة، بحسب ترتيب درجاتهم المبينة في القانون.

### المادة 313– إجراءات التوزيع *

تبدأ إجراءات التوزيع بإعداد قاضي التنفيذ قائمة توزيع يعلن بها المدين والحائز والحاجزين، ومن اعتبر طرفاً في الإجراءات للحضور أمامه في جلسة يحددها لذلك، ويفصل قاضي التنفيذ خلال (3) الثلاثة أيام اللاحقة لتاريخ الجلسة في أي اعتراض قد يقدم قبل صرف المبالغ.

### المادة 314– موجبات قاضي التنفيذ بعد التوزيع النهائي *

1– يودع قاضي التنفيذ مكتب إدارة الدعوى بالمحكمة، قائمة التوزيع النهائية بما يستحق كل دائن من أصل ومصروفات.

2– في جميع الأحوال، يأمر قاضي التنفيذ بتسليم أوامر الصرف على خزانة المحكمة، وشطب القيود سواء تعلقت بديون أدرجت في القائمة أو بديون لم يدركها التوزيع.

## الباب الرابع

## التنفيذ العيني

### المادة 315– التزامات القائم بالتنفيذ *

1– يجب على القائم بالتنفيذ –في حالة التنفيذ بتسليم منقول أو عقار– أن يتوجه إلى المكان الذي به الشيء لتسليمه للطالب، وعليه أن يبين في محضره محل التسليم والسند التنفيذي، وتاريخ إعلانه،

© جميع الحقوق محفوظة لصادر ناشرون

وإذا كان التسليم وارداً على عقار مشغول بحائز عرضي، نبّه عليه القائم بالتنفيذ بالاعتراف بالحائز الجديد بعد إتمام إجراء تسليم العقار.

2- إذا كانت الأشياء المراد تسليمها محجوزاً عليها، فلا يجوز للقائم بالتنفيذ تسليمها للطالب، وعلى القائم بالتنفيذ إخبار الدائن الحاجز.

3- يصدر قاضي التنفيذ الأوامر اللازمة للمحافظة على حقوق ذوي الشأن، بناءً على طلب صاحب المصلحة أو القائم بالتنفيذ.

## المادة 316- صلاحيات القائم بالتنفيذ عند اخلاء عقار *

1- على القائم بالتنفيذ إخبار الملزم بإخلاء العقار، باليوم الذي سيتولى فيه تنفيذ الإخلاء، وذلك قبل اليوم المحدد بثلاثة أيام على الأقل، وعند حلول الموعد المحدد، يقوم بتمكين الطالب من حيازة العقار، وإذا كان بالعقار المذكور منقولات غير واجب تسليمها لطالب الإخلاء ولم ينقلها صاحبها فوراً، وجب على القائم بالتنفيذ إذا لم يعهد بحراستها في ذات المكان إلى الطالب، أو بنقلها إلى مكان آخر على نفقة المنفذ ضده إذا لم يوافق الطالب على الحراسة، وإذا كانت تلك المنقولات تحت الحجز أو الحراسة وجب على القائم بالتنفيذ إخبار الدائن الذي وقع الحجز أو الحراسة بناءً على طلبه، وعلى القائم بالتنفيذ في الحالتين رفع الأمر إلى قاضي التنفيذ، لاتخاذ ما يراه لازماً للمحافظة على حقوق ذوي الشأن.

2- يحرر القائم بالتنفيذ محضراً يبين فيه السند التنفيذي وتاريخ إعلانه، ووصف العقار محل الإخلاء والمنقولات غير الواجب تسليمها للطالب، والإجراء الذي اتخذ في شأنها.

## المادة 317- طلب التنفيذ الجبري *

1- يجب على من يطلب التنفيذ الجبري بالتزام بعمل أو امتناع عن عمل، أن يقدم طلباً إلى قاضي التنفيذ لكي يُحدد الطريقة التي يتم بها هذا التنفيذ، ويرفق بالطلب السند التنفيذي وإعلانه.

2- يقوم قاضي التنفيذ بعد إعلان الطرف الآخر لسماع أقواله، بإصدار أمره بتحديد الطريقة التي يتم بها التنفيذ، وتعيين قائم بالتنفيذ للقيام به، والأشخاص الذين يكلفون بإتمام العمل أو الإزالة.

## المادة 318- تعذر التنفيذ العيني *

1- إذا تعذر التنفيذ العيني بالطريقة المحددة في المادة (317) من هذا القانون، أو اقتضى التنفيذ قيام المدين به بنفسه ولم يقم بذلك، فلقاضي التنفيذ أن يلزمه بغرامة يومية لا تقل عن (1.000) ألف درهم ولا تزيد على (10.000) عشرة آلاف درهم، تصرف كتعويض للمنفذ له عن التأخير، على ألّا تتجاوز مجموع الغرامات أصل الدين محل التنفيذ.

2- لقاضي التنفيذ الحق في إلغاء الغرامة، أو جزء منها إذا بادر المنفذ ضده بالتنفيذ، قبل صرفها فعلياً.

3- تسري أحكام البند (1) من هذه المادة، على الممثل القانوني للشخص الاعتباري، وعلى المتسبب شخصياً في عرقلة التنفيذ من العاملين لديه.

### الباب الخامس

### حبس المدين ومنعه من السفر وإجراءات احتياطية أخرى

### الفصل الأول

### حبس المدين

## المادة 319- حبس المدين *

1- لقاضي التنفيذ أن يصدر أمراً بناءً على طلب يقدم من المحكوم له، بحبس المدين إذا امتنع عن تنفيذ أي سند تنفيذي، ما لم يثبت عدم قدرته على الوفاء، ولا يعتبر المدين مقتدراً على الوفاء إذا ثبتت ملاءته كلياً على أموال لا يجوز الحجز عليها أو بيعها.

2- لا يقبل من المدين ادعاء عدم القدرة على الوفاء إذا امتنع عن الوفاء، في أي من الحالات الآتية:

أ- إذا قام بتهريب أمواله أو إخفائها بقصد الإضرار بالدائن، واستحال على الدائن بسبب ذلك التنفيذ على تلك الأموال.

© جميع الحقوق محفوظة لصادر ناشرون

ب– إذا كان الدين قسط أو أكثر من الأقساط المقررة على المدين، أو كان المدين ممن كفلوا المدين الأصلي بالدفع أمام المحكمة أو قاضي التنفيذ، إلا إذا أثبت المدين حصول وقائع جديدة أثرت على ملاءته وجعلته غير قادر على دفع الأقساط أو قيمة الكفالة أو أي جزء منها، بعد تقرير هذه الأقساط عليه أو بعد إعطائه الكفالة.

3– يأمر قاضي التنفيذ بحبس المدين في الحالات المبينة بالفقرتين (أ) و(ب) من البند (2) من هذه المادة مدة لا تزيد على شهر ويجوز تجديدها لمدد متتالية، فإذا كان المدين ممن لا يخشى هربه وله إقامة، فلا يجوز أن تتجاوز مدد الحبس (6) ستة أشهر متتالية، ويجوز تجديد حبسه بعد انقضاء (90) تسعين يوماً على إخلاء سبيله إذا بقي ممتنعاً عن التنفيذ، وذلك بشرط ألا يتعدى مجموع مدد حبس المدين (36) ستة وثلاثين شهراً مهما تعدد الدين أو الدائنون وذلك في حال تزامن سندات التنفيذ المعنية، ما لم يتعلق الأمر بدين ناتج عن جرائم مالية عمدية، فيجوز أن تصل مدد الحبس إلى (60) ستين شهراً.

## المادة 320– صلاحيات قاضي التنفيذ قبل إصداره أمر الحبس *

1– على قاضي التنفيذ قبل إصداره أمر الحبس أن يجري تحقيقاً مختصراً إذا لم تكفه المستندات المؤيدة للطلب.

2– يجوز للقاضي أن يمنح المدين مهلة للوفاء لا تجاوز (6) ستة أشهر متتالية، أو تقسيط المبلغ المنفذ من أجله على أقساط مناسبة لا تجاوز (3) ثلاث سنوات بضمانات أو تدابير احتياطية يقدرها القاضي إذا كان يخشى هروب المدين من الدولة.

3– يكون التظلم أو الاستئناف من الأمر الوارد في البندين (1) و(2) من هذه المادة بالإجراءات المقررة في المادة (209) من هذا القانون.

## المادة 321– امتناع إصدار الأمر بحبس المدين *

1– يمتنع إصدار الأمر بحبس المدين في أي من الأحوال الآتية:

أ– إذا لم يبلغ (18) الثامنة عشرة أو تجاوز (70) السبعين من عمره.

ب– إذا كان له ولد لم يبلغ (15) الخامسة عشرة من عمره وكان زوجه متوفى أو محبوساً لأي سبب.

ج– إذا كان زوجاً للدائن أو من أصوله، ما لم يكن الدين نفقة مقررة.

د– إذا قدم كفالة مصرفية أو كفيلاً مقتدراً يقبله قاضي التنفيذ، للوفاء بالدين في المواعيد المحددة أو صرح عن أموال له في الدولة يجوز التنفيذ عليها وتكفي للوفاء بالدين.

هـ– إذا ثبت ببيّنة طبية معتمدة أن المدين مريض مرضاً مزمناً لا يُرجى شفاؤه ولا يتحمل معه الحبس.

و– إذا كان الدين المنفذ به يقل عن (10.000) عشرة آلاف درهم ما لم يكن غرامة مالية أو نفقة مقررة أو أجرة عمل أو التزاماً بعمل أو امتناعاً عن عمل.

2– لقاضي التنفيذ أن يؤجل إصدار الأمر بحبس المدين في أي من الحالتين الآتيتين:

أ– للمرأة الحامل ولمدة سنتين من تاريخ وضعها وتنقص تلك المدة إلى (3) ثلاثة أشهر من تاريخ انفصال جنينها ميتاً.

ب– إذا ثبت ببيّنة طبية معتمدة أن المدين مريض مرضاً مؤقتاً لا يتحمل معه الحبس وذلك لحين شفائه.

## المادة 322– المدين الاعتباري الخاص *

إذا كان المدين شخصاً اعتبارياً خاصاً، صدر الأمر بحبس من يمثله قانوناً أو غيره إذا كان الامتناع عن التنفيذ راجعاً إليهم شخصياً، ويجوز المنع من السفر وفق الإجراءات والضوابط الواردة في المواد (324) إلى (326) من هذا القانون، ولو لم يكن بيد الدائن سنداً تنفيذياً في مواجهتهما وذلك بعد إجراء تحقيق في الحالتين.

## المادة 323– سقوط الأمر الصادر بحبس المدين *

يأمر قاضي التنفيذ بسقوط الأمر الصادر بحبس المدين في أي من الأحوال الآتية:

1– إذا وافق الدائن كتابة على إسقاط الأمر.

2– إذا انقضى –لأي سبب من الأسباب– التزام المدين الذي صدر ذلك الأمر لاقتضائه.

3– إذا سقط شرط من الشروط اللازم توفرها للأمر بالحبس، أو تحقق مانع من موانع إصداره.

جميع الحقوق محفوظة لصادر ناشرون©

## الفصل الثاني

## منع المدين من السفر

### المادة **324**– طلب الدائن منع المدين من السفر *

1– للدائن ولو قبل رفع الدعوى الموضوعية إذا قامت أسباب جدية يخشى معها فرار المدين وكان الدين لا يقل عن (10.000) عشرة آلاف درهم ما لم يكن نفقة مقررة أو التزاماً بعمل أو امتناعا عن عمل أو أجرة عمل أن يطلب من القاضي المختص أو رئيس الدائرة حسب الأحوال، إصدار أمر بمنع المدين من السفر في أي من الحالتين الآتيتين:

أولاً: إذا كان الدين معلوماً ومستحق الأداء غير مقيد بشرط.

ثانياً: إذا لم يكن الدين معين المقدار يقوم القاضي بتقدير تقديراً مؤقتاً، على أن يتوافر الشرطان الآتيان:

أ– أن تستند المطالبة بالحق إلى بينة خطية.

ب– أن يقدم الدائن كفالة تقبلها المحكمة يضمن فيها كل عطل وضرر يلحق بالمدين من جراء منعه من السفر إذا تبين أن الدائن غير محق في ادعائه.

2– للقاضي قبل إصدار الأمر، أن يجري تحقيقاً مختصراً إذا لم تكفه المستندات المؤيدة للطلب، كما له أن يأمر بإيداع جواز سفر المدين في خزانة المحكمة وتعميم الأمر بالمنع من السفر على جميع منافذ الدولة في حالة إصدار الأمر بالمنع من السفر.

3– لقاضي تنفيذ الأحوال الشخصية أن يصدر أمراً بمنع المحضون من السفر في الحالات التي تخالف شروط وضوابط الأحكام المنصوص عليها في قانون الأحوال الشخصية الاتحادي.

4– لمن صدر الأمر بمنعه من السفر أو رفض طلبه أن يتظلم منه بالإجراءات المقررة للتظلم من الأوامر على العرائض، ما لم يكن مصدر الأمر هو قاضي التنفيذ المختص فيكون التظلم من قراره وفقاً للإجراءات المنصوص عليها في البند (1) من المادة (209) من هذا القانون.

5– لا يحول الأمر الصادر بالمنع من السفر دون تنفيذ الأحكام الباتة الصادرة بتدبير الإبعاد، ويعرض الأمر بالمنع من السفر في حالة صدور حكم بات أو أمر إداري بتدبير الإبعاد على لجنة قضائية برئاسة قاض يصدر بتشكيلها قرار من مجلس الوزراء لتنظر في تنفيذ أيهما.

6– يجوز لرئيس المحكمة المختصة أو من يفوضه الموافقة على سفر المدين بسبب مرضه هو أو أحد أصوله أو فروعه من الدرجة الأولى أو زوجه، ويُشترط لذلك أن يرفق بالطلب شهادة طبية من جهة رسمية تفيد الحاجة إلى العلاج في الخارج وعدم إمكان العلاج داخل الدولة وذلك مع بقاء أمر المنع من السفر قائماً.

