**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,<br><br>　　　　　　　　　　Debtor.<br><br>―――――――――――――――<br><br>BYJU'S ALPHA, INC.,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE,<br><br>　　　　　　　　　　Defendants. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br><br><br>Adv. Pro. Case No. 24-50526 (BLS) |

**DEFENDANT BYJU RAVEENDRAN'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S
MOTION TO HOLD BYJU RAVEENDRAN IN CONTEMPT OF COURT**

**Dated: August 5, 2025**

**O'KELLY & O'ROURKE, LLC**

*/s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

*/s/ Matthew E. Draper*
Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendants
Byju Raveendran & Divya Gokulnath*

**Table of Contents**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 2

    I.    Byju Raveendran Has Never Been Properly Served............................................................ 2

        A.    The Delaware Consent Statue Does Not Apply............................................................ 2

        B.    Byju Raveendran Was Not Served Under Fed. R. Civ. P. 4(f), Either ........................... 7

    II.    In Any Case, the Due Process Clause of the U.S. Constitution Prohibits this Court From Exercising Jurisdiction Over Defendant .................................................................................. 8

    III.    Byju Raveendran Did Not Waive His Jurisdictional Defenses ...................................... 9

    IV.    July 7 Order Disregarded Credible Evidence and Is Manifestly Unjust......................... 9

CONCLUSION ............................................................................................................................... 10

Defendant Byju Raveendran ("Byju Raveendran"), by and through the undersigned counsel, respectfully submit this reply memorandum of law in support of his motion (the "Motion"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to reconsider and amend the Order Granting Plaintiffs' Motion To Hold Byju Raveendran In Contempt Of Court For Failure To Comply With The Court's Orders And Request For Civil Sanctions, dated July 7, 2025 (the "July 7 Order"), entered in the above adversary proceeding. *See* Adv. D.I. 66.

**INTRODUCTION**

Respectfully, the Court should reconsider and vacate the July 7 Order.

It is clear that the Court has no jurisdiction over Byju Raveendran. Plaintiffs' Opposition ("Opp.") to the Motion fails to establish that Byju Raveendran was properly served under the Delaware Officer Consent Statute, 10 Del. C. § 3114, or under the laws of the United Arab Emirates, pursuant to Fed. R. Civ. P. 4(f). As it turns out, the Delaware Officer Consent Statute only applies to "officers" of Delaware companies. Here, Defendant was never an officer of a Delaware company. And under UAE law, it does not suffice to serve papers on someone other than Defendant – particularly not a Dubai used car salesman unknown to Byju Raveendran.

Nor does Due Process does not permit the exercise of jurisdiction over a non-officer with virtually no contacts with the United States. Plaintiffs offer no serious argument to the contrary in their Opposition.

As set forth below, Byju Raveendran has neither submitted to the jurisdiction of this Court nor waived his objection to jurisdiction. If Court were to assess whether he has waived his

1

objection to jurisdiction against the demanding standard set by the Third Circuit, it would find that the standard has not been met.

## ARGUMENT

### I. Byju Raveendran Has Never Been Properly Served

Defendant may not be served pursuant to the Delaware Officer Consent Statute and was not served properly under Fed. R. Civ. P. 4(f).

#### A. The Delaware Consent Statue Does Not Apply

Byju Raveendran has never served as an officer of Debtor Byju's Alfa ("Debtor"). Therefore, no service of him pursuant to the Delaware Officer Consent Statute is valid.

*First*, Plaintiffs (and the Court) overlook Byju Raveendran's discovery responses, which are directly on point. This sworn evidence was in the record in advance of the June 28, 2025 hearing.

On June 28, 2025, Mr. Raveendran submitted to Plaintiffs and the Court verified discovery responses and objections providing that "Defendant is not an officer or director of the Debtor nor has Defendant represented himself to be an officer or director of Debtor." Responses and Objection to Debtor's Requests for Production, June 28, 2025 (Response to Request Nos. 5 and 6) P. 11; Sworn Verification of RFP's, D.I. 61.

Also on June 28, Defendant submitted verified responses and objections to Plaintiff's Interrogatory requests. In Response to Interrogatory No. 4, Defendant stated:

> Riju Ravindran, the sole director of Debtor, authorized Defendant, on behalf of the Debtor, to execute a Transfer Agreement between the Debtor and Inspilearn….
>
> On March 31, 2023, Defendant was emailed via Docusign the Transfer Agreement for execution by the fund manager of the Camshaft Capital Fund. Pursuant to the authorization from the sole

> director of the Debtor, Defendant executed via Docusign the Transfer Agreement on behalf of the Debtor.
>
> Defendant recalls that the form required only his electronic signature and that the fields for "Title" was provided by the fund manager. The fund manager listed Defendant's title as "CEO". This was a clerical error because Defendant was at the time CEO of Think & Learn Private Limited. Defendant at no time held any position at Debtor, including that of CEO.

