IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
|                      Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 25-50526 (BLS) |
| | ) | |
|                      Plaintiff, | ) | |
| | ) | **Ref. Adv. D.I. 66** |
| GLAS TRUST COMPANY, LLC, | ) | |
| | ) | |
|                      Intervenor-Plaintiff, | ) | |
| | ) | |
|                      v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | |
|                    Defendants. | ) | |

**GLAS TRUST COMPANY LLC'S REQUEST FOR ATTORNEYS' FEES AND EXPENSES IN ACCORDANCE WITH ORDER GRANTING PLAINTIFFS' MOTION TO HOLD BYJU RAVEENDRAN IN CONTEMPT OF COURT FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND REQUEST FOR CIVIL SANCTIONS**

Pursuant to the Court's *Order Granting Plaintiffs' Motion to Hold Byju Raveendran in Contempt of Court for Failure to Comply with the Court's Orders and Request for Civil Sanctions* dated July 7, 2025 (Adv. D.I. 66) (the "Contempt Order"), which authorized each of Plaintiff-Debtor BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS") to "submit a bill of costs setting forth their fees and expenses incurred in connection with prosecuting" *Plaintiffs' Motion to Hold Byju Raveendran in Contempt of Court for Failure*

---

[1]     The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

4936-2837-9227.1 31581.00001

*to Comply with the Court's Orders and Request for Civil Sanctions* (Adv. D.I. 45)] (the "Contempt Motion"), GLAS hereby submits its request (the "Request") for entry of an order, substantially in the form attached hereto as Exhibit A, requiring Byju Raveendran to pay GLAS in the amount of **$271,373.32** on account of the actual, necessary, and reasonable attorneys' fees and expenses billed by GLAS's attorneys in the prosecution of the Contempt Motion: Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland"), Reed Smith LLP ("Reed Smith"), and Pachulski Stang Ziehl & Jones LLP ("Pachulski," and together with Kirkland and Reed Smith, "GLAS's Attorneys").[1] *See* Exhibit B (summary of GLAS's Attorneys' fees and expenses). In support of this Request, GLAS respectfully states as follows:

## GLAS'S ATTORNEYS' FEES AND EXPENSES

1. In accordance with the Contempt Order, GLAS attaches the following exhibits:

- Exhibit C-1 (filed under seal) is the time detail reflecting the total fees incurred in connection with Kirkland's services relating to the Contempt Motion;

- Exhibit C-2 (filed under seal) is the expense detail incurred in connection with Kirkland's services relating to the Contempt Motion;

- Exhibit D-1 (filed under seal) is the time detail reflecting the fees incurred in connection with Reed Smith's services relating to the Contempt Motion;

- Exhibit D-2 (filed under seal) is the expense detail incurred in connection with Reed Smith's services relating to the Contempt Motion; and

- Exhibit E (filed under seal) is the time detail reflecting the fees incurred in connection with Pachulski's services relating to the Contempt Motion.

2. As being requested herein, GLAS's Attorneys billed a total of **234.65** hours in connection with prosecuting the Contempt Motion. *See* Exhibit B. The reasonable value of those

---

[1] GLAS incorporates by reference the detailed "Relevant Factual Background," paragraphs 1-8, from the Debtor's Request *For Attorney's Fees and Expenses In Accordance With Order Granting Plaintiffs' Motion to Hold Byju Raveendran in Contempt of Court For Failure to Comply With the Court's Orders and Request For Civil Sanctions* (Adv. D.I. 84).

services rendered is **$268,848.69**.  *Id.*  In addition to professional services, a limited number of attorneys from Kirkland and Reed Smith also traveled to Delaware to attend and participate in the Contempt Hearing.  Exhibit C-2 and Exhibit D-2 include the **$2,524.63** in total expenses associated with their attendance at the hearing.  GLAS therefore incurred **$271,373.32** in reasonable fees and expenses associated with its prosecution of the Contempt Motion.

## SUMMARY OF BASIS FOR GLAS'S REQUESTED ATTORNEYS' FEES AND EXPENSES

3. The names, hours worked, fees, and expenses charged by GLAS's Attorneys are summarized on Exhibit B.  The details of the time billed by the Kirkland, Reed Smith and Pachulski timekeepers are set forth in Exhibits C-1, D-1, and E, respectively.

4. To start, this is a high-stakes and complex litigation where GLAS represents its own interests, and also acts as the Administrative and Collateral Agent of a consortium of lenders (collectively, the "Lenders") that, as of today, are owed over $1.7 billion and counting.  In the *Complaint* (Adv. D.I. 1-2) to which GLAS has joined, the Debtor alleges that Raveendran perpetuated a scheme that caused the Debtor to default on its billion-dollar credit obligations and siphoned away more than $533 million to accounts unknown.  These allegations are grounded in extensive evidence.  In related litigation, this Court already concluded that multiple transfers of the $533 million at issue constituted an actual fraudulent transfer and a breach of the Debtor's former management's fiduciary duties.  *See generally In re BYJU's Alpha, Inc.*, 2025 WL 665294 (Bankr. D. Del. Feb. 27, 2025).