### المادة **325**– سقوط الأمر بالمنع من السفر *

يبقى أمر المنع من السفر ساري المفعول حتى ينقضي التزام المدين قبل دائنه الذي استصدر الأمر –لأي سبب من الأسباب– ومع ذلك يأمر القاضي المختص بسقوط الأمر في أي من الأحوال الآتية:

1– إذا سقط أي شرط من الشروط اللازم توفرها للأمر بالمنع من السفر.

2– إذا وافق الدائن كتابة على إسقاط الأمر.

3– إذا قدم المدين كفالة مصرفية كافية، أو كفيلاً مقتدراً يقبله القاضي، ويكون محضر الكفالة المشتمل على تعهد الكفيل مصحوباً بالحكم أو الأمر الصادر بإلزام المدين سنداً تنفيذياً قبله بما قضى به هذا الحكم.

4– إذا أودع المدين خزانة المحكمة مبلغاً من النقود مساوياً للدين والمصروفات، وخصص للوفاء بحق الدائن الذي صدر الأمر بناءً على طلبه، ويعتبر هذا المبلغ محجوزاً عليه بقوة القانون لصالح الدائن.

5– إذا لم يقدم الدائن للقاضي ما يدل على رفع الدعوى بالدين خلال (8) ثمانية أيام من صدور الأمر بالمنع من السفر أو لم يبدأ في تنفيذ الحكم النهائي الصادر لصالحه خلال (30) ثلاثين يوما من تاريخ صيرورته قطعياً.

6– إذا انقضت (3) ثلاث سنوات على آخر إجراء صحيح من إجراءات تنفيذ الحكم بالدين الصادر أمر المنع من السفر لاقتضائه دون أن يتقدم الدائن المحكوم له إلى قاضي التنفيذ بطلب الاستمرار في مباشرة إجراءات تنفيذ ذلك الحكم.

جميع الحقوق محفوظة لصادر ناشرون©

7– إذا ورد طلب من الجهات المختصة بما يفيد أن إقامة الممنوع من السفر في الدولة أصبحت غير قانونية ويتعين إبعاده منها ولم يثبت وجود أموال له في الدولة يمكن التنفيذ عليها.

## المادة 326– منع الأجانب من السفر *

لا تسري أحكام المادتين (324) و(325) من هذا القانون على الأجانب الذين صدرت قبلهم قرارات بتسليمهم إلى دولة أجنبية وفقاً لأحكام القانون الاتحادي بشأن التعاون القضائي الدولي في المسائل الجنائية.

### الفصل الثالث

### إجراءات احتياطية أخرى

## المادة 327– إجراءات احتياطية أخرى *

إذا امتنع المدين الممنوع من السفر عن تسليم جواز سفره دون مبرر أو تبين للقاضي أنه تصرف في أمواله أو هربها أو أنه يعد العدة للفرار خارج الدولة بالرغم من التدابير المتخذة لمنعه من السفر، فللقاضي أن يقرر إحضاره وإلزامه بتقديم كفالة دفع أو كفالة حضور أو بإيداع المبلغ المدعى عليه به خزانة المحكمة، فإذا لم يمتثل للأمر فللقاضي أن يقرر التحفظ عليه مؤقتاً لحين تنفيذ الأمر، ويكون هذا القرار قابلاً للاستئناف خلال (7) سبعة أيام من تاريخ صدوره.

### الباب السادس

### استخدام تقنية الاتصال عن بعد في الإجراءات المدنية

## المادة 328– استخدام تقنية الاتصال *

يُقصد باستخدام تقنية الاتصال عن بُعد في الإجراءات المدنية استخدام وسائل التواصل المرئي والمسموع بين طرفين أو أكثر لتحقيق الحضور عن بعد وتبادل المستندات والتي تشمل قيد الدعوى وإجراءات الإعلان والمحاكمة والتنفيذ التي تتم عبر استخدام تلك التقنية.

## المادة 329– تحديد المعاني *

يرجع في تحديد معاني: المستند الإلكتروني، المعلومات الإلكتروني، النظام المعلوماتي الإلكتروني، التوقيع الإلكتروني للمعنى المحدد في القانون الاتحادي بشأن المعاملات الإلكترونية وخدمات الثقة.

## المادة 330– تحقق الأحكام عند تمامها عن بعد *

تتحقق أحكام استيفاء الرسوم والقيد والإعلان وتقديم المستندات والحضور والعلانية والمرافعة واستماع الشهود والاستجواب والمداولة وإصدار الأحكام وتقديم الطعون والتنفيذ بكافة إجراءاته المنصوص عليها في هذا القانون، إذا تمت كلياً أو جزئياً من خلال تقنية الاتصال عن بعد.

## المادة 331– صلاحية رئيس المحكمة أو رئيس الدائرة أو القاضي المختصّ أو من يتم تفويضه باتخاذ الإجراءات عن بعد *

لرئيس المحكمة أو رئيس الدائرة أو القاضي المختصّ أو من يتم تفويضه من أي منهم، اتخاذ الإجراءات عن بُعد متى ارتأى القيام بذلك في مرحلة من مراحل الدعوى المدنية، بما يحقق سهولة إجراءات التقاضي.

## المادة 332– الإجراءات عن بُعد خارج الاختصاص الولائي للمحاكم *

يجوز اتخاذ الإجراءات عن بُعد خارج الاختصاص الولائي لمحاكم أي إمارة تنظر إجراءات مدنية عن بُعد، ويكون التنسيق –عند الاقتضاء– مع الجهة المختصّة في الإمارة التي يتواجد فيها من يراد اتخاذ الإجراء بشأنه، أو توجد فيها أي مستندات يراد تقديمها في الدعوى.

## المادة 333– طلب الحضور الشخصي *

جميع الحقوق محفوظة لصادر ناشرون©

في المحاكمات التي تجرى عن بُعد، يجوز في كل دور من أدوار المحاكمة لأي من أطراف الدعوى، أن يطلب من المحكمة إجراء المحاكمة بالحضور الشخصي، وعلى المحكمة بعد إعلان باقي الأطراف البتّ في هذا الطلب.

## المادة 334 – تسجيل وتحفظ سجلات التقاضي عن بعد *

1 – تسجل وتحفظ سجلات التقاضي عن بعد إلكترونياً قبل تفريغها، ويكون لها صفة السرية، ولا يجوز تداولها أو الاطلاع عليها أو نسخها أو حذفها من النظام المعلوماتي الإلكتروني إلا بإذن من المحكمة المختصة حسب الأحوال.

2 – يجوز للمحكمة الاستغناء عن التسجيل إذا دونت إجراءات التقاضي عن بعد مباشرةً أثناء الجلسة في ملف الدعوى الإلكتروني واعتمدت من رئيسها.

## المادة 335 – القوانين التي تخضع لها تقنية الاتصال عن بعد المنصوص عليها *

تخضع تقنية الاتصال عن بعد المنصوص عليها في هذا القانون للوائح وسياسات أمن المعلومات المعتمدة في الدولة.

## المادة 336 – تفريغ إجراءات التقاضي عن بعد *

1 – للجهة المختصة تفريغ إجراءات التقاضي عن بعد في محاضر أو مستندات ورقية أو إلكترونية تعتمدها، دون الحاجة للتوقيع من أصحاب العلاقة.

2 – للمحكمة أن تكتفي بمحاضر إجراءات التقاضي عن بعد إذا تم تدوينها مباشرةً أثناء الجلسة في ملف الدعوى الإلكتروني واعتمدت من رئيسها.

## المادة 337 – استخدام تقنية الاتصال مع الدول الأجنبية *

يجوز استخدام تقنية الاتصال عن بُعد لطلب أو تنفيذ الإنابات والمساعدات القضائية مع الدول الأجنبية، وفقاً لأحكام الاتفاقيات والمعاهدات التي تصادق عليها الدولة.

## المادة 338 – التوقيع الإلكتروني *

يكون للتوقيع الإلكتروني وللمستندات الإلكترونية ذات الحجية المقرّرة للتوقيع أو للمحرّرات الورقية الرسمية والعرفية المنصوص عليها في القانون الاتحادي بشأن الإثبات في المعاملات المدنية والتجارية المشار إليه، متى استوفت الشروط والأحكام المنصوص عليها في القانون الاتحادي بشأن المعاملات الإلكترونية وخدمات الثقة.

© جميع الحقوق محفوظة لصادر ناشرون

# MAS-3

<u>TRANSLATION</u>

**Government of Dubai**                                      **Dubai Courts**

Barcode- SN2025/0000173317                                [QR Code]

**Notice**

**Details of the transaction parties**

| Notifying Party Details | | | |
|---|---|---|---|
| **Name** | **License Type** | **License No.** | **Legal capacity** |
| BYJU's Alpha, Inc | **Others** | **-** | **1. company/ corporation/ entity** |

| Notifying Party's Representative Details | | | | | |
|---|---|---|---|---|---|
| **Name** | **Nationality** | **Document Type** | **Document no.** | **Relationship** | **Delegation document** |
| **Omar Abdul Aziz Abdullah Aziz Al Omar** | **UAE** | **ID** | **784197638718680** | **attorney** | **Under power of attorney attested by the Ministry of Foreign Affairs no. 19369645** |

| Notified Party Details | | | |
|---|---|---|---|
| **Name** | **Nationality** | **Document Type** | **Document no.** |
| **Byju Raveendran Ravindran Kunnaruvath** | **India** | **ID** | **784197809716851** |

| Notified Party Details | | | |
|---|---|---|---|
| **Name** | **Nationality** | **Document** | **Document no.** |

| This transaction is made electronically and does not require any additional seal or signature | Application No.: 2025/173317 | Document No.: 1/2025/841197 |
|---|---|---|

| | | Type | |
|---|---|---|---|
| **Divya Gokulnath Gokulnath** | **India** | **ID** | **784198696124803** |

**Subject of Notice:**  Notarial Notice

**Notice Recitals:** Notifying Party: BYJU'S ALPHA, INC

Chosen address: Office of its legal attorney, Al Omar and AlSabah Advocates, resided at UAE - Emirate of Dubai - Bur Dubai - Business Bay - Burj Khalifa St - Prime Tower - 12th floor - Office No. 1207 - Tel: 043808839 – Makani No. 2636589460.

Email: arb.case@oghlegal.com

Represented By Advocate/ Mohamed Humaid AlSabah pursuant to power of attorney attested by the Ministry of Foreign Affairs (Attestation No. 19369645 Represented By Advocate: Omar Abdul Aziz Abdullah Aziz Al Omar pursuant to power of attorney attested by the Ministry of Foreign Affairs (Attestation No. 19369645)

Notified Parties:

1. BYJU RAVEENDRAN **Ravindran** KUNNARUVATH

Nationality: Indian, EID No: 784197809716851

Address: ███████████████████████████, Dubai, UAE - Email: ███████████@gmail.com

2. DIVYA GOKULNATH GOKULNATH

Nationality: Indian, EID No: 784198696124803,

Address: ███████████████████████████, Dubai, UAE - Email: ███████████@gmail.com

Subject: Service of documents with respect to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) registered against the Notified Parties, brought by the Notifying Party and considered before a court in the United States of America

**Claim:** By virtue of this Notice, we put you on notice and attach hereto (for acknowledgment of receipt of these documents by you) the following documents relating to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) and the Complaint registered against the Notified Parties, brought by the Notifying Party and considered before The United States Bankruptcy Court For The District Of Delaware), namely:

| This transaction is made electronically and does not require any additional seal or signature | Application No.: 2025/173317 | Document No.: 1/2025/841197 |
|---|---|---|

1. Summons in the Bankruptcy Case brought before The United States Bankruptcy Court For The District Of Delaware with respect to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS), brought against you by the Notifying Party in the judicial proceedings brought against you before the abovementioned Court

2. A Complaint filed in Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) before The United States Bankruptcy Court For The District Of Delaware brought and filed against you by the Notifying Party in the judicial proceedings brought against you before the abovementioned Court.

Represented By Advocate/ Mohamed Humaid AlSabah, pursuant to the power of attorney attested by the Ministry of Foreign Affairs (Attestation No. 19369645)

Represented By Advocate/ Omar Abdul Aziz Abdullah Aziz Al Omar pursuant to the power of attorney attested by the Ministry of Foreign Affairs (Attestation No. 19369645)

**Service address:** ██████████████████████, Dubai, UAE - Email: ████████████@gmail.com

Address: ██████████████████████████████, Dubai, UAE - Email: ██████████@gmail.com

The Notifying Party undertakes to notify the Notified Party.

| This transaction is made electronically and does not require any additional seal or signature | Application No.: 2025/173317 | Document No.: 1/2025/841197 |
|---|---|---|

| Name of Party/ Representative | Signature | Date and Time of Signing | Date and Time of Attendance |
|---|---|---|---|
| Omar Abdul Aziz Abdullah Aziz Al Omar (Representative 1 of Notifying Party 1) | [QR code] | 05-05-2025 11:25:32 | |

| This transaction is made electronically and does not require any additional seal or signature | Application No.: 2025/173317 | Document No.: 1/2025/841197 |
|---|---|---|

| Private Notary Public  (Al Barsha Private Notary Public Services) | | | |
|---|---|---|---|
| Government of Dubai | | Dubai Courts | |
| **Date of issue: 05-05-2025** | **Document no.: 841997/1/2025** | **Receipt no.: 2025/275870** | **Application no.: 2025/173317** |
| The signature was authenticated using digital transaction techniques. | | Private Notary Public Abdulrahman Mohammed Abdulrahmsn Al Sharhan<br><br>Barcode SN2025/173317/N3205704 | |
| www.dc.gov.ae | | | |

To verify authenticity of the document, you can scan this QR or visit Dubai Courts' website
[QR code]

| This transaction is made electronically and does not require any additional seal or signature | Application No.: 2025/173317 | Document No.: 1/2025/841197 |
|---|---|---|



حكومة دبي
GOVERNMENT OF DUBAI

محاكم دبي
DUBAI COURTS



SN2025/0000173317



# إنذار

## بيانات أطراف المعاملة

| بيانات منذر | | | |
|---|---|---|---|
| الصفة القانونية | رقم الرخصة | نوع الرخصة | الاسم |
| ا.شركة/مؤسسة/منشأة | . | أخرى | بايجوس ألفا، إنك |

| بيانات ممثل المنذر | | | | | |
|---|---|---|---|---|---|
| وثيقة الإنابة | العلاقة | رقم الوثيقة | نوع الوثيقة | الجنسية | الاسم |
| بموجب الوكالة المصدقة من الخارجية رقم ١٩٣٦٩٦٤٥ | وكيل | ٧٨٤١٩٧٦٣٨٧١٨٦٨٠ | هوية | الإمارات | عمر عبد العزيز عبد الله عزيز آل عمر |

| بيانات المنذر اليه | | | |
|---|---|---|---|
| رقم الوثيقة | نوع الوثيقة | الجنسية | الاسم |
| ٧٨٤١٩٧٨٠٩٧١٦٨٥١ | هوية | الهند | بيجو رافيندران رافيندران كونارفوفات |

| بيانات المنذر اليه | | | |
|---|---|---|---|
| رقم الوثيقة | نوع الوثيقة | الجنسية | الاسم |
| ٧٨٤١٣٧٢٧٨٧٦٩١٣٨٧ | هوية | الهند | ديفيا جوكولنات جوكولنات |

**موضوع الإنذار** : إنذار عدلي

**حيثيات الإنذار** : المنذرة: شركة بايجوس ألفا، إنك
وعنوانها المختار: مكتب وكيلها القانوني آل عمر والصباح للمحاماة. الكائن في الإمارات - إمارة دبي - بر دبي - منطقة الخليج التجاري - شارع برج خليفة -
برايم تاور - الطابق 12 - مكتب رقم 1207 - هاتف أرضي 043808839 - رقم مكاني: 2636589460.
البريد الإلكتروني: arb.case@oghlegal.com
بوكالة المحامي/ مجد حميد الصباح بموجب الوكالة المصدقة بوزارة الخارجية (رقم التصديق 19369645)
بوكالة المحامي/ عمر عبد العزيز عبد الله عزيز آل عمر بموجب الوكالة المصدقة بوزارة الخارجية (رقم التصديق 19369645)
المنذر إليهما:

١ بيجو رافيندران رافيندران كونارفوفات
الجنسية: هندي الجنسية يحمل هوية إماراتية رقم: 784197809716851.