Defendants' Responses and Objection to Debtor's Interrogatories, June 28, 2025 (Response to Interrogatory No. 4) P. 10; *see also* Sworn Verification, D.I. 62.

**Second**, Plaintiffs argue that the Court should ignore Mr. Raveendran's arguments regarding the appearance of the title "CEO" on the Transfer Agreement because it is "entirely new." Opp. at ¶ 32. It is not new. On June 26, 2025, Defendant in his Opposition to the Motion for Contempt stated:

> Defendant contests the Court's jurisdiction over him, and has done so consistently since making his first *pro se* limited appearance on April 21, 2025. **Defendant neither was, nor is an officer or director of Debtor.**

D.I. 53, p. 7 (emphasis added).

In addition, at the June 30, 2025 hearing the Court and Counsel for Defendant engaged in a colloquy on the signature block of the Transfer Agreement:

> THE COURT: How do I deal with the point that the document reflects his signature and underneath it, it says CEO? It's a document of some significance.
>
> MR. DRAPER: Right. We address that in our papers. The -- he was sent a document that someone else prepared that had CEO under his name. Now he is the CEO of Think and Learn. This -- where his signature appears here designates him as the CEO of Alpha but it's simply not true.

3

June 30, 2025 Hearing Tr. 74:16-23.  Counsel further explained that "the word Byju Raveendran and CEO was imposed separately form the little box that says Docusign signed by with Byju's name.  So it appears that the Byju Raveendran and the CEO were added later, after he Docusigned." June 30, 2025 Hearing Tr. 77:8-12.  See also *Id.* 52:17-56:14.  In short, the facts and arguments put forth by Defendant here are anything but new.

As this timely-submitted and uncontested evidence shows, Byju Raveendran was <u>never</u> the CEO or any other officer of Debtor, nor did Byju Raveendran, himself, ever hold himself out to be.

The fact that Byju Raveendran adduced this evidence in advance of the hearing has an additional important implication: the burden shifts to Plaintiffs.  "Once a jurisdictional defense has been raised, plaintiff bears the burden of establishing, with reasonable particularity, that sufficient minimum contacts have occurred between defendant and the forum to support jurisdiction." *My Size, Inc. v. Mizrahi*, 193 F. Supp. 3d 327, 330-331, (*citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).  Plaintiffs have failed to meet that burden.

***Third***, Plaintiffs are simply wrong that they are not estopped from arguing here Byju Raveendran was an officer of Debtor.  Br. at 10.  Plaintiffs do not deny that they told this Court that Riju Ravindran – was "the ***sole director and officer*** of the Debtor."  Complaint ¶ 93 (emphasis added).  They also cannot dispute that they argued to Judge Dorsey in a related proceeding concluded that Byju Raveendran "was not employed by the Debtor in any capacity." *Byju's Alpha Inc., v. Camshaft Capital Fund, LP, et al.*, Adv. No. 24-50013 (JTD), Adv. D.I. 383, Memorandum Opinion, Feb. 27, 2025, p. 40; *see also*, *e.g.*, pp. 16 and 19 (referring to Riju Ravindran as the "sole officer" of Debtor).

***Finally***, Plaintiffs offer a single Delaware Chancery Court case, *Harris v. Harris*, 289 A.3d 310 (Del. Ch. 2023), for the proposition that this Court can ignore the plain language of the Delaware Officer Consent Statute, 10 Del. C. § 3114, and apply "substance over form." Opp. at ¶ 35-36. But Plaintiffs are wrong. "[S]ubstance over form," is not the legal test, and that phrase appears nowhere in *Harris*. (Bizarrely, Plaintiffs quote their own counsel's alleged paraphrase of *Harris* as authority for that statement. Opp. at ¶ 36.)

Rather, the Delaware Officer Consent Statute applies to "an officer of the corporation" who "**[i]s or was** the … chief executive officer." 10 Del. C. § 3114(b)(1) (emphasis added). Thus the statute very strictly defines who is an "officer" for the purposes of jurisdiction. Br. at 7-8. The jurisprudence interpreting the Delaware Officer Consent Statute confirms this reading. *Id.* (*citing HMG/Courtland Props., Inc. v. Gray*, 729 A.2d 300 (Del. Ch. 1999) and *Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210 (Del. 1982)).