5. Despite years of investigation, the location of the $533 million *still* remains concealed, particularly by Raveendran who—given his top role in the BYJU's enterprise, prior

representations to the Lenders, and public actions[1]—knows fully well what happened to the money. So, the Debtor obtained this Court's approval to seek expedited discovery of Raveendran. *See, e.g.*, Adv. D.I. 25, 34 (together, the "Discovery Orders"). But Raveendran engaged in a series of delay tactics and excuses, and he ultimately refused to provide any meaningful responsive information. The Contempt Motion therefore sought consequences for Raveendran's defiance of the Court's two Discovery Orders.

6. Against this backdrop, GLAS's fee request is reasonable both given the time and labor required by the Contempt Motion, the significant importance of obtaining the requested expedited discovery in order to develop its claims and locate the $533 million—which, from everything that is known, is by far the most valuable asset of the Debtor—and the result obtained by the combined efforts of the attorneys for GLAS and the Debtor. GLAS's Attorneys devoted time towards: (i) coordinating with and strategizing alongside the Debtor, (ii) preparing for the status conference on June 24, 2025 and the contempt hearing on June 30, 2025 (the "Contempt Hearing"), including organizing exhibits, formulating arguments and a hearing presentation, and attending and arguing at the hearing, (iii) revising and conducting related legal research regarding the Contempt Motion and its reply brief, including complex issues of jurisdiction and service (Adv. D.I. 57), and (iv) conducting legal research and fact analysis, including of Raveendran's defenses and responses to the Contempt Motion (*see, e.g.*, Adv. D.I. 53, 55, 62) and (deficient) discovery responses.

7. The work described herein was commensurate with the importance of the issues before the Court. In any event, GLAS and the Debtor endeavored to work together to avoid

---

[1] *See, e.g.*, Yudhijit Bhattacharjee, *The math tutor and the missing $533 million,* Rest of World (May 27, 2025), https://restofworld.org/2025/byjus-owner-byju-raveendran-comeback-fraud-case/ ("Sitting across from me at a table for two, [Raveendran] sketched a diagram of little arrows on a paper napkin to provide an alternative explanation for the missing funds.").

duplication. For example, GLAS did not file its own contempt motion but instead collaborated with the Debtor to file the joint Contempt Motion and reply brief. Likewise, attorneys for GLAS and the Debtor provided distinct perspectives in their arguments before the Court.

8. In addition, as the Court will see from Exhibit B, work was appropriately delegated. The principal timekeepers for GLAS were a Kirkland litigation partner with the assistance of two Kirkland litigation associates, with research, drafting, and hearing preparation assistance from a senior Kirkland litigation partner (who also provided strategic advice), other Kirkland litigation attorneys with deep experience on this matter, and the Kirkland paralegal team as appropriate. Reed Smith and Pachulski provided appropriately-tailored advice to GLAS as well.

9. These efforts were necessitated by Raveendran's refusal to comply with the Court's valid Discovery Orders. And GLAS's Attorneys' efforts alongside the Debtor helped bring about a significantly important outcome: the Court's ruling that Raveendran may not circumvent this Court's orders without consequence.

**CONCLUSION**

10. Based upon the foregoing, GLAS respectfully requests that, in accordance with the Contempt Order, the Court order Byju to pay GLAS **$271,373.32** as reimbursement for the actual and necessary attorneys' fees and expenses incurred in connection with the prosecution of the Contempt Motion and grant such other and further relief as the Court may deem just and proper. GLAS is also available to provide any further information that would be helpful to the Court.

Dated: August 6, 2025
Wilmington, Delaware

*/s/ Laura Davis Jones*

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES LLP** | **KIRKLAND & ELLIS LLP** |
| Laura Davis Jones (DE Bar No. 2436) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Keane (DE Bar No. 5503) | Patrick J. Nash Jr., P.C. (admitted *pro hac vice*) |
| 919 North Market Street, 17th Floor | Richard U.S. Howell, P.C. (admitted *pro hac vice*) |
| P.O. Box 8705 | Ravi Subramanian Shankar (admitted *pro hac vice*) |
| Wilmington, Delaware 19801 | 300 North LaSalle Street |
| Telephone:  (302) 652-4100 | Chicago, Illinois 60654 |
| Email:  ljones@pszjlaw.com | Telephone:  (312) 862-2000 |
|   pkeane@pszjlaw.com | Facsimile:  (312) 862-2200 |
| | Email:  patrick.nash@kirkland.com |
| **REED SMITH LLP** |   rhowell@kirkland.com |
| David A. Pisciotta (admitted *pro hac vice*) |   ravi.shankar@kirkland.com |
| Nicholas B. Vislocky (admitted *pro hac vice*) | |
| 599 Lexington Avenue, 22nd Floor | -and- |
| New York, New York 10022 | |
| Telephone:  (212) 521-5400 | Brian Schartz, P.C. (admitted *pro hac vice*) |
| Facsimile:  (212) 521-5450 | 601 Lexington Avenue |
| Email:  dpisciotta@reedsmith.com | New York, New York 10022 |
|   nvislocky@reedsmith.com | Telephone:  (212) 446-4800 |
| | Facsimile:  (212) 446-4900 |
| | Email:  brian.schartz@kirkland.com |

*Counsel to GLAS Trust Company LLC*