**GOVERNMENT OF DUBAI**

**DUBAI COURTS**

SN2025/0000173317

، دبي، الإمارات العربية المتحدة ـــــــ بريد إلكتروني: @gmail.com

2. ديفيا جوكولناث جوكولناث

الجنسية: هندية، هوية إماراتية رقم: 784198696124803،

العنوان: دبي، الإمارات العربية المتحدة - بريد إلكتروني: @gmail.com

الموضوع: تبليغ بمستندات بخصوص دعوى رقمChapter 11, Case No.24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) المسجلة ضد المنذر إليهم، والمقامة من المنذرة والمنظورة لدى محكمة بالولايات المتحدة

=======================================================================================

Notifying Party: BYJU'S ALPHA, INC

Chosen address: Office of its attorney, Al Omar and AlSabah Advocates ("OGH LEGAL"), resided at: UAE, Dubai, Bur Dubai, Business Bay, Burj Khalifa St, Prime Tower, 12 floor, office No. 1207.

Tele: 043808839 – Makani No. 2636589460

Email: arb.case@oghlegal.com

Represented By, Attorney: Omar Abdul Aziz Abdullah Aziz Al Omar, by virtue of the certified POA by the Ministry of Foreign Affairs (Certification No. 19369645).

Represented By, Attorney: Mohamed Humaid AlSabah, by virtue of the certified POA by the Ministry of Foreign Affairs (Certification No. 19369645).

Notified Parties:

1. BYJU RAVEENDRAN RAVEENDRAN KUNNARUVATH

Nationality: India, EID No: 784197809716851, Address: Dubai, UAE, Email: @gmail.com

2. DIVYA GOKULNATH GOKULNATH

Nationality: India, EID No: 784198696124803, Address: Dubai, UAE, Email: @gmail.com

Subject: Service of documents with respect to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) registered against the Notified Parties, brought by the Notifying Party and considered before The United States Bankruptcy Court For The District Of Delaware

=======================================================================================

**المطالبة** : بموجب هذا الإخطار، نذكركم ونرفق لكم مع هذا الإخطار (بما يفيد تمام استلامكم لها) المستندات الآتي ذكرها، الخاصة بالدعوى رقمChapter 11, Case No.24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) بالإضافة إلى الشكوى المسجلتين ضد المنذر إليهم، والمقامين من المنذرة والمنظورين لدى محكمة الإفلاس بالولايات المتحدة، مقاطعة ديلاوير، وهي كالتالي:

1- إعلان في دعوى الإفلاس المقامة لدى محكمة الإفلاس بالولايات المتحدة، مقاطعة ديلاوير، بخصوص الدعوى رقمChapter 11, Case No.24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS)) والمقامة ضدكم من المنذر في إجراءات التقاضي المقامة ضدكم أمام المحكمة المشار إليها أعلاه.

2- الشكوى المسجلة بالدعوى رقمChapter 11, Case No.24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) لدى محكمة الإفلاس بالولايات المتحدة، مقاطعة ديلاوير، والمقامة والموجهة من إجراءات التقاضي المقامة ضدكم أمام المحكمة المشار إليها أعلاه.

بوكالة المحامي/ مجد حميد الصباح بموجب الوكالة المصدقة بوزارة الخارجية (رقم التصديق 19369645)

بوكالة المحامي/ عمر عبد العزيز عبد الله عزيز أل عمر بموجب الوكالة المصدقة بوزارة الخارجية (رقم التصديق 19369645)

=======================================================================================

By virtue of this Notice, we put you on notice and serve you with, attach hereto the documents of Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) and Complaint Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS) registered against the Notified Parties, brought by the Notifying Party and considered before The United States Bankruptcy Court For The District Of Delaware (Acknowledgment of receipt of these documents by you) as follows:

1. Summons in the Bankruptcy Case brought before The United States Bankruptcy Court For The District Of Delaware with respect to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS), brought and filed against you by the Notifying Party in the judicial proceedings brought against you before the abovementioned Court.

2. A Complaint filed in the Bankruptcy Case brought before The United States Bankruptcy Court For The District Of Delaware with respect to Chapter 11, Case No. 24-10140 (BLS), Adv. Pro. Case No. 25-50526 (BLS), brought and filed against you by the Notifying Party in the judicial proceedings brought against you before the abovementioned Court.

Represented By, Attorney: Omar Abdul Aziz Abdullah Aziz Al Omar, by virtue of the certified POA by the Ministry of Foreign Affairs (Certification No. 19369645).

Represented By, Attorney: Mohamed Humaid AlSabah, by virtue of the certified POA by the Ministry of Foreign Affairs (Certification No. ...)







SN2025/0000173317

(19369645).

==========================================================================================

**عنوان التبلغ :** ▮▮▮▮▮ دبي، الإمارات العربية المتحدة ـــــ بريد إلكتروني:

▮▮▮▮@gmail.com

==========================================================================================

العنوان: ▮▮▮▮▮▮▮▮▮ دبي، الإمارات العربية المتحدة - بريد إلكتروني: gmail.com@▮▮▮▮▮

يتعهد المنذر بأخطار المنذر إليه





SN2025/0000173317

| اسم الطرف/النائب | التوقيع | تاريخ و وقت التوقيع | تاريخ و وقت الحضور |
|---|---|---|---|
| عمر عبد العزيز عبد الله عزيز أل عمر (نائب رقم 1 للمنذر رقم 1) | | 11:25:32 05-05-2025 | |

تم إنجاز هذه المعاملة الكترونياً و لا تحتاج أي ختم أو توقيع إضافي | رقم الطلب: 2025/173317 | صفحة 4 من 5 | رقم المحرر:1/2025/841997





SN2025/0000173317


حكومة دبي
GOVERNMENT OF DUBAI

الكاتب العدل الخاص (البرشاء لخدمات الكاتب العدل الخاص)


محاكم دبي
DUBAI COURTS

| تاريخ الإصدار: ٢٠٢٥-٠٥-٠٥ | رقم المحرر: ٨٤١٩٩٧/١/٢٠٢٥ | رقم الإيصال: ٢٧٥٨٧٠/٢٠٢٥ | رقم الطلب: ١٧٣٣١٧/٢٠٢٥ |
|---|---|---|---|

تمت المصادقة على التوقيع باستخدام تقنيات التعاملات الرقمية.

الكاتب العدل الخاص
عبدالرحمن مجد عبدالرحمن الشرهان


SN2025/173317/N3205704

www.dc.gov.ae

للتأكد من صحة المحرر يمكنك مسح هذا QR أو استخدام موقع محاكم دبي



# MAS-4

TRANSLATION

aramex

Bar code

*52058759443*

Date of Receipt: 05/05/2025

Dubai Courts- Aramex Main Branch

MAIN COURT - ARAMEX

Statement of the process server (Aramex)

Notifying Party: BYJU's Alpha, Inc.

Email: Mohamed.alsabah@oghlegal.com

Document No.: 2025/1/841997

Notified Party: Byju Raveendran Ravindran Kunnaruvath

Address: Emirate of Dubai, ██████████████████

On the day of Tuesday corresponding to 6/5/2025 at 9:29 AM/PM

I, Ammar Yasser, the person instructed by Dubai Courts to serve notice, went to the address of the party to be notified stated above and there upon asking Srinivas Kata, in his capacity as the villa's security guard, he stated that he did not know the person to be notified and there was no contact number, therefore the notice could not be served.

| | |
|---|---|
| Name of the recipient: _____ | Signature of the process server: [signed] |
| Capacity: _____ | Seal of the process server [sealed] |
| ID No.: _____ | |
| Signature: _____ | |

| | |
|---|---|
| Task No. | Audit Seal |
| 208400 | [sealed] |





**تاريخ الاستلام :** 05/05/2025

محاكم دبي - ارامكس الفرع الرئيسي

MAIN COURT -- ARAMEX

**إفادة المكلف بالاعلان ( ارامكس )**

الــمنذر : بايجوس ألفا، إنك

البريد الالكتروني : mohamed.alsabah@oghlegal.com

**رقـم المحرر : 841997 /2025/1**

**المنذر إليه : بيجو رافيندران رافيندران كوناروفات**

**العنوان :** ▮▮▮▮▮▮▮▮▮▮▮▮▮

انه في يوم ـــالثلاثاء الموافق ٦/-٥/- 2025 في الساعة ٩:٢٩ صباحا / مساءا

انتقلت أنــا ـــعمار ياسرــــ المكلف بالاعلان من قبل محاكم دبي الى عنوان المطلوب أعلاه الموضح أعلاه وهناك وبسؤال سريتيفاس كانا بصفتة حارس امن الفيلا اذاد بعدم معرفتة للمطلوب اعلانة ولايوجد رقم للتواصل لذلك تعذر الاعلاص .

**اسم المستلم :** _____     **توقيع المكلف بالاعلان :** _____

**الصفة :** _____     **ختم المكلف بالاعلان**

**هوية رقم :** _____

**التوقيع :** _____     عمار ياسر

**ختم التدقيق**

**رقـم الـمــهــمــة**

208400

تم التدقيق
ارامكس

سوسن صدقي محمد اللطيفة
عربي - انجليزي - عربي
Sawsan Sudqi Md. Al Lataifeh
Arabic-English-Arabic
Reg.No.24  ٢٤ رقم القيد
Sawsan Latyfeh Legal Translation & Trademark

TRANSLATION

aramex

Bar code

*52058759432*

Date of Receipt: 05/05/2025

Dubai Courts- Aramex Main Branch

MAIN COURT - ARAMEX

Statement of the process server (Aramex)

Notifying Party: BYJU's Alpha, Inc.

Email: Mohamed.alsabah@oghlegal.com

Document No.: 2025/1/841997

Notified Party: Divya Gokulnath Gokulnath

Address: Emirate of Dubai, █████████████████████

On the day of Tuesday corresponding to 6/5/2025 at 9:29 AM/PM

I, Ammar Yasser, the person instructed by Dubai Courts to serve notice, went to the address of the party to be notified stated above and there upon asking Srinivas Kata, in his capacity as the villa's security guard, he stated that he did not know the person to be notified and there was no contact number, therefore the notice could not be served.

Name of the recipient: _____          Signature of the process server: [signed]

Capacity: _____                        Seal of the process server [sealed]

ID No.: _____

Signature: _____


Task No.                                     Audit Seal

                                             [sealed]



**تاريخ الاستلام : 05/05/2025**

**محاكم دبي – ارامكس الفرع الرئيسي**

**MAIN COURT -- ARAMEX**

**إفادة المكلف بالاعلان ( ارامكس )**

**الـمنذر :** بايجوس ألفا، إنك

**البريد الالكتروني :** mohamed.alsabah@oghlegal.com

**رقـم المحرر : 841997 /2025/1**

**المنذر إليه : ديفيا جوكولنات جوكولنات**

**العنوان :** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

انه في يوم _____الثلاثاء_____ الموافق ـ6ـ/ـ5ـ/ 2025 في الساعة ___9:29___ صباحا / مساءا

انتقلت أنـا ___عمار ياسر___ المكلف بالاعلان من قبل محاكم دبي الى عنوان
المطلوب اعلانه الموضح أعلاه وهناك وبسؤال سرتيفيكس كاتا
بصفته حارس أمن النزار افاد بعدم معرفته للمطلوب اعلانه
ولا يوجد رقم التواصل لذلك تعذر الاعلان.

| | |
|---|---|
| **توقيع المكلف بالاعلان :** _____ | **اسم المستلم :** _____ |
| **ختم المكلف بالاعلان** | **الصفة :** _____ |
| | **هوية رقم :** _____ |
| عمار ياسر | **التوقيع :** _____ |
| **ختم التدقيق** | **رقـم الـمـهـمـة** |

MAS-5

 

الهيئة الاتحادية للهوية والجنسية والجمارك وأمن المنافذ
FEDERAL AUTHORITY FOR IDENTITY, CITIZENSHIP, CUSTOMS & PORT SECURITY
الإدارة العامة للهوية وشؤون الأجانب - دبي
GENERAL DIRECTORATE FOR IDENTITY AND FOREIGNERS AFFAIRS - DUBAI