The actual holding in *Harris* (which Plaintiffs never quote) is:

> Section 3114(b)(1) therefore extends to Acting Officers, but only when the individual ***actually fulfills*** the role of … chief executive officer …

*Harris*, 289 A.3d 310, 335 (emphasis added). Plaintiffs fail to mention that no Delaware court before *Harris* had ever come to this conclusion. Indeed, it was a matter of first impression:

> No Delaware decision has addressed whether Section 3114(b) reaches an individual who serves in an officer role and fulfills the functions of that role, but who has not officially accepted a formal officer position (an "Acting Officer").

*Harris*, 289 A.3d at 327. Given *Harris*' overbroad reading of the statute, it can be no surprise that <u>no</u> <u>court</u> <u>has</u> <u>ever</u> <u>cited</u> <u>*Harris*</u> for the proposition that an "Acting Officer" may be served under the Delaware Officer Consent Statute.

5

The court in *HMG/Courtland Props., Inc.*, explains why the Delaware Officer Consent Statute applies to such a narrowly defined group of individuals:

> Section 3114 is devoid of any expression of intent by the General Assembly to enable service upon those persons who can be proven to be "alter egos" or "agents" of Delaware directors. This is unsurprising given the compelling importance of § 3114's specific purpose: to put in place in the wake of *Shaffer* [*v. Heitner*, 433 U.S. 186 (1977)] a constitutional mechanism by which to hold defendant directors accountable for breaches of their official duties. That the statute is precisely tailored to achieve this compelling state interest is an evident recognition of the fact that the United Supreme Court had subtly suggested a manner in which Delaware could serve its interests in situations where defendants lack any genuine geographical connection to Delaware by means of a fictional, but carefully circumscribed statutory consent. A more sweeping statutory reaction to *Shaffer* would have been fraught with risk, if not impudent.

*HMG/Courtland Props., Inc.*, 729 A.2d at 305-06. *Harris* is, therefore, a clear outlier.

In any case, Harris is not even "on all fours" with the allegations of Plaintiffs' complaint. In *Harris*, the individual defendant challenging service under the Delaware Officer Consent Statute had been the sole person performing all financial and accounting work for the Delaware company for <u>six</u> <u>years</u>, and had been paid $285,000 per year for his services, which the plaintiffs alleged was <u>ten</u> <u>times</u> their value. *Harris*, 289 A.3d at 336. The individual there did not accept a formal officer role, but rather operated was the principal of a small accounting firm. *Id.*

Here, by contrast, Plaintiffs do not allege that Byju Raveendran "actually fulfill[ed] the role" of Chief Executive Officer of Debtor, as the plaintiffs in *Harris* alleged. Nor do Plaintiffs allege that he fulfilled that role for six years, or that he was paid (much less overpaid) by Debtor. Rather, Plaintiffs allege that Byju Raveendran "held himself out" as CEO – one time, in one document. This is not correct, but even if it were, those are not the facts of *Harris*. *Harris*,

therefore, offers no support for finding jurisdiction over Byju Raveendran pursuant to the Delaware Officer Consent Statute.

### B.  Byju Raveendran Was Not Served Under Fed. R. Civ. P. 4(f), Either

"[A]s belt and suspenders" – and in tacit acknowledgement that their attempt to serve Defendant pursuant to the Delaware Officer Service Statute has failed – Plaintiffs attempt to establish that they served Defendant pursuant to Fed. R. Civ. P. 4(f)(2).  Opp. at ¶ 38.

As Defendant argued at the hearing (June 30, 2025 Hearing Tr. 74:3-8), and in his Opposition to the Motion for Contempt, he was not properly served pursuant to Fed. R. Civ. P. 4(f)(2).  Defendant's Opp. to Motion for Contempt at 2.

Fed. R. Civ. P. 4(f)(2) requires that service be accomplished in accordance with the laws of the United Arab Emirates, where Plaintiffs attempted service via cell phone.  Br. at 12-13.  But Plaintiffs, among other things, failed to serve papers in Arabic, as required, and sent them to a used car dealer's phone number, not to Byju Raveendran.  1st Decl. of Mohammed Al Muhtaseb dated July 14, 2025, ¶¶ 5-8.  Plaintiffs do not dispute that they sent the documents to the wrong phone number.  Opp. Br., Ex. A (Decl. of Amar Abdulaziz)¶¶ 17-19.  For this reason alone, service on Byju Raveendran was not made in accordance with UAE law.  Third Decl. of Mohammed Al Muhtaseb, dated August 5, 2025, ¶¶ 8, 11. Equally, the fact that the service papers were not accompanied in their entirety with Arabic translations is an independent reason that service was not made pursuant to UAE law. *Id.* ¶¶ 5-6.