United Arab Emirates

<table>
<tr><td>تاريخ اصدار الشهادة/Report Issue Date</td></tr>
<tr><td>13/05/2025 7.07 AM</td></tr>
<tr><td>اسم المستخدم / User Name</td></tr>
<tr><td></td></tr>
<tr><td>رقم الهوية / EIDA No</td></tr>
<tr><td></td></tr>
</table>



شهادة الدخول أو الخروج من الدولة (تفاصيل آخر حركة سفر)
**Certificate for Entry or Exit (Last Travel)**

BYJU RAVEENDRAN    /    بيجو رافيندران رافيندران كونارولفات

## Residence Details / تفاصيل الاقامة

| | | |
|---|---|---|
| Residence File | رقم ملف الاقامة | |
| Issue Date : 13/10/2021 | تاريخ الاصدار | Expiry Date 12/10/2031 تاريخ انتهاء الصلاحية |
| Visa Type : EMPLOYMENT/عمل/اهـ | نوع أذن الدخول | First Issue 13/10/2021 تاريخ الاصدار الاول |
| EIDA No | رقم الهوية | Violation Amount 0.0 قيمة المخالفة |
| Status : ISSUED | الوضعية | إصدار 13/10/2021 الوضعية |
| Status Reason | سبب الوضعية | Overstay Days 0 عدد أيام المخالفة |

## Personal Details / البيانات الشخصية

| | | |
|---|---|---|
| Name : BYJU RAVEENDRAN RAVINDRAN | الإسم | بيجو رافيندران رافيندران كونارولفات |
| Gender : Male / ذكر | الجنس | Accompanies 0 المرافقون |
| Nationality : INDIA / الهند | الجنسية | Prv Nat INDIA / الهند الجنسية السابقة |
| Marital Status : MARRIED / متزوج | الحالة الإجتماعية | Birth Country INDIA / الهند بلد الميلاد |
| Date of Birth : 30/05/1978 | تاريخ الميلاد | Place of Birth AZHIKODE KERALA / مكان الميلاد |
| Passport No | رقم جواز السفر | Passport Type Normal / عادي نوع جواز السفر |
| Issue Date : 28/08/2019 | تاريخ الإصدار | Expiry Date 27/08/2029 تاريخ الانتهاء |
| Profession : EXECUTIVE MANAGER | المهنة | Religion HINDHU / هندوسي الديانة |

## Address Details / تفاصيل العنوان

| | | |
|---|---|---|
| Emirates : DUBAI / دبي | الإمارة | City DUBAI / دبي مدينة |
| Area : Abu Hail / ابو هيل | منطقة | P.O.Box 1 صندوق البريد |
| Telephone : 0562636320 | هاتف | Office No رقم المكتب |

## Sponsor Details / بيانات الكفيل

| | |
|---|---|
| Sponsor No | Sponsor File |
| Name | الإسم |

## Entry - Exit Details / تفاصيل الدخول-الخروج

| حركة السفر / Travel | التاريخ/Date | الوجهة/Destination | المنفذ/Port | المرافقون/Acc |
|---|---|---|---|---|
| حركة دخول / ENTRY | 09/05/2025 05:16 | غير محدد / Unknown | مطار دبي الدولي / DUBAI AIRPORT | 0 |



براعة الاداء وتبسيط الاجراء
غير مستوفية الرسوم

* تعتبر هذه البيانات مطابقة لأنظمة الاقامة عند صدورها.
* كل كشط أو تغيير في هذه الشهادة يلغيها.

202505130021

Pages1of 1



الهيئــة الاتحاديــة للهويــة والجنسيــة والجمــارك وأمــن المنافــذ
**FEDERAL AUTHORITY FOR IDENTITY, CITIZENSHIP, CUSTOMS & PORT SECURITY**
الإدارة العامــة للهويــة وشـــؤون الأجـــانــب - دبـــي
**GENERAL DIRECTORATE FOR IDENTITY AND FOREIGNERS AFFAIRS - DUBAI**



United Arab Emirates



شهادة الدخول أو الخروج من الدولة (تفاصيل آخر حركة سفر)
## Certificate for Entry or Exit (Last Travel)

**DIVYA GOKULNATH** / ديفيا جوكرلانت جوكرلانت

| تاريخ اصدار الشهادة/Report Issue Date |
|---|
| 13/05/2025 7.09 AM |

| اسم المستخدم / User Name |
|---|
|  |

| رقم الهوية / EIDA No |
|---|
|  |

### Residence Details / تفاصيل الاقامة

| | | | | | |
|---|---|---|---|---|---|
| Residence File | : | ▓▓▓▓ | : | رقم ملف الاقامة | |
| Issue Date | : | 01/11/2021 | Expiry Date | 31/10/2031 | تاريخ انتهاء الصلاحية / تاريخ الاصدار |
| Visa Type | : | RESIDENCE / إقامة | First Issue | 01/11/2021 | تاريخ الاصدار الاول / نوع أذن الدخول |
| EIDA No | : | ▓▓▓▓ | Violation Amount | 0.0 | قيمة المخالفة / رقم الهوية |
| Status | : | ISSUED | | إصدار | الوضعية |
| Status Reason | : | | Overstay Days | 0 | عدد أيام المخالفة / سبب الوضعية |

### Personal Details / البيانات الشخصية

| | | | | | |
|---|---|---|---|---|---|
| Name | : | DIVYA GOKULNATH GOKULNATH | | ديفيا جوكرلانت جوكرلانت | الإسم |
| Gender | : | Female / أنثى | Accompanies | 0 | المرافقون / الجنس |
| Nationality | : | INDIA / الهند | Prv Nat | INDIA / الهند | الجنسية السابقة / الجنسية |
| Marital Status | : | MARRIED / متزوج | Birth Country | INDIA / الهند | بلد الميلاد / الحالة الإجتماعية |
| Date of Birth | : | 21/04/1986 | Place of Birth | CHENNAI TAMIL NADU / | مكان الميلاد / تاريخ الميلاد |
| Passport No | : | ▓▓▓▓ | Passport Type | Normal / عادي | نوع جواز السفر / رقم جواز السفر |
| Issue Date | : | 17/10/2024 | Expiry Date | 16/10/2034 | تاريخ الانتهاء / تاريخ الإصدار |
| Profession | : | HOUSE WIFE | Religion | HINDHU / هندوسي | الديانة / المهنة |

### Address Details / تفاصيل العنوان

| | | | | | |
|---|---|---|---|---|---|
| Emirates | : | DUBAI / دبي | City | DUBAI / دبي | مدينة / الإمارة |
| Area | : | ▓▓▓▓ | P.O.Box | ▓ | صندوق البريد / منطقة |
| Telephone | : | 0562636320 | Office No | | رقم المكتب / هاتف |

### Sponsor Details / بيانات الكفيل

| | | | |
|---|---|---|---|
| Sponsor No | : | ▓▓▓▓ | Sponsor File |
| Name | : | ▓▓▓▓ | الإسم |

### Entry - Exit Details / تفاصيل الدخول-الخروج

| حركة السفر / Travel | التاريخ/Date | الوجهة/Destination | المنفذ/Port | المرافقون/Acc |
|---|---|---|---|---|
| حركة دخول / ENTRY | 09/05/2025 05:17 | Peijing Cap., China / بيجين كاب، الصين | DUBAI AIRPORT / مطار دبي الدولي | 0 |

براعة الاداء وتبسيط الاجراء
غير مستوفية الرسوم



\* تعتبر هذه البيانات مطابقة لأنظمة الاقامة عند صدورها.
\* كل كشط أو تغيير في هذه الشهادة يلغيها.

# MAS-6

TRANSLATION

aramex

Bar code

*52058758953*

Date of Receipt: 13/05/2025

Dubai Courts- Aramex Main Branch

MAIN COURT - ARAMEX

Statement of the process server (Aramex)

Notifying Party: BYJU's Alpha, Inc.

Email: Mohamed.alsabah@oghlegal.com

Document No.: 2025/1/801869

Notified Party: Byju Raveendran **Ravindran** Kunnaruvath

Address: SMS 0562636320 [handwriting: working]

On the day of Wednesday corresponding to 13/5/2025 at 1:31 AM PM

I, _____, the person instructed by Dubai Courts to serve notice, went to the address of the party to be notified stated above and there _____

An SMS was sent with attachments and upon calling, it was found that the number was working.

[seal: The notice was sent by SMS successfully. Result of sending attached]

Name of the recipient: _____          Signature of the process server: [signed]

Capacity: _____          Seal of the process server [sealed]

ID No.: _____

Signature: _____

Task No.          Audit Seal

          [sealed]



Shipper: Main Court

Consignee: Byju Raveendran

Notice was served via SMS

Mr. Byju Raveendran Raveendran, you have a notarial notice issued by the Notary Public in Dubai Courts under document no. 1/2025/801869. Please click on the link for review:

https://acrobat.adobe.com/id/urn:aaid:sc:ap:b955f52f-92a9-4044-82c4-269c356d3841

The notice was sent to the Technical Department in Sharjah for execution.

The notice was put in the office.



**تاريخ الاستلام : 13/05/2025**

محاكم دبي - ارامكس الفرع الرئيسي

MAIN COURT -- ARAMEX



إفادة المكلف بالاعلان ( ارامكس )

الـمنذر : بايجوس ألفا، إنك

البريد الالكتروني : mohamed.alsabah@oghlegal.com

رقـم المحرر : 801869 /2025/1

المنذر إليه : بيجو رافيندران رافيندران كوناروفات

العنوان : رسالة نصية 0562636320 يجى

انه في يوم ..الريكاء.. الموافق ٢٠ /ـ٥ـ/ 2025 في الساعة ....١٦:١١.... صباحا /(مساءا)

انتقلت أنـا _____ المكلف بالأعلان من قبل محاكم دبي الى عنوان

المطلوب أعلانه الموضح أعلاه وهناك _____

| | |
|---|---|
| تم ارسال الاعلان عن طريق | تم ارسال رسالة نص عبر الواتساب |
| رسالة | ... |
| مرفق نتيجة | .. |
| الارسال . | ... |

اسم المستلم : _____

الصفة : _____

هوية رقم : _____

التوقيع : _____

توقيع المكلف بالاعلان :

ختم المكلف بالاعلان

احمد عثمان

ختم التدقيق

الامكس

قسم الاعلان

رقـم الـمـهـمـة





User: Ahmed Yousif, from: Aramex - DXB
Access Time: 15:33, Last Logon: 05/14/25 10:22
Access level: 4, Access code: DXB,AUHS
Change User

| Edit | Update | Contact | Notify On Delivery | Additional Properties | Notification Logs |
|---|---|---|---|---|---|

Close

| Customer View | Customer Charges | View Items | View Dimensions | Export Details |
|---|---|---|---|---|

| Export History | Hold Shipment |
|---|---|

Aramex HAWB Copy ▾   Print

Shipper ▾   Create Case

**Origin** DXB  **Loc.** DXB  **HAWB** 52058758953  **Dest.** DXB  **Loc.** DXB  **Grp** DOM  **Type** SPD  Transit Time Details

| **Shipper** | المحكمة الرئيسية | **Consignee** | بيجو رافيندران |
|---|---|---|---|
| Number | 836 | Number | |
| Sent By | DUBAI COURTS ONE WAY | Attention | 841997 |
| Reference | | Reference | |
| Reference2 | | Reference2 | |
| Address | Dubai | Address | UAE |
| City | Dubai | City | Dubai |
| State | Dubai Zip | State | Dubai Zip |
| Country | United Arab Emirates | Country | United Arab Emirates |
| Telephone | 97143574039 | Telephone | 971527999809 |
| Telephone2 | | Telephone2 | 971562636320   971562636320 |
| Mobile | | Mobile | |
| Email | bashar.balout@aramex.com | Email | |
| Team | 600366 | | |

| Payment Type | Prepaid | Weight | 0.5 KG |
|---|---|---|---|
| Payment Option | | Chg. Wgt | 0.5 KG |
| Pieces | 1 | Cube | 0 m3 |
| Pickup Date | 5/13/2025 10:55:00 AM | Cod Val. | 0 |
| Due Date | 12/10/2013 | Goods Value | 0 AED |
| Pickup Location | Delivered In | Shield Value | 0 |
| Pickup By | | Collect Amount | 0 |
| Alerted Date | 5/13/2025 10:55:00 AM | Cash/Add. Amt | 80.95 AED |
| Alerted By | RafatA | Add-on Services | |
| Foreign HAWB | | Goods Desc. | Document |
| Collection Reference | | Goods Origin | United Arab Emirates |
| SRN No. | | Record Status | Full |
| Remarks | | Source | Excel |
| | | Scheme | Aramex Scheme3 (22) |

Attach   View

**AWB History**

| Entity | Status | Cond | Prob Code | Pcs | Comment 1 | Comment 2 | User ID | Source | Action Dt | Entry Dt | Map |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DXB-DXB Main Distribution Center | SHDL | DLVD | | 1 | تم الاعلان عبر الرسالة القصيه | | AhmedYousi | InfoAXS | 05/14/25 1431 | 05/14/25 1232 | |
| DXB | SHCR | FULL | | 1 | | | System | InfoAXS | 05/14/25 1430 | 05/14/25 1231 | |
| DXB | COMM | BSMS | | 1 | SMS - 971562636320 | السيد / بيجو رافيندران رافيندران ، قديك انذار عدلي صادر من كتب الحل بمحاكم دبي بالمرور رقم 801869 /1/2025 و يرجى الضغط على الرابط للاطلاع https://acrobat.adobe.com/id/urn:aaid:sc:ap:b955f52f -92a9-4044-82c4-269c356d3841 | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1229 | |
| DXB-DXB Main Distribution Center | SHOD | COMP | | 1 | | Fadi Almasri (25450) | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1230 | |
| DXB-DXB Main Distribution Center | SHRS | RSCR | | 1 | | Reference: DXB-3656416|| RouteCode: DXB-3360|| RouteName: DXB-Court-Zone 1|| CourierName: Fadi Almasri || CourierID: (25450) | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1230 | |
| DXB-11213-dummy | SHTU | GENL | | 1 | تم ارسال الاعلان للقسم الثاني بالشرطة للتنفيذ | | HamidMo | InfoAXS | 05/14/25 0730 | 05/14/25 0532 | |
| DXB-DXB Main Distribution Center | SHTU | GENL | | 1 | تم وضع الاعلان في المكتب | | RafatA | InfoAXS | 05/13/25 1256 | 05/13/25 1056 | |
| DXB | SHCR | DUMY | | 1 | | | RafatA | Excel | 05/13/25 1255 | 05/13/25 1055 | |
| DXB-Dubai office | SHRC | AUTO | | 1 | DXB-3398 | Historical | System | InfoAXS | 05/13/25 1255 | 05/13/25 1055 | |
| DXB | SHEN | SAVE | | 1 | | | RafatA | Excel | 05/13/25 1255 | 05/13/25 1055 | |

**MAWBs**

**Hold Request(s)**



<u>TRANSLATION</u>

aramex

Bar code

*52058758942*

Date of Receipt: 13/05/2025

Dubai Courts- Aramex Main Branch

MAIN COURT - ARAMEX

Statement of the process server (Aramex)

Notifying Party: BYJU's Alpha, Inc.