In short, Plaintiffs' claims to have served Byju Raveendran do not survive the slightest scrutiny.  Understandably, the Court relied initially on the self-serving presentations by Plaintiffs' counsel to conclude that they had made valid service.  But Defendant exposed these claims of service to be unsupported in his briefing and at the June 30 Hearing for the Motion to

7

Contempt. With respect, the Court should now reconsider and withdraw its finding at the June 30 Hearing that it has jurisdiction over Defendant. It simply does not.

II.   **In Any Case, the Due Process Clause of the U.S. Constitution Prohibits this Court From Exercising Jurisdiction Over Defendant**

In his opening brief, Defendant laid out in detail why due process does not permit this Court to exercise jurisdiction over him. Br. pp. 15- 17 (citing *Walden v. Fiore*, 571 U.S. 277, 283-285 (2014). Plaintiffs offer no response, other than that Defendant's arguments "are irrelevant given his actions on behalf of a Delaware corporation [Debtor]." Opp. at 28. Plaintiffs are wrong, because "[t]he plaintiff cannot be the only link between the defendant and the forum … Due Process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. 285-86. Here, Byju Raveendran has no material connections with Delaware or the United States.

*Harris* is instructive in this regard. There, the court suggested that where – as here – a Defendant is neither an officer of a Delaware corporation, nor clearly an "Acting Officer", constitutional due process would prohibit the exercise of jurisdiction:

> To the extent there is uncertainty about whether a person served as an Acting Officer, that person should be able to argue with greater force that the exercise of personal jurisdiction would violate constitutional norms.

*Harris*, 289 A.3d at 336. Plaintiffs have no answer for this. This should concern the Court. A proper due process analysis of Byju Raveendran's contacts with the United States reveals that there is no legitimate basis on which the Court may exercise jurisdiction over him.

### III. Byju Raveendran Did Not Waive His Jurisdictional Defenses

The standard for finding waiver of a personal jurisdictional defense is high in this Circuit:

> A party is deemed to have consented to personal jurisdiction, and thereby waived it as a defense, if that party "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum."

*In re Asbestos Prods. Liab. Litig. (No. VI)*, 661 F. App'x 173, 177 (3d Cir. 2016) (quoting *In re Tex. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994). Likewise, the authority cited by Plaintiffs themselves requires that Defendant's behavior must indicate "an intent to litigate the case on the merits." Opp. at 18, *citing In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98 (3d Cir. 2019).

Here, there can be no serious suggestion that Byju Raveendran has demonstrated a willingness to engage in "extensive litigation" in this Court, or an "intent to litigate the case on the merits." Byju Raveendran has consistently objected to service and personal jurisdiction. *See* Br. at 17-18. He entered a limited appearance on April 21, 2025, where he raised objections to personal jurisdiction and the adequacy of service. D.I 9. When counsel appeared on his behalf at a June 9, 2025, concerning, these objections were repeated. June 9, 2025 Hearing Tr: 10:24-11:1; 13:2-4 ("Mr. Byju Raveendran has objected to jurisdiction and we expect to move forward on that … and the objection to service…"). There has been no waiver.

### IV. July 7 Order Disregarded Credible Evidence and Is Manifestly Unjust

As set forth above, this Court disregarded credible evidence that Byju Raveendran was not an officer of Debtor and therefore could not have been served pursuant to the Delaware Officer Consent Statute. The Court did not test the bald assertions of Plaintiffs regarding service under Fed. R. Civ. P. 4(f), which Plaintiffs do not deny have turned out to be untrue – most notably that Plaintiffs did not serve Byju Raveendran, but rather a Dubai used car salesman. The

9

Court also did not assess the constitutionality of its exercise of jurisdiction over Byju Raveendran against the requirements set forth by the U.S. Supreme Court in *Walden*. Nor did the Court consider the demanding legal standard for waiver, or analyze the behavior of Defendant in light of that standard. Byju Raveendran respectfully submits that this was manifestly unjust, and moves the Court to reconsider its July 7 Order.

## CONCLUSION

For the foregoing reasons, Defendant Byju Raveendran respectfully requests that the Court (i) vacate the contempt order, and (ii) provide such other relief as the Court deems just and proper.

**Dated: August 5, 2025**              **O'KELLY & O'ROURKE, LLC**

*/s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

*/s/ Matthew E. Draper*
Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendants*
*Byju Raveendran & Divya Gokulnath*