Email: Mohamed.alsabah@oghlegal.com

Document No.: 2025/1/801869

Notified Party: Divya Gokulnath Gokulnath

Address: SMS 0562636320 [handwriting: working]

On the day of Wednesday corresponding to 14/5/2025 at 1:31 AM/PM

I, _____, the person instructed by Dubai Courts to serve notice, went to the address of the party to be notified stated above and there _____

An SMS was sent with attachments and upon calling, it was found that the number was working.

[seal: The notice was sent by SMS successfully. Result of sending attached]

Name of the recipient: _____          Signature of the process server: [signed]

Capacity: _____          Seal of the process server [sealed]

ID No.: _____

Signature: _____

Task No.          Audit Seal

          [sealed]



Shipper: Main Court

Consignee: Divya Gokulnath

Notice was served via SMS

Mr. Divya Gokulnath Gokulnath, you have a notarial notice issued by the Notary Public in Dubai Courts under document no. 1/2025/801869. Please click on the link for review:

https://acrobat.adobe.com/id/urn:aaid:sc:ap:9bef64ed-640b-4c9c-9e8a-57dbeac8c563

The notice was sent to the Technical Department in Sharjah for execution.

The notice was put in the office.





تاريخ الاستلام : 13/05/2025
محاكم دبي - ارامكس الفرع الرئيسي
MAIN COURT -- ARAMEX

إفادة المكلف بالاعلان ( ارامكس )

الـمـنـذر : بايجوس ألفا، إنك

البريد الالكتروني : mohamed.alsabah@oghlegal.com

رقـم المحرر : 2025/1/ 801869

المنذر إليه : ديفيا جوكولنات جوكولنات

العنوان : رسالة نصية -0562636320

انه في يوم ـالـ؟ـبـع ـالموافق ١٤٤٦/ ٥ /ـبـ/ 2025 في الساعة ـ١٥٢٥ـ صباحا / مساءا

انتقلت أنا _____ المكلف بالأعلان من قبل محاكم دبي الى عنوان
المطلوب أعلامه أعلاه الموضح أعلاه وهناك _____

تم ارسال الاعلان عن طريق ____ تم ارسال رسالة نصية م
_____ المرفقات دلالات ١٤٤٦ قبل
إنترسال . _____ ان الرقم يعمل

اسم المستلم : _____        توقيع المكلف بالاعلان :
الصفة : _____            ختم المكلف بالاعلان
                                احمد عثمان
هوية رقم : _____
التوقيع : _____          ختم التدقيق

رقـم الـمـهـمـة                    ارمكس
                                قسم الاعلان





User: Ahmed Yousif, from: Aramex - DXB
Access Time: 15:33, Last Logon: 05/14/25 10:22
Access level: 4, Access code: DXB,AUHS
Change User

| Edit | Update | Contact | Notify On Delivery | Additional Properties | Notification Logs |
|---|---|---|---|---|---|

| Close |
|---|

Aramex HAWB Copy ▼   Print

| Customer View | Customer Charges | View Items | View Dimensions | Export Details |
|---|---|---|---|---|

| Export History | Hold Shipment |
|---|---|

Shipper ▼   Create Case

**Origin** DXB  **Loc.** DXB  **HAWB** 52058758942  **Dest.** DXB  **Loc.** DXB  **Grp** DOM  **Type** SPD   Transit Time Details

| **Shipper** | المحكمة الرئيسية | | **Consignee** | دبيا جوكولاتى |
|---|---|---|---|---|
| Number | 836 | | Number | |
| Sent By | DUBAI COURTS ONE WAY | | Attention | 841997 |
| Reference | | | Reference | |
| Reference2 | | | Reference2 | |
| Address | Dubai | | Address | UAE |
| City | Dubai | | City | Dubai |
| State | Dubai Zip | | State | Dubai Zip |
| Country | United Arab Emirates | | Country | United Arab Emirates |
| Telephone | 97143574039 | | Telephone | 971527999809 |
| Telephone2 | | | Telephone2 | 971562636320   971562636320 |
| Mobile | | | Mobile | |
| Email | bashar.balout@aramex.com | | Email | |
| Team | 600366 | | | |

| Payment Type | Prepaid | | Weight | 0.5 KG |
|---|---|---|---|---|
| Payment Option | | | Chg. Wgt | 0.5 KG |
| Pieces | 1 | | Cube | 0 m3 |
| Pickup Date | 5/13/2025 10:55:00 AM | | Cod Val. | 0 |
| Due Date | 12/10/2013 | | Goods Value | 0 AED |
| Pickup Location | Delivered In | | Shield Value | 0 |
| Pickup By | | | Collect Amount | 0 |
| Alerted Date | 5/13/2025 10:55:00 AM | | Cash/Add. Amt | 80.95 AED |
| Alerted By | RafatA | | Add-on Services | |
| Foreign HAWB | | | Goods Desc. | Document |
| Collection Reference | | | Goods Origin | United Arab Emirates |
| SRN No. | | | Record Status | Full |
| Remarks | | | Source | Excel |
| | | | Scheme | Aramex Scheme3 (22) |

| Attach | View |
|---|---|

**AWB History**

| Entity | Status | Cond | Prob Code | Pcs | Comment 1 | Comment 2 | User ID | Source | Action Dt | Entry Dt | Map |
|---|---|---|---|---|---|---|---|---|---|---|---|
| DXB-DXB Main Distribution Center | SHDL | DLVD | | 1 | تم الاعلان عبر الرسالة النصية | | AhmedYousi | InfoAXS | 05/14/25 1431 | 05/14/25 1232 | |
| DXB | SHCR | FULL | | 1 | | | System | InfoAXS | 05/14/25 1430 | 05/14/25 1231 | |
| DXB-DXB Main Distribution Center | SHRS | RSCR | | 1 | | Reference: DXB-3656416|| RouteCode: DXB-3360|| RouteName: DXB-Court-Zone 1|| CourierName: Fadi Almasri || CourierID: (25450) | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1230 | |
| DXB-DXB Main Distribution Center | SHOD | COMP | | 1 | | Fadi Almasri (25450) | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1230 | |
| DXB | COMM | BSMS | | 1 | SMS - 971562636320 | البيد / دبيا جوكولاتى جوكولاتت، لديك انذار عمليا صادر من كتب الحال بمحاكم دبي بالمرور رقم 1/2025/ 801869 و يرجى الضغط على الرابط للاطلاع https://acrobat.adobe.com/id/urn:aaid:sc:ap:9baf64ed-640b-4c9c-9e8a-57dbeac8c563 | AhmedYousi | InfoAXS | 05/14/25 1429 | 05/14/25 1229 | |
| DXB-11213-dummy | SHTU | GENL | | 1 | تم ارسال الاعلان لقسم الفني بالشركة كتلقيا | | HamidMo | InfoAXS | 05/14/25 0730 | 05/14/25 0532 | |
| DXB-DXB Main Distribution Center | SHTU | GENL | | 1 | تم ارسال الاعلان في المكتب | | RafatA | InfoAXS | 05/13/25 1256 | 05/13/25 1056 | |
| DXB | SHEN | SAVE | | 1 | | | RafatA | Excel | 05/13/25 1255 | 05/13/25 1055 | |
| DXB-Dubai office | SHRC | AUTO | | 1 | DXB-3398 | Historical | System | InfoAXS | 05/13/25 1255 | 05/13/25 1055 | |
| DXB | SHCR | DUMY | | 1 | | | RafatA | Excel | 05/13/25 1255 | 05/13/25 1055 | |

**MAWBs**

**Hold Request(s)**



OS-A2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-cv-24868-JAL**

PLITEQ, INC.,
a Canadian corporation, and
PLITEQ BUILDING MATERIALS, LLC,
an Emirati corporation,

         Plaintiffs,

v.

MAGED MOSTAFA,
an individual,

         Defendant.

_____/

## DECLARATION OF SERVICE

1.      I, Omar Khodir, Senior Counsel with the law firm Al Tamimi & Company ("ATCO") in Dubai, United Arab Emirates ("UAE") confirm that I am over 18 years of age and of sound mind. I make this declaration on behalf of ATCO, based upon my personal knowledge.

2.      ATCO represents Pliteq Building Materials, LLC ("PBM") in legal proceedings in the UAE against Defendant Maged Mostafa ("Mostafa"). These proceedings, which are currently pending in Dubai, arise from Mostafa's former employment with PBM and other incidental facts.

3.      In UAE, it is possible to serve legal notices to counterparties through the Notary Public at Dubai Courts. An officer from a third-party company assigned by Dubai Courts (commonly referred to as a bailiff) conducts the service process. The bailiff can serve the counterparty in person at his home address, or via a text message on his registered mobile phone

number and/or by email. Service through the above methods (i.e. in person at a home address, via email or text message) are all valid and recognized methods under UAE law.

We set out below some of the relevant articles in UAE addressing the functions of the Notary Public and service procedures in UAE.

Article 20 of the UAE Law No. 4 of 2013 concerning the Notary Public in the Emirate of Dubai, as amended by Law No. (26) of 2021, sets out the functions of the Notary including executing documents. An English translation of the same reads as follows:

*"Functions of the Notary*

*Article (20)*
*The Notary shall assume the following functions:*

> a. *Execute the documents and contracts of all types as required by the Law or requested by the Persons Concerned;*
> b. *Notarize the signatures of the Persons Concerned on documents and contracts of all types at their request;*
> c. *Establish the date of documents and contracts of all types by giving them serial numbers in the records designated for such purpose, establish the date of their submission and signature by the Notary and affixing the official seal on them;*
> d. *Execute and notarize affidavits after administering the oath to the Persons Concerned and record the same in the records designated for such purpose;*
> e. *Attest the validity of signatures adopted in non-Muslim marriage contracts and documents issued by houses of worship and religious authorities licensed in the Emirate;*
> f. *Affix the writ of execution on the Instrument executed or notarized by him, pursuant to the provisions of Article (34) hereunder;*
> g. *Notarize non-Muslim wells; and*
> h. *Any other functions entrusted to him under the legislation in force in the Emirate, or assigned by the director of the Courts or the Chief Justice.*

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

> a.    The Public Notary's functions, set forth in Paragraph (a) above, that the Private Notary and the civil servants registered in the Roster may perform shall be identified by a resolution to be issued by the director of the Courts.
> b.    The director of the Courts may designate one or more services of the Public Notary's services to be provided by the E-Notary."

Paragraph (c) of Article 23 of the above Law further notes that the Notary shall manage the documents in line with the procedures and rules approved by the Courts. An English translation of the same states as follows:

> **"Article 23 Registers and Files of the Notary Public**
> a-  Registers and papers and electronic files shall be allocated to the notary public, which shall be defined, along with the method of registration therein, by a decision of the Director of the Courts.
> b-  The Records and files referred to in Paragraph (A) of this Article shall have a probative effect as evidence on the information, data, and documents registered and maintained therein.
> c-  The notary public shall manage such documents and files in conformity with the rules and procedures approved by the courts in this respect. He shall comply, in particular, by the following:
>> 1.  To keep the registers approved by the courts and record therein all the transactions he performs.
>> 2.  Keep in the files, within entries numbered by dates, the originals of the documents he notarizes or authenticates or verify its date, after he records the same in the registers maintained for this purpose.
>> 3.  Keep all the attached documents.
>> 4.  Issue and print the certificates and true copies of the documents maintained by him based on the request of the concerned person from his registers and files."

Furthermore, an English translation of Articles 6 and 9 of UAE's Federal Decree-Law No. (42) of 2022 Promulgating the Civil Procedure Code reads as follows:

> *"Article 6*

3

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*1. The service of notice shall be conducted upon the request of the litigant, or based on an order of the competent court or a decision of the Case Management Office, either by the process server or by the means prescribed by this Code.*

*2. The competent court, the Case Management Office or the supervising judge, as the case may be, may authorize the Plaintiff or its Lawyer to serve the notice by the means described in Article [9.1] of this Code.*

*3. The service of notice may be conducted by one or more private companies or firms according to the provisions of this Code, and the Chairman of the Federal Judicial Council or the Head of the Local judicial body, as the case may be, shall issue the rules regulating the service of notice by private companies and firms according to the provisions of this Code. Anybody tasked with serving the process in this regard shall be deemed a notice server.*

*4. In all cases, the service of notice may be conducted throughout the State without compliance with the rules of territorial jurisdiction."*

*"Article 9*

*1. The Defendant shall be served by any of the following means:*

*A.      Audio or video recorded call, SMS to mobile phone, smart applications, email, fax, other modern means of communication or by any other means to be agreed upon by the parties from among the means of service described herein;*

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

B.      By hand delivery to the Defendant at his / her place of residence or domicile, or to his / her attorney. If the process fails to be served due to any reason on the part of the Defendant, or if the latter refuses to receive the process, the same shall be construed as personal service upon the intended person. If the process server fails to find the Defendant at his / her place of residence or domicile, the process shall be served upon any person cohabitating with the intended person; i.e. his / her spouse, relative by blood or marriage or servant. If none of the above-mentioned persons is willing to receive the notice, or where there is no person upon whom the notice can be legally served, or the place of residence is closed, the process server shall either directly post the process visibly on the outer door of the intended recipient's place of residence, or post the same on the court's website;

C.      At the elected domicile of the Defendant; or

D.      At the place of work of the Defendant. If the Defendant is not available at his / her place of work, the process shall be delivered to his boss, any person in charge of the management of the Defendant, or his / her colleague, with the exception of the service of process relating to personal status proceedings, which shall be served upon the Defendant in person at his / her place of work.

2. The process server shall verify the identity of the person served, by ensuring that his appearance indicates that he is at least eighteen [18] years of age, and that neither he nor his representative has an apparent interest that conflicts with that of the Defendant. If the process is served by the means of communications described in [1.A] of this Article, the process server shall ensure that the means of communication used is personally relating to the Defendant. If the notice is served by audio or video recorded calls, the process server shall draw up a report

COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

*setting out the content, time and date of the call and the details of the call recipient. Such a*

*report shall have the probative force as evidence and shall be enclosed with the case file.*

*3. If the Defendant cannot be served as indicated in Clause [1] of this Article, the matter shall be*

*referred to the Case Management Office, the competent judge or the chief justice of the court, as*

*the case may be, in order to gather information from at least one relevant entity and then serve*

*the notice upon the intended person either by posting on the court's website or by publication in*

*both a widely-circulated electronic or paper daily newspaper that is published in the State in*

*Arabic, and a foreign newspaper published in a foreign language, if necessary, where the*

*Defendant intended to be served is a foreigner."*

4. Based on PBM's instructions, ATCO represented PBM in registering an application before the Notary Public at Dubai Courts to effectuate service of a notarized legal notice on the Defendant, Maged Mostafa through the Notary Public at Dubai Courts ("**Legal Notice**"). The Complaint [D.E. 1] and Corrected Summons [D.E. 8] were attached to the Legal Notice. A true and correct copy of the Legal Notice and proof of service via text message is attached hereto as Exhibit 1.

5. The Notary Public accepted the application  and a bailiff assigned through Dubai Court served the Defendant with the Legal Notice and its attachments via text message at his registered mobile phone number on February 21, 2024. A true and correct copy of proof of service via text message is attached hereto as Exhibit 2.

COFFEY │ BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

6.   Separately, the bailiff attempted to serve Defendant personally, at his registered address, however was unable to do so. A true and correct copy of the bailiff's report regarding attempted personal service is attached hereto as Exhibit 3.

7.   Additionally, the bailiff served Defendant with the Legal Notice issued by the Notary Public and the attachments at his e-mail address mmostafa@tmeworldwide.com, which a proof of the address relativity to the Defendant was provided. A true and correct copy of proof of service via e-mail is attached hereto as Exhibit 4.

I declare that the above is true and correct.

Executed this 28th day of March, 2024.

By: _____

On behalf of Al Tamimi & Company:
Omar Khodir

7

# EXHIBIT 1

**Government of Dubai**                                         **Dubai Courts**

//Barcode:SN2024/0000064596//

**Notice**

**Details of Parties to the Transaction**

| Details of Notifying Party | | | |
|---|---|---|---|
| **Name** | **Type of License** | **License No.** | **Legal Capacity** |
| Pliteq Building Materials Trading LLC | Trade license | 687974 | 1. In the personal capacity and any capacity whatsoever |

| Details of Representative of Notifying Party | | | | | |
|---|---|---|---|---|---|
| **Name** | **Nationality** | **Type of Document** | **Document No.** | **Relationship** | **Document of Authorization** |
| Fatima Moosa Darwish Al Balooshi | UAE | ID | 784197632627465 | Attorney | 1/2023/817536 |

| Details of Notified Party | | | |
|---|---|---|---|
| **Name** | **Nationality** | **Type of Document** | **Document No.** |
| Maged Mostafa | Canadian | ID | 784197281519526 |

**Subject matter of Notice:** Notice served by the Notary Public

**Merits:** Subject matter: Service of documents with respect to Civil Case No. 1:23-cv-24868-JAL registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida, Miami Division) and Complaint No. Case 1:23-cv-24868-JAL registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida, Miami Division)

By virtue of this Notice, we. Al Tamimi & Co. Advocates & Legal Consultants, in our capacity as the legal attorneys of the Notifying Party/ Pliteq Building Materials Trading LLC, attach hereto the documents of Case No. 1:23-cv-24868-JAL and Complaint No. Case 1:23-cv-24868-JAL registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida) (acknowledgment of receipt of these documents by you) as follows:

1. Summons in the Civil Case brought before the Criminal Court in the USA (Southern District of Florida) with respect to the Civil Case No. 1:23-cv-24868-JAL, dated 11 January 2024, brought and filed against you by the Notifying Party/ Pliteq Building Materials Trading LLC and Pliteq Inc. (a Canadian Establishment) in the judicial proceedings brought against you before the Court mentioned above.

-------------------------------------------------------------------------------------------------------------------------

**Claim:** 2. Complaint of a temporary order and other requests with supporting documents with respect to Complaint No. Case 1:23-cv-24868-JAL before the Criminal Court in the USA (Southern District of Florida) brought and filed against you by Pliteq Building Materials Trading LLC and Pliteq Inc. (a Canadian Establishment) in the judicial proceedings brought against you before the Court mentioned above.

-------------------------------------------------------------------------------------------------------------------

**Title of Service:** Notified Party:

Mages Mostafa, a Canadian national

Holding Passport No. AJ828116 and UAE ID No. 784197281519526

Email: mag@mostafa.ca

Address: Bahar Building 6, Unit No. 803, Jumeirah Beach Towers, Dubai Marina, Dubai, UAE

Tel. No.: 0585509000

The Notifying Party hereby undertakes to serve notice to the Notified Party.

| Name of Party/Representative | Signature | Date and Time of Signature | Date and Time of Attendance |
|---|---|---|---|
| Fatima Moosa Darwish Al Balooshi (Representative No. 1 of the Notifying Party No. 1) | /QR Code/ | 12:37:03 13-02-2024 | |

| Public Notary | | | | | |
|---|---|---|---|---|---|
| **Government of Dubai** | | | | | **Dubai Courts** |
| Date     of     Issue: | | Exhibit                No.: | | Receipt          No.: | Request          No.: |
| 13.02.2024 | | 126443/1/2024 | | 91054/2024 | 64596/2024 |
| Signature was attested by using digital transactions technologies. | | | | | |

Notary Public
Salem Yaqout Salamein

/Barcode:SN2024/64596/N2106/

[www.dc.gov.ae](www.dc.gov.ae)

To verify the exhibit, you can scan this QR code or visit the website of Dubai Courts.

/QR Code/

This transaction is electronically conducted and does not need any additional seal or signature      Request No.:
64596/2024      Exhibit No.:
1/2024/126443


**GOVERNMENT OF DUBAI**


محاكــم دبــي
**DUBAI COURTS**


SN2024/0000064596



# إنذار

## بيانات أطراف المعاملة

| بيانات منذر | | | |
|---|---|---|---|
| الصفة القانونية | رقم الرخصة | نوع الرخصة | الاسم |
| ا.بالصفة الشخصية وبأي صفة كانت | ٦٨٧٩٧٤ | رخصة تجارية | بليتك لتجارة مواد البناء ش.ذ.م.م |

| بيانات ممثل المنذر | | | | |
|---|---|---|---|---|
| وثيقة الإنابة | العلاقة | رقم الوثيقة | نوع الوثيقة | الجنسية | الاسم |
| ١/٢٠٢٣/٨١٧٠٣٦ | وكيل | ٧٨٤١٩٧٢٣٣٢٧٧٤٦٥ | هوية | الإمارات | فاطمه موسى درويش البلوشي |

| بيانات المنذر اليه | | | |
|---|---|---|---|
| رقم الوثيقة | نوع الوثيقة | الجنسية | الاسم |
| ٧٨٤١٩٧٢٨١٥١٥٥٠٢٦ | هوية | كندا | ماجد مصطفى |

**موضوع الإنذار** : إخطار بواسطة كاتب العدل

**حيثيات الإنذار** : الموضوع: تبلغ بمستندات بخصوص الدعوى المدنية رقم cv-24868-JAL-1:23 المسجلة ضد المخطر اليه، والمقامة من المخطر وشركة بليتك إنك (مؤسسة كندية) والمنظورة لدى محكمة الولايات المتحدة الجزئية ، المقاطعة الجنوبية بفلوريدا، تقسيم ميامي، والشكوى رقم Case 1:23-cv-24868-JAL المسجلة ضد المخطر اليه، والمقامة من المخطر وشركة بليتك إنك (مؤسسة كندية) والمنظورة لدى محكمة الولايات المتحدة الجزئية، المقاطعة الجنوبية بفلوريدا، تقسيم ميامي.

بموجب هذا الإخطار، نحن، مكتب التميمي ومشاركوه للمحاماة والاستشارات القانونية، وبصفتنا الوكلاء القانونيون عن المخطر/ شركة بليتك لتجارة مواد البناء ش.ذ.م.م ، نرفق لكم مع هذا الإخطار (بما يفيد تمام استلامك لها) المستندات الخاصة بالدعوى رقم cv-24868-JAL-1:23 والشكوى رقم Case 1:23-JAL-24868-cv المسجلين ضد المخطر اليه، والمقامين من المخطر وشركة بليتك إنك (مؤسسة كندية) والمنظورين لدى محكمة الولايات المتحدة الجزئية، المقاطعة الجنوبية بفلوريدا، تقسيم ميامي.، وهي كالتالي:

١- الاستدعاءات في الدعوى المدنية المقدمة لدى محكمة الولايات المتحدة الجزئية، المقاطعة الجنوبية بفلوريدا، تقسيم ميامي، بخصوص الدعوى المدنية رقم cv-24868-JAL-1:23 بتاريخ 11 يناير 2024 والمقامة والموجهة ضدكم من المخطر / بليتك لتجارة مواد البناء ش.ذ.م.م (وشركة بليتك إنك (مؤسسة كندية)) في إجراءات التقاضي المقامة ضدكم أمام المحكمة المشار اليها أعلاه.

---

Subject Matter: Service of documents with respect to Civil Case No. 1:23-cv-24868-JAL registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida, Miami Division) and Complaint No. Case 1:23-cv-24868-XXXX registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida, Miami Division

---

تم إنجاز هذه المعاملة الكترونياً و لا تحتاج أي ختم أو توقيع إضافي    رقم الطلب: 2024/64596    صفحة 1 من 4    رقم المحرر:2024/126443/1

229459


**GOVERNMENT OF DUBAI**


محاكـم دبــي
**DUBAI COURTS**


SN2024/0000064596



By virtue of this Notice, we, Al Tamimi & Co. Advocates & Legal Consultants, in our capacity as the legal attorneys of the Notifying Party/ Pliteq Building Materials Trading LLC, attach hereto the documents of Case No. 1:23-cv-24868-JAL and Complaint No. Case 1:23-cv-24868-JAL registered against the Notified Party, brought by the Notifying Party and Pliteq Inc. (a Canadian Establishment) and considered before the Criminal Court in the USA (Southern District of Florida, Miami Division) (an acknowledgment of receipt of these documents by you) as follows:

1. Summons in the Civil Case brought before the Criminal Court in the USA (Southern District of Florida, Miami Division) with respect to the Civil Case No. 1:23-cv-24868-JAL, dated 11 January 2024, brought and filed against you by the Notifying Party/Pliteq Building Materials Trading LLC. and Pliteq Inc. (a Canadian Establishment) in the judicial proceedings brought against you before the Court mentioned above.

**المطالبة** : 2- شكوى لأمر وقتي وطلبات أخرى، مع المستندات الداعمة، بخصوص الشكوى رقم Case 1:23-cv-24868-JAL لدى محكمة الولايات المتحدة الجزئية، المقاطعة الجنوبية بفلوريدا، تقسيم ميامي، والمقامة والموجهة ضدكم من المخطر / بيليتك لتجارة مواد البناء ش.ذ.م.م (وشركة بليتك إنك (مؤسسسة كندية)) في إجراءات التقاضي المقامة ضدكم أمام المحكمة المشار اليها أعلاه.

-------------------------------------------------------------------------------------------

2. Complaint of a temporary order and other requests with supporting documents with respect to Complaint No. Case 1:23-cv-24868-JAL . before the Criminal Court in the USA (Southern District of Florida, Miami Division) brought and filed against you by the Pliteq Building Materials Trading LLC. and Pliteq Inc. (a Canadian Establishment) in the judicial proceedings brought against you before the Court mentioned above.

**عنوان التبليغ** : المخطر إليه:
ماجد مصطفى - كندي الجنسية
ويحمل جواز سفر رقم AJ828116 وهوية امارتية رقم 784197281519526
عنوان بريده الالكتروني:mag@mostafa.ca
وعنوانه: مبنى بحر 6، وحدة رقم 803، أبراج شاطئ الجميرا، مرسى دبي، دبي - الامارات
هاتف رقم 0585509000

-------------------------------------------------------------------------------------------

Notified Party:
Maged Mostafa, a Canadian national,
Holding Passport No. AJ828116 and UAE ID No. 784197281519526
Email: mag@mostafa.ca
Address: Bahar Building 6, Unit No. 803, Jumeirah Beach Towers, Dubai Marina, Dubai, UAE,
Tel No. 0585509000

يتعهد المنذر بأخطار المنذر إليه



GOVERNMENT OF DUBAI



محاكــم دبـــي
DUBAI COURTS



SN2024/0000064596



| اسم الطرف/النائب | التوقيع | تاريخ و وقت التوقيع | تاريخ و وقت الحضور |
|---|---|---|---|
| فاطمه موسى درويش البلوشى (نائب رقم 1 للمنذر رقم 1) | | 12:37:03 13-02-2024 | |

 

**GOVERNMENT OF DUBAI**

محاكـم دبــي
**DUBAI COURTS**



SN2024/0000064596



الكاتب العدل العام



**GOVERNMENT OF DUBAI**

محاكـم دبــي
**DUBAI COURTS**

| تاريخ الإصدار: ١٣-٢-٢٠٢٤ | رقم المحرر: ١٢٦٤٤٣/٢٠٢٤ | رقم الإيصال: ٩١٠٥٤/٢٠٢٤ | رقم الطلب: ٦٤٥٩٦/٢٠٢٤ |
|---|---|---|---|

الكاتب العدل
سالم ياقوت سالمين

تمت المصادقة على التوقيع باستخدام تقنيات التعاملات الرقمية.



SN2024/64596/N2106

www.dc.gov.ae

للتأكد من صحة المحرر يمكنك مسح هذا QR أو استخدام موقع محاكم دبي



# EXHIBIT 2

**Tableegh**

Date: 21.02.2024

Tracking No.: T2410788

Exhibit No.: 126443-2024

Legal Notice

**Notifying Party:** Pliteq Building Materials Trading LLC

**Notified Party:** Maged Mostafa

**Address:** Service of Notice by SMS: 0585509000

On Wednesday, 21.02.2024, at 3:43:27 PM, at Al Nahda, I, Youssef Ahmed Abduljabbar, the Process Server in Tableegh, which is assigned to serve notices of the Court, served the Notice to the Notified Party Maged Mostafa. The Notice was served via SMS to the telephone number mentioned in the address of the Notified Party in English and Arabic.

**Process Server:** Youssef Ahmed Abduljabbar
**Signature:** /Signed/

**This is an e-document that does not require seal.**

**Attachments:**

| Sender | Receiver | Sending time | Delivery time | Status | Error | Message |
|---|---|---|---|---|---|---|
| Tableeg h LN | 97158550 9000 | 21.02.202 4, 14:52 | 21.02.2024 , 10:52 | DELIV RD | 0 | Dear…Mages Mostafa, you have a legal notice issued by the notary public of Dubai Courts with the case number 126443/1/2024. Please check the following link: https://tableegh.ae/Uploads/req uest/5e8c4fc2-49be-4a8a-8a5a-114f37b23496-133529832693073645.pdf. For inquiries, please call: 97143949444 |





التاريخ: 21/02/2024

رقم التتبع: T2410788

رقم المحرر: 2024-126443

الانذار العدلي

| | |
|---|---|
| **المخطــــــــــر / المنذر:** | بيليتك لتجارة مواد البناء ش.ذ.م.م |
| **المخطر إليه / المنذر إليه:** | ماجد مصطفى |
| **العنــــــــــــــوان:** | تبليغ بوسيلة الرسائل النصية: 0585509000 |

إنه في يوم الأربعاء الموافق 21/2/2024, في الساعة 3:43:27 م بناحية النهدة

أنا / يوسف احمد عبدالجبار المعلن بشركة تبليغ المُكلفة بإعلانات المحكمة لإبلاغ المطلوب إعلانه ماجد مصطفى   وتم الإعلان عبر الرسائل النصية الوارد في عنوان المطلوب إعلانه باللغتين العربية والإنجليزية

| | |
|---|---|
| **اسم المعلن:** | يوسف احمد عبدالجبار |
| **التوقيـــــــع:** | |

هذا المستند مستخرج إلكتروني ولا يحتاج للختم

**P.O.Box: 84818 Dubai U.A.E**
**Tel: +97143949444**
**E-mail: info@tableegh.ae**

**ص.ب: 84818 دبي، الامارات العربية المتحدة**
**الهاتف: 9444 9714394+**
**البريد الالكتروني: info@tableegh.ae**
**www.tableegh.ae**



المرفقات:

| Sender | Receiver | Sending time | Delivery time | Status | Error | Message |
|--------|----------|--------------|---------------|--------|-------|---------|
| Tableegh LN | 971585509000 | 21-02-24 14:52 | 21-02-24 10:52 | DELIVRD | 0 | 'Dear ... Maged Mostafa.  you have a legal notice issued by the notary  public of Dubai Courts with the case number 126443/1/2024 please check the following link https://tableegh.ae/Uploads/request/5e8c4fc2-49be-4a8a-8a5a-114f37b23496-133529832693073645.pdf  For inquiries please call: 97143949444  السيد : ماجد مصطفى  ، لديك انذار عدلي صادر من كاتب العدل محاكم دبي برقم محرر 126443/1/2024 يرجى الضغط على الرابط للاطلاع على الانذار https://tableegh.ae/Uploads/request/5e8c4fc2-49be-4a8a-8a5a-114f37b23496-133529832693073645.pdf للاستفسار يرجى الإتصال على الهاتف رقم : 97143949444' |

P.O.Box: 84818 Dubai U.A.E
Tel: +97143949444
E-mail: info@tableegh.ae

ص.ب: 84818 دبي، الامارات العربية المتحدة
الهاتف: 9444 97143
+971439
البريد الالكتروني: info@tableegh.ae
www.tableegh.ae

# EXHIBIT 3

**Tableegh**

**Date: 23.02.2024**
**Tracking No.: T2411161**
**Exhibit No.: 126443/1/2024**

**Legal Notice**

**Notifying Party:** Pliteq Building Materials Trading LLC

**Notified Party:** Maged Mostafa

**Address:** Service by on-site movement: Emirate of Dubai, Marina Dubai, Jumeirah Beach Towers, Bahr Building 6, Unit No. 803, Tel. No.: 0585509000 (Documents of Civil Case No. cv-24868-JAL-1:23 are attached)

On Friday, 23.02.2024, at 08:25:50 AM, at Marina District, I, Mohammed Al Konani, the process server in Tableegh, which is assigned to serve notices of the Court, moved to serve the Notice to the Notified Party Maged Mostafa. I knocked the door but no one opened and I called the phone number mentioned in the Notice many times but no one answered. I could not serve the Notice and when I searched no one could confirm the owner of the place. Therefore, I could not serve the Notice by post.

**Process Server:** Mohammed Al Konani
**Signature:** /Signed/

This is an electronic extract and does not require seal.

**Attachments:**





**P.0.Box: 84818 Dubai U.A.E**
**Tel: +97143949444**
**E-mail: info@tableegh.ae**

# EXHIBIT 4

**Tableegh**

**Date: 27.02.2024**
**Tracking No.: T2411732**
**Exhibit No.: 126443-2024**

**Legal Notice**

**Notifying Party:** Pliteq Building Materials Trading LLC

**Notified Party:** Maged Mostafa

**Address:** Service by email: mmostafa@tmeworldwide.com

On Tuesday, 27.02.2024, at 10:02:43 AM, at Al Nahda District, I, Yazan Al Khatib, the process server in Tableegh, which is assigned to serve notices of the Court, moved to serve the Notice to the Notified Party Maged Mostafa. I served the Notice in Arabic and English via the email mentioned in the address of the Notified Party.

**Process Server:** Yazan Al Khatib
**Signature:** /Signed/

This is an electronic extract and does not require seal.

**Attachments:**

27.02.2024, 10:03 AM                 dcm2.eim.ae/iwc_static/lay out/shell.html?lang=en&none
Subject: You have a legal notice                 Date: 27.02.2024, 10:01 AM
To: mmostafa@tmeworldwide.com                 From: "CourtNotifications"
courtnotifications@tableegh.ae

To: Mr. Maged Mostafa,
You have a legal notice issued by the Notary Public in Dubai, Case No. 126443/1/2024.
Please check the following link:

https://tableegh.ae/Uploads/request/8c30c985-1bcb-4129-b9fb-719a802ee356-1335342526166444956.pdf

For inquiries, please call the phone number:
+971439494444




التاريخ: 27/02/2024

رقم التتبع: T2411732

رقم المحرر: 2024-126443



## الانذار العدلي

| | |
|---|---|
| **المخطـــــــــــر / المنذر:** | بيليتك لتجارة مواد البناء ش ذ م م |
| **المخطر إليه / المنذر إليه:** | ماجد مصطفى |
| **العنـــــــــــــوان:** | تبليغ بوسيلة البريد الإلكتروني: mmostafa@tmeworldwide.com |

إنه في يوم الثلاثاء الموافق 27/2/2024, في الساعة 10:02:43 ص  بناحية النهدة

أنا / يزن الخطيب المعلن بشركة تبليغ المُكلفة بإعلانات المحكمة لإبلاغ المطلوب إعلانه ماجد مصطفى

تم الاعلان عبر البريد الإلكتروني الوارد في عنوان المطلوب إعلانه باللغتين العربية والانجليزية

**اسم المعلن:**     يزن الخطيب

**التوقيـــــــع:**

**هذا المستند مستخرج إلكتروني ولا يحتاج للختم**

**P.O.Box: 84818 Dubai U.A.E**
**Tel: +97143949444**
**E-mail: info@tableegh.ae**

**ص.ب: 84818 دبي، الامارات العربية المتحدة**
**الهاتف: 9444 4394971+**
**البريد الالكتروني: info@tableegh.ae**
www.tableegh.ae



المرفقات:

| | |
|---|---|
| 2/27/24, 10:03 AM | dcm2.eim.ae/iwc_static/layout/shell.html?lang=en&none |

Subject: **You have a legal notice لديك إنذار على**      Date: 27-02-24 10:01 AM
To: mmostafa@tmeworldwide.com      From: "CourtNotifications" <courtnotifications@tableegh.ae>

--

**السادة / ماجد مصطفى ،**

**لديك إنذار عدلي صادر من كاتب العدل دبي برقم المحرر: 126443/1/2024.**

**يرجى الضغط على الرابط للاطلاع على الإنذار:**

**https://tableegh.ae/Uploads/request/8c30c985-1bcb-4129-b9fb-719a802ee356-133534252616644956.pdf**

**للاستفسار المرجو الاتصال بالرقم :**
**+971 43 949 4444**

**Dear/Majed Mustafa**

**You have a legal notice issued by the notary public Dubai, case number: 126443/1/2024**

**Please check the following link**

**https://tableegh.ae/Uploads/request/8c30c985-1bcb-4129-b9fb-719a802ee356-133534252616644956.pdf**

**For inquiries, please call the phone number:**
**+971 43 949 4444**

**اخلاء المسؤولية:**

إن المعلومات الواردة في هذا البريد الإلكتروني وأي ملفات مرفقة به هي معلومات خاصة بالمرسل إليه أو المتعامل، وقد تحتوي على معلومات سرية أو مواد محمية. فإن لم تكن أحد المعنيين باستلام هذا البريد الإلكتروني، فإنه يمنع عليك منعاً باتاً نسخها أو نشرها أو توزيعها أو استخدامها أو أي مرفق بها بأي طريقة أو اتخاذ إجراء بالاعتماد على المعلومات الواردة فيه. وبجب حذف البريد الإلكتروني وإتلاف أي نسخ مطبوعة منه، والمبادرة فوراً بإشعار المرسل بذلك أو التواصل معنا عن طريق "اتصل بنا" على الموقع الرسمي لشركة تبليغ. يرجى العلم بأن البريد الإلكتروني هو عنصر قابل للتغيير؛ ولذا لن يكون المرسل خاضعاً للمساءلة حال انتقال المعلومات في هذا البريد بصورة غير ملائمة أو منقوصة، ولا تجاه أي تأخير في وصوله، أو تجاه أي عطل في جهازك. لا نتحمل مسؤولية أي أضرار ناتجة عن أي فيروس أو برنامج قد يرسل بواسطة هذا البريد الإلكتروني

**DISCLAIMER**
The information contained in this e-mail message, including any of its attachments files to it are private information of the addressee or the customer, and may contain confidential information or protected material. If you are not one of those concerned to receive this e-mail, You are not authorized to copying, publishing, distributing or using it or use this e-mail message or any attachment in any way or taking action based on the information contained in it, you must delete the e-mail and destroy any hard copies of it. Please notify the sender of this or communicate with us via "Contact Us" on the official website of Tableegh. Please note that e-mails are susceptible to change, the sender shall not be liable for the improper or incomplete transmission of the information contained in this communication, nor for any delay in its receipt or damage to your system. The sender does not guarantee that this material is free from viruses or any other defects, although due care has been taken to minimize the risk.

---

**P.O.Box: 84818 Dubai U.A.E**
**Tel: +97143949444**
**E-mail: info@tableegh.ae**

**ص.ب: 84818 دبي، الامارات العربية المتحدة**
**الهاتف: 9444 +9714394**
**البريد الالكتروني: info@tableegh.ae**

www.tableegh.ae

OS-A3

# Federal Law by Decree No. (29) of 2021

## Concerning Entry and Residence of Foreigners

**We Khalifa Bin Zayed Al Nahyan**    **President of the United Arab Emirates,**

– Upon reviewing the Constitution;

– Federal Law No. (6) of 1973 Concerning the Entry and Residence of Foreigners, and any amendments thereto;

– Federal Law No. (8) of 1980 Regulating Labour Relations, and any amendments thereto;

– Federal Law No. (3) of 1987 Issuing the Penal Code, as amended;

– Federal Law No. (35) of 1992 promulgating the Criminal Procedure Law, and any amendments thereto;

– Federal Law No. (11) of 2018 concerning the Regulation of the Ministry of Foreign Affairs and International Cooperation, and any amendments thereto;

– Federal Law by Decree No. (14) of 2021 Establishing the Federal Authority for Identity, Nationality, Customs and Ports Security;

– And upon the Cabinet approval;

**Have promulgated the following Law by Decree:**

## Article (1)

### Definitions

In application of the provisions of this Law by Decree, the following words and phrases shall have the meanings assigned to each of them, unless the context otherwise requires:

| | | |
|---|---|---|
| **State** | : | United Arab Emirates. |
| **ICA** | : | The Federal Authority for Identity, Citizenship, Customs and Ports Security. |
| **Chairman** | : | Chairman of The Federal Authority for Identity, Citizenship, Customs and Ports Security. |
| **Foreigner** | : | : Anyone who does not hold the nationality of the State. |
| **Visa** | : | An official document issued in accordance with the provisions of this Law by Decree that enables an Foreigner to enter the State and stay therein for |

the period of permit granted thereto.

| | | |
|---|---|---|
| **Residence Permit** | : | An official document issued in accordance with the provisions of this Law by Decree that enables an Foreigner to reside in the State for the period specified in the document. |
| **Ports** | : | The State's official land, air and sea ports specified for the entry and exit of the Foreigner, which are determined by a Cabinet resolution upon the proposal of the Chairman. |

# Article (2)

## Scope of Application

1. The provisions of this Law by Decree shall apply to the Foreigner wishing to enter or reside in the State, including the Free Zones.

2. The following shall be excluded from the application of the provisions of this Law by Decree:

    A. Heads of States and their family members.

    B. Heads and members of diplomatic and consular missions accredited to the State and their families.

    C. Those exempted under international agreements to which the State is a party, within the limits of those agreements.

# Article (3)

## Implementing Body

The ICA shall be solely responsible for implementing the provisions of this Law by Decree.

# Article (4)

## Conditions for Foreigner's Entry to the State

1. The following conditions are required for an Foreigner to enter the State:

    A. Possession of a valid and approved passport that authorises its holder to return to the country from which it was issued, or any approved documents that take its place.

B.  Obtaining a valid visa.

C.  Entry and exit through the approved ports in the State.

D.  Any other conditions stipulated by in the Executive Regulation of this Law by Decree.

2.  Citizens of states countries for which a Cabinet resolution is issued upon the proposal of the Chairman are exempted from the requirement to obtain a valid visa.

3.  The Chairman or his authorised representative may, in case of necessity, make an exemption from all or some of the conditions stipulated in this Article, or whoever he deems to exempt by a special permission from obtaining a visa.

# Article (5)

## Foreigner's Obligations

The Foreigner shall:

1.  Enter or exit the State through the approved ports.

2.  Register his data when entering and exiting the country, in accordance with the procedures and controls specified in the Executive Regulation of this Law by Decree.

3.  Notify the ICA in the event of any change in his entry, residence and work data, or in the event of a dispute between him and the contracting entity, in accordance with the procedures and periods specified by the Executive Regulation of this Law by Decree; and the entity contracting with the Foreigner shall abide by the same obligation.

4.  Not to engage in any activity or work except in accordance with the legislation in force in the State.

5.  Leave the State upon the expiry or cancellation of his visa unless he has obtained a residence permit in the State in accordance with the provisions of this Law by Decree and its Executive Regulation.

6.  Leave the State upon the cancellation or expiry of the residence permit unless it is renewed. The Executive Regulation of this Law by Decree shall specify the period during which Foreigners must leave the State, as well as the terms and periods of the extension of the stay.

7.  Abide by any other obligations stipulated by the Executive Regulation of this Law by Decree.

## Article (6)

### Obligations of Drivers of Mean of Transportation

Captains of ships and planes, and drivers of cars, trains, and other means of transportation must, upon their arrival or departure from the State, provide the competent employee in the ICA with the documents and data specified by the Executive Regulation of this Law by Decree.

## Article (7)

### Foreigner's Visas

1. The ICA shall be responsible for issuing, renewing and cancelling visas in accordance with the provisions of this Law by Decree and its Executive Regulation.
2. The Executive Regulation of this Law by Decree shall determine the types of visas in the State and the controls and conditions for their issuance, duration, renewal and cancellation, and the cases where they may be changed to residence permits.
3. Embassies and consulates representing the State abroad may issue visas in accordance with the controls specified by the Executive Regulation of this Law by Decree.

## Article (8)

### Residence Permits for Foreigners

1. The ICA shall be responsible for issuing, renewing and cancelling residence permits in accordance with the provisions of this Law by Decree and its Executive Regulation.
2. The Executive Regulation of this Law by Decree shall determine the types of residence permits in the State and the controls and conditions for their issuance, duration, renewal and cancellation.

## Article (9)

### Foreigner's Bringing in His Family Members

An Foreigner who has obtained a residence permit in the State may bring in his family members, in accordance with the terms and conditions set by the Executive Regulation of

this Law by Decree.

# Article (10)

## Cancellation of Visa or Residence Permit in Special Cases

Without prejudice to any resolutions issued by the Cabinet, the Chairman may, at any time, cancel any visa or residence permit prior to the expiry of its term, for reasons related to the public interest or in case the Foreigner violates the provisions of this Law by Decree, its Executive Regulation, or the resolutions issued in implementation thereof, excluding the violation of the provisions of Articles (22) and (24) of this Law by Decree.

# Article (11)

## Cancellation and Expiry of Visa or Residency

Every Foreigner whose visa or residence permit has been cancelled or expires, and has not renewed it - in the cases where this is permissible - or has not left the State within the periods specified by the Executive Regulation of this Law by Decree, shall be subject to an administrative for each day he resides illegally in the State as of the date of the expiry of these periods. The value of said fine shall be determined by a Cabinet resolution.

# Article (12)

## Foreigner's New-Born

If an Foreigner has a new-born in the State, he must do the following within four (4) months as of the date of birth:

1.  Obtaining documents to prove the identity of his new-born in accordance with the legislation and procedures in force in his country.
2.  Establishing the residency of his new-born.

In the event of non-compliance with Clauses (1) and (2) of this Article, an administrative fine shall be imposed on him for each day starting as of the expiry date of the aforementioned period. The value of said fine shall be determined by a Cabinet resolution.

## Article (13)

### Exemption From Fine

The Chairman or his authorised representative may decide to exempt from all or part of the fine stipulated in Articles (11) and (12) of this Law by Decree.

## Article (14)

### Foreigner's Documents

1. During the period of his stay in the State, the Foreigner must submit, whenever requested to do so, the passport or the document that takes its place, answer any questions asked to him about data, and, upon request, report to the ICA or the police headquarters at the time set for him.

2. If the event of loss or damage of an Foreigner's passport, he must inform The ICA about the same within twenty-four (24) hours as of the date of the loss or damage.

## Article (15)

### Deportation of Foreigners

1. The Federal Public Prosecutor or his authorised representative and the Chairman or his authorised representative may order the deportation of the Foreigner even if he has a visa or residence permit, if such deportation is required by the public interest, public security, public morals, or public health, or if he has no apparent means of subsistence.

2. The Foreigner's deportation order may include the Foreigner members of his family supported by him.

3. The Chairman or his authorised representative may detain the Foreigner whose deportation order is issued, after the approval of the Federal Public Prosecutor, and for a period not exceeding thirty (30) days, extendable for a similar period if such detention is necessary to implement the deportation order.

## Article (16)

### Expenses of Deported Foreigner

The Chairman may order that the expenses of deporting the Foreigner and his family and removing him from the State be from the money of said Foreigner if he has money or at the expense of his employer in violation of the provisions of the Law by Decree; otherwise the ICA shall bear the expenses of deportation or expulsion.

## Article (17)

### Settlement of the Interests of Deported Foreigner

If an Foreigner who is ordered to be deported or expelled has interests in the State that require settlement, he shall be given a period of time to liquidate them after he submits a guarantee. The Executive Regulation of this Law by Decree shall specify the controls for this period.

## Article (18)

### Entry of Deported Foreigner

1. The Foreigner who has previously been deported may not return to the State without a permission from the Chairman.
2. Subject to the provisions of Articles (11) and (12) of this Law by Decree, the Foreigner shall be expelled from the State by an order of the ICA if he does not have a residence permit or the period of the permit has expired or has been cancelled. He may not be given another permission to enter the State unless he fulfils the conditions and procedures necessary for entry in accordance with the provisions of this Law by Decree.

## Article (19)

### Penalties

If an Foreigner arrives in the State by any means of transportation in violation of the provisions of this Law by Decree and its Executive Regulation, the ICA may order his deportation and assign the driver or captain of the means of transport in which he arrived or

the driver or captain of any other means belonging to the same owner to expel that Foreigner from the State, and the owner of the means of transport shall bear the costs of deportation.

## Article (20)

The imposition of the penalties stipulated in this Law by Decree shall not prejudice any severer penalty stipulated by any other law.

## Article (21)

Any Foreigner who is arrested in the State after illegally infiltrating or entering it shall be punished with imprisonment. The court shall order the deportation of the Foreigner and the confiscation of the funds obtained by the Foreigner from any activity or work carried out during that period.

## Article (22)

1. The driver or captain of any means of transportation who brings in or takes out or attempts to bring in or take out an Foreigner to or from the State in violation of the provisions of this Law by Decree shall be punished with temporary imprisonment.

2. The same penalty stipulated in the preceding Clause shall be imposed on whoever guides, instructs, or assists in any form of assistance an infiltrator to get into or out of the State. In all cases, the court shall order the confiscation of the means of committing the crime without prejudice to the rights of bona fide third parties, and the court shall also order the deportation of the Foreigner.

## Article 23

A penalty of imprisonment for a period not exceeding six (6) months and/or a fine not less than five thousand (5,000) AED and not exceeding ten thousand (10,000) AED, shall be imposed on whoever gives a false statement with the intent of evading the provisions of this Law by Decree, and the court may order the deportation of the Foreigner.

## Article (24)

1.  A penalty of imprisonment not exceeding ten (10) years shall be imposed on whoever forges a visa or residence permit, or any official document on the basis of which these visas or permits are issued, with the intent of evading the provisions of this Law by Decree.

2.  The same penalty shall be imposed on whoever uses any of the documents referred to in this Article knowing that it is forged.

3.  In all cases, the court must order the deportation of the Foreigner.

## Article (25)

1.  A fine of fifty thousand (50,000) AED shall be imposed on anyone who employs, harbours or provides a place of residence to an Foreigner in violation of the provisions of this Law by Decree. The penalty shall be imprisonment and a fine of fifty thousand (50,000) AED in the event or repetition.

2.  Whoever recruits an Foreigner for the purpose of work in accordance with the provisions of this Law by Decree and does not employ him or leaves him to work for others without following the legal procedures stipulated in this regard, shall be punished with the same penalty stipulated in Clause (1) of this Article. In all cases, the fine shall be multiplied as per the number of violators.

3.  Anyone who recruits an Foreigner for the purpose of work in accordance with the provisions of this Law by Decree shall be exempted from the penalty if he reports that the Foreigner has left his work, in accordance with the provisions of the Executive Regulation of this Law by Decree. In this case, he shall be compensated by an amount of ten thousand (10,000) AED as a deduction from the amount of the fine imposed in accordance with Clause (1) of this Article. The value of the Foreigner's travel ticket shall also be deducted from the amount of the fine.

4.  A penalty of imprisonment for a period not less than two months and a fine of one hundred thousand (100,000) AED shall be imposed on whoever uses or harbours an infiltrator.

5.  The fine shall be multiplied as per the number of violators who are employed or

harboured, not exceeding five million (5,000,000) AED.

6. Without prejudice to the penalties stipulated in the previous Clauses, if it is proven that a farm or estate or part of any of them has been allocated to harbour violating or infiltrating workers, the court shall order the demolition or removal of that part of the building.

7. In all cases, the court shall order the deportation of the violating Foreigner, and shall also order the deportation of the Foreigner who has employed him or harboured him upon repetition.

8. The owner of the farm or estate shall be exempted from the determined penalty if it is proven that he has not been aware of the incident subject of the crime.

9. The crimes stipulated in this Article shall be excluded from the application of the provisions of mitigating circumstances stipulated in the Penal Code.

10. For the purposes of this Article, a farm is every land designated for the cultivation and growing of plants, and an estate is every place designated for raising some types of animals.

## Article (26)

Anyone who fails to pay the fine referred to in Article (8) of this Law by Decree shall be punished with imprisonment not exceeding three (3) months or a fine not exceeding ten thousand (10,000) AED, and the court may order his deportation.

## Article (27)

A penalty of imprisonment or a fine not less than ten thousand (10,000) AED shall be imposed on whoever exploits, assists, participates in or facilitates, by any means, a visa in a manner inconsistent with the purpose for which it has been granted in violation of the provisions of this Law by Decree and its Executive Regulation. The penalty shall be multiplied as per the number of violators, and the court shall order the deportation of the Foreigner.

## Article (28)

A fine not less than fifty hundred (50,000) AED shall be imposed on any legal person whose any of its representatives, directors, agents or employees have committed any of the crimes stipulated in this Law by Decree for it or under its name. The court may order the closure of the place in which he carries out his activity for a period not exceeding six (6) months, and the fine shall be multiplied as per the number of violations.

## Article (29)

Anyone who fails to pay the fine referred to in Articles (11) and (12) of this Law by Decree shall be punished with imprisonment not exceeding three (3) months or a fine not exceeding four thousand (4,000) AED, and the court may order his deportation.

## Article (30)

Except for the penalties determined for the crimes stipulated in this Law by Decree, whoever violates the provisions of this Law by Decree or its Executive Regulation or the resolutions issued in implementation thereof shall be punished with imprisonment for a period not less than one month and/or a fine not less than ten thousand (10,000) AED. The fine shall be multiplied as per the number of violators.

## Article (31)

Whoever attempts to commit a crime punishable by virtue of this Law by Decree or participates therein by conspiring, aiding, inciting or tempting others to commit such crime shall be punished with the penalty determined for the perpetrator himself.

## Article 32

In application of the penalties stipulated in the preceding Articles, the provisions of the Articles relating to suspension of execution, replacement of penalty, and judicial pardon, contained in the Penal Code, shall not apply.

## Article (33)

The Federal Supreme Court shall decide on the crimes referred to in Articles (22) and (24) of this Law by Decree, and the other courts, each within the limits of its jurisdiction, shall decide on other crimes.

## Article (34)

### Administrative Violations and Sanctions

Without prejudice to the penalties stipulated in this Law by Decree, the Cabinet shall issue a resolution specifying the acts that constitute a violation of the provisions of this Law by Decree, its Executive Regulation, the resolutions issued in implementation thereof, and the administrative sanctions to be imposed.

## Article (35)

### Settlement of the Violators' Situations

The Cabinet Ministers may, upon the proposal of the Chairman, settle the situation of violators of the provisions of this Law by Decree, its Executive Regulation and the resolutions issued in implementation thereof, organise exemption cases, and impose fines on administrative violations.

## Article (36)

### The Executive Regulation

The Cabinet shall - upon the proposal of the Chairman - issue the Executive Regulation of this Law by Decree.

## Article (37)

### Repeals

1. The aforementioned Federal Law No. (6) of 1973 shall be repealed, as well as any provision that violates or contradicts the provisions of this Law by Decree.

2. The resolutions, systems, and rules in force prior to the entry into force of the provisions

of this Law by Decree shall remain in force in a manner that does not conflict with its provisions until the issuance of their replacements in accordance with the provisions of this Law by Decree.

## Article (38)

## Publication and Entry into Force of the Law by Decree

This Law by Decree shall be published in the Official Gazette and shall enter into force thirty (30) days as of the date of its publication.

**Khalifa Bin Zayed Al Nahyan**

**President of the United Arab Emirates**

**Issued by us at the Palace of the Presidency in Abu Dhabi:**

On: 9 Safar 1443 H

Corresponding to: 16 September 2021 AD