# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br>(Jointly Administered) |
| BYJU'S ALPHA, INC.,<br><br>Plaintiff,<br><br>BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE<br><br>Defendants. | Adv. Proc. No. 25-50526 (BLS)<br><br>**Re: Adv. Docket Nos. 74 & 90** |

## REPLY IN SUPPORT OF DEFENDANT ANITA KISHORE'S MOTION TO DISMISS

John A. Sensing (No. 5232)
James R. Risener III (No. 7334)
**POTTER ANDERSON COROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile:  (302) 658-1192
Email: jsensing@potteranderson.com
         jrisener@potteranderson.com

*Counsel to Anita Kishore*

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

I.    THE PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION. .....................2

    A.    The Plaintiffs Fail to Establish Personal Jurisdiction Under the Traditional Test. .................................................................................................................2

    B.    The Plaintiffs Fail to Establish Personal Jurisdiction Under the Effects Test. .........7

    C.    The Plaintiffs Fail to Establish Personal Jurisdiction Under the Conspiracy Test. ..........................................................................................................8

    D.    Jurisdictional Discovery Is Not Appropriate Here. ....................................................8

II.    THE PLAINTIFFS FAIL TO REHABILITATE THEIR IMPROPERLY PLED CLAIMS. .....................................................................................................................9

    A.    Plaintiffs Do Not Plausibly Allege a Claim for Aiding and Abetting. ....................9

    B.    Plaintiffs Do Not Plausibly Allege a Claim for an Accounting. .............................10

    C.    Plaintiffs Do Not Plausibly Allege a Claim for Conversion. ..................................11

    D.    Plaintiffs Do Not Plausibly Allege a Claim for Civil Conspiracy. .........................11

CONCLUSION ................................................................................................................................12

## TABLE OF AUTHORITIES

                                                                              Page(s)

**CASES**

*Barkauskie v. Indian River Sch. Dist.*,
    951 F.Sup. 519, 543 (D.Del. 1996).................................................................................11

*In re BYJU's Alpha, Inc.*,
    661 B.R. 109 (Bankr. D. Del. 2024) ................................................................................10

*Duncan v. Vantage Corp.*,
    2019 WL 1349497 (D. Del. Mar. 26, 2019) ....................................................................10

*Gambone v. Lite Rock Drywall*,
    288 F. App'x 9 (3d Cir. 2008) ...........................................................................................7

*IMO Indus. v. Kiekert AG*,
    155 F.3d 254 (3d Cir. 1998) ........................................................................................ 7-8

*Jalbert v. Souza (In re F-Squared Inv. Mgmt., LLC)*,
    2019 Bankr. LEXIS 2817 (Bankr. D. Del. Sep. 6, 2019) ..................................................9

*Kunian v. Smollon*,
    2019 WL 2106115 (D. Mass. May 13, 2019)....................................................................3

*Lasala v. Marfin Popular Bank Pub. Co.*,
    410 Fed. Appx. 474 (3d Cir. 2011)....................................................................................8

*Lifescan, Inc. v. Smith*,
    2025 WL 1627196 (D.N.J. Mar. 4, 2025)........................................................................10

*Malpiede v. Townson*,
    780 A.2d 1075 (Del. 2001) ..............................................................................................10

*Matthew v. Fläkt Woods Group SA*,
    56 A.3d 1023 (Del. 2012) ..................................................................................................8

*Newport Inv. Grp., LLC v. Cliett*,
    2019 WL 1045162 (C.D. Cal. Mar. 5, 2019) ....................................................................3

*Rhodes v. Silkroad Equity, LLC*,
    2007 WL 2058736 (Del. Ch. Jul. 11, 2007).....................................................................10

Defendant Anita Kishore ("Kishore") respectfully submits this reply in support of *Defendant Anita Kishore's Motion to Dismiss* [Adv. D.I. 74] (the "Motion to Dismiss")[2] the Plaintiffs' Complaint [Adv. D.I. 2] (the "Complaint"). The Plaintiffs' opposition (the "Opposition" or "Opp.," as applicable) [Adv. D.I. 90] fails to refute the legal and factual deficiencies that warrant dismissal of the claims against Kishore.

## PRELIMINARY STATEMENT

1. Following the trend set by the Complaint, the Plaintiffs' Opposition continues to stretch the circumstances surrounding Kishore's alleged involvement with the Transfers beyond reasonable inference. The Plaintiffs rely on circular theories of personal jurisdiction, as they fail to establish personal jurisdiction under the traditional test. Moreover, the Plaintiffs buttress their exaggerated allegations with inappropriate inclusion of information not in the Complaint and inaccurate statements regarding the same.

2. Nevertheless, Plaintiffs insist on continuing their pursuit of an individual who was never a director or an employee or an officer of the Debtor or Inspilearn or Byju's Pte. Ltd (the parent company of the Debtor), nor a chief financial officer or director of T&L, and had the barest of contacts with the United States. Kishore Reply Declaration ¶ 3.[3] T&L had its own general counsel, chief executive officer, chief financial officer and board of directors. Kishore had no access, control, nor visibility into the accounting systems or bank accounts of the Debtor or Byju's Pte. Ltd (the parent company of the Debtor) or T&L and had no role whatsoever in the preparation of the accounts or financial statements of the Debtor or Byju's Pte. Ltd (the parent company of the

---

[2] Capitalized terms used herein and not defined shall have the meanings ascribed to them in the Motion to Dismiss and the accompanying memorandum in support of the same [Adv. D.I. 75] (the "Memorandum").

[3] References to the Kishore Reply Declaration are referring to the *Declaration of Anita Kishore in Support of Reply*, filed contemporaneously herewith.

Debtor) or T&L.  Kishore cannot be considered in any manner as the central architect of any of the alleged schemes nor be seen as having sufficient power to direct management decisions.  Even the Plaintiff indirectly acknowledges this truth, by trying to characterize (without evidence) Kishore as a "de-facto CFO."  She was not the chief finance officer of the Debtor, Inspilearn, or Byju's Pte. Ltd (the parent company of the Debtor) or T&L.  Kishore did not have any authority to act for the Debtor.

3.     Because the Plaintiffs cannot support their claims without resorting to inappropriate procedural mechanisms and exaggerated arguments, all claims against Kishore should be dismissed with prejudice.

## ARGUMENT

I.     **THE PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION.**

   A.   **The Plaintiffs Fail to Establish Personal Jurisdiction Under the Traditional Test.**

4.     It is undisputed that Kishore was not a party to the agreement that effected the Second Transfer.  And the multiple cases cited by Kishore in the Memorandum make clear that "evanescent contacts" – even multiple "evanescent contacts" – relating to transfers of funds will not give rise to jurisdiction.  Memorandum at 13-14.  Plaintiffs do not meaningfully respond to the weight of case law cited by Kishore, or the multiple District Court cases cited by Kishore that hold that emails and phone calls relating to aiding-and-abetting claims do not give rise to the necessary jurisdictional minimum contacts.  *See Newport Inv. Grp., LLC v. Cliett*, 2019 WL 1045162, at *6 (C.D. Cal. Mar. 5, 2019); *Kunian v. Smollon*, 2019 WL 2106115, at *8-9 (D. Mass. May 13, 2019).

5. Instead, the Plaintiffs change tack to exaggerate Kishore's tangential relationship to the Second Transfer, arguing that "Kishore commenced the March 2023 outreach resulting in the U.S.-centered transfer." Opp. at 15. In support, the Plaintiffs cite emails from early March 2023 in which Kishore asks for assistance with logging into the Camshaft portal and responds to requests for certain ministerial and administrative documents. *See* Exhibit 2, attached to Adv. D.I. 91. A request for login assistance and the Camshaft Capital Fund, LP account statement does not amount to the commencement of negotiations that "culminated in the execution of the Transfer Agreement," nor does it establish the allegation of the Plaintiff that "Kishore purposefully directed a series of activities at the U.S." Opp. at 14. Plaintiffs do not allege—because they cannot—that Kishore was involved in the negotiations, or the execution of the documents, that effectuated the Second Transfer.

6. The Plaintiffs then assert that Kishore contacted Camshaft "to transfer [the Debtor's] only remaining asset . . . to a Delaware LLC." Opp. at 14. This appears to be another reference to the Kishore Email, which, as discussed in the Memorandum, is an ambiguous email that the Plaintiffs unreasonably expect the Court to twist into meaning something it does not. Indeed, as the Kishore Email is a question about *resuming* a transfer process, any reliance by the Plaintiffs on the Kishore Email to support that Kishore *commenced* the process of transfer as alleged is misplaced. This fault, among others, leaves the Plaintiffs' argument based on *Remick* inapposite. *See* Opp. at 15 (citing *Remick v. Manfredy*, 238 F.3d, 248 (3d Cir. 2001)).

7. The Second Transfer was not effectuated by the March 6 Kishore Email. It was consummated, as Plaintiffs specifically allege, by a Transfer Agreement as of March 31, 2022, between "the Debtor, Inspilearn, and Camshaft." Complaint, ¶¶ 60-61. It is undisputed that

Kishore was not a party to that Transfer Agreement, she did not execute that Agreement, and she played no role in the Second Transfer itself.

8. Tacitly recognizing that Kishore's minimal contacts do not permit this forum to exercise personal jurisdiction over Kishore, Plaintiffs resort to exaggerating the record. Plaintiffs claim that Kishore "sent at least 26 known emails to U.S. counterparties." Opp. at 16 (citing Exs. 2-8 to the Opposition). Not so. Excluding duplicate emails, the exhibits cited contain nine emails from Kishore, four of which are emails regarding Kishore's login issue. Of the remaining five emails, one is a response to an administrative document request and was sent in April 2022, nearly a year before the Second Transfer, one is the Kishore Email, and the other three emails each involve responses from Kishore to administrative document requests. While Plaintiffs try to characterize Kishore as "facilitating due diligence" relating to the Second Transfer, Opp. at 5, her ministerial responses do not amount to the provision of "diligence" as Plaintiffs allege. *See* Kishore Reply Declaration ¶¶ 3, 5.

9. Plaintiffs next emphasize their allegation that Kishore requested to backdate the Transfer Agreement's "dealing date" from March 31 to March 1. *See* Opp. at 14 and Ex. 9 to Opp. But Plaintiffs' own Exhibit demonstrates that claim is untrue. Exhibit 9 to the Opposition is an email from William Morton of Camshaft to Carolina Diaz of Apex regarding the dealing date; Kishore is merely cc'd. Kishore did not request, and the Plaintiffs' evidence does not support the claim that Kishore requested, the alleged backdating. *See* Kishore Reply Declaration ¶ 4. Plaintiffs also make much of an email that Kishore received from T&L's Investor Relations team in September of 2022. Opp. at 11, 29 and Ex. 10. But the simple receipt of an email does not permit the exercise of personal jurisdiction, and Plaintiffs do not allege that Kishore drafted that

email or played any role in its sending. In fact, Kishore did not control the Investor Relations email account and did not send the email that Plaintiffs rely upon. Kishore Reply Declaration ¶ 5.

10. Moreover, Kishore did not hold herself out as a key player, and she is certainly not responsible for the contractual relationship with the Debtor. Indeed, the Plaintiffs reiterate in the Opposition that it was "specifically Byju, Gokulnath, and [Riju] at the time —that 'most of the time' dictated [Riju's] actions for the Debtor." Opp. at 3. The Plaintiffs admit that Riju was the decisionmaker, albeit with the aforementioned parties pulling his strings. Indeed, as Plaintiffs admit in their Opposition, that Riju controlled the transfer to Inspilearn, and "that Riju was Inspilearn's only authorized signatory." Opp. at 9. Moreover, a representative of the lenders, who are represented by GLAS Trust Company LLC ("GLAS"), one of the Plaintiffs in this action, has informed Kishore that the lenders know it is not Kishore who is "calling the shots." *See* Kishore Reply Declaration ¶ 9.[4]

11. It was also not at all foreseeable that Kishore would be haled into a Delaware court in connection with this proceeding. Kishore is an Indian national working for an Indian entity and has had far fewer contacts with the United States than the Debtor would have this Court believe. The Debtor claims that Kishore traveled to the United States for settlement discussions in New York in August 2023. Opp. at 16. This is wrong. Kishore happened to be traveling in the United States at the time and was invited to join in the discussions. *See* Kishore Reply Declaration ¶¶ 7-8. It was at this meeting that the lenders' representative told Kishore that the lenders understand

---

[4] Plaintiffs vaguely allege that Kishore "corroborated" Byju's statements regarding the existence of the money at issue in the alleged transfers on a January 14, 2024, call with the lenders. Not so. Kishore actually disavowed knowledge of the accuracy of those statements, noting only that T&L's auditors had apparently checked on the company's cash balances. Kishore Reply Declaration ¶ 10.

that it is not Kishore who is calling the shots. Kishore Reply Declaration ¶ 9. In any case, Kishore did not direct her travel to the United States for any purpose other than a personal trip. Kishore Reply Declaration ¶ 7. Kishore has indeed had minimal contacts with the United States and never intended to submit to the jurisdiction of a court in the United States.[5] Kishore has not purposefully directed any of her alleged activities at the U.S.

12. Additionally, Plaintiffs have not established that their injuries arise out of and are related to Kishore's contacts with the United States. Plaintiffs would have the Court believe that several emails about a login issue and a handful of document exchanges gave rise to this action. *See* Opp. at 17. Meanwhile, out of the other side of their mouth, the Plaintiffs maintain, and the lenders, represented by GLAS, have specifically admitted, that they know who is really in control—and it is ***not*** Kishore.

13. Plaintiffs also incorrectly refer to Kishore's issue with their characterization of the Kishore Email, among other things, as a "disguised merits attack." Opp. at 17. Rather, Kishore contests that there is any reasonable inference that the Kishore Email was an affirmative direction to resume the Second Transfer. Kishore was not directing anyone; that was not her job.[6] Indeed, Kishore was never a director or an employee or an officer of the Debtor or Inspilearn or Byjus Pte.

---

[5] Plaintiffs claim that there is no undue burden to Kishore in litigating in the United States because "she already has U.S. counsel." Opp. at 18 n.11. But again, Plaintiffs' arguments are circular. The only reason Kishore retained U.S. counsel is because Plaintiffs sued her in this Court. *See* Kishore Reply Declaration, ¶ 11. The burden of forcing Kishore, an Indian national, to litigate half the world away from her domicile is obvious.

[6] The Plaintiffs also make much of T&L's posting with GLAS, for distribution to the lenders, of its Q3 FY 2022–23 financial statements, as the communication happened to include Kishore as a cc recipient. As explained previously, Kishore was not the CFO or the "de facto CFO" and did not prepare or sign any of the aforementioned financial statements. *See* Kishore Reply Declaration, ¶ 3.

Ltd (the parent company of the Debtor) nor a director or chief financial officer of T&L. Kishore Reply Declaration ¶ 3.

14. Accordingly, the Plaintiffs have not established that Kishore should be subject to personal jurisdiction under the traditional test.

### B. The Plaintiffs Fail to Establish Personal Jurisdiction Under the Effects Test.

15. The Plaintiffs cannot establish personal jurisdiction under the "effects test" because they have not properly pled that Kishore has committed an intentional tort. *See Gambone v. Lite Rock Drywall,* 288 F. App'x 9, 14 (3d Cir. 2008). The Motion to Dismiss sets forth the reasons why this is the case, and, as will be shown below, the Opposition cannot remedy Plaintiffs' pleading failures.

16. Moreover, Plaintiffs have not satisfied the third prong of the "effects test," which requires a defendant to have "expressly aimed his tortious conduct at the forum." *See Gambone*, 288 F. App'x at 10-11. The Plaintiffs' allegations surrounding Kishore's knowledge that, among other things, "[t]he Debtor was a Delaware corporation," are not sufficient to establish that Kishore expressly aimed any conduct at Delaware or the United States. *See IMO Indus. v. Kiekert AG,* 155 F.3d 254, 265 (3d Cir. 1998) (explaining that "[s]imply asserting that the defendant knew that the plaintiff's principal place of business was located in the forum" is insufficient to satisfy the third *Calder* prong; "[t]he defendant must manifest behavior intentionally targeted at and focused on the forum," which, "[i]n the typical case," requires "some type of 'entry' into the forum state by the defendant"); *see also* Opp. at 20. Plaintiffs do not properly allege that Kishore ***intentionally*** targeted the United States, which requires evidence of "knowledge and intent in committing the tortious activity." *IMO Indus.*, 155 F.3d at 263-64.

### C. The Plaintiffs Fail to Establish Personal Jurisdiction Under the Conspiracy Test.

17. The Plaintiffs cannot establish personal jurisdiction under the "conspiracy test" because they have not properly pled their conspiracy claim as to Kishore. *See Matthew v. Fläkt Woods Group SA*, 56 A.3d 1023, 1027 (Del. 2012). Similar to the foregoing section, the Motion to Dismiss sets forth the reasons why this is the case, and, as will be shown below, the Opposition cannot remedy Plaintiffs' pleading failures.

### D. Jurisdictional Discovery Is Not Appropriate Here.

18. The Plaintiffs mention in passing that they should be entitled to jurisdictional discovery because their claim is not "clearly frivolous." Opp. at 22. "In order to demonstrate that the claim is not clearly frivolous, the plaintiff must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state." *Lasala v. Marfin Popular Bank Pub. Co.*, 410 Fed. Appx. 474, 478 (3d Cir. 2011) (cleaned up). Moreover, the Third Circuit has "cautioned against allowing jurisdictional discovery to serve as a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Id.* (cleaned up).

19. Here, the Motion to Dismiss sets forth why the Plaintiffs' claim of personal jurisdiction is frivolous. The Plaintiffs would ask the Court to exercise jurisdiction over a foreign national based on minimal contacts with the United States which they fail to properly plead as a basis for so doing. At most, the request for jurisdictional discovery is an attempt at a fishing expedition to see if: (i) Plaintiffs can happen to find a more reliable hook; or (ii) they can find

some information that would be of use in their actions against the other Defendants. Accordingly, Kishore respectfully asks the Court to deny any request for jurisdictional discovery.

## II. THE PLAINTIFFS FAIL TO REHABILITATE THEIR IMPROPERLY PLED CLAIMS.

### A. Plaintiffs Do Not Plausibly Allege a Claim for Aiding and Abetting.

20. Contrary to Plaintiffs' statements in the Opposition, the Complaint does not set out "extensive evidence of Kishore's hands-on orchestration" of the Second Transfer. Opp. at 24. Among other things, the Complaint does not properly plead that Kishore "regained online access to the Debtor's account with Camshaft." *Id.* This allegation was added in the Opposition. The Complaint also does not substantiate the allegations that Kishore "directed Camshaft to 'resume' the transfer," that Kishore "led the required diligence," that Kishore "ran point on having the transfer documents filled out," or that Kishore "concealed the First and Second Fraudulent Transfers, including through a sham cash verification process and having the transfer backdated." *Id.* All these allegations either are not supported by the Debtor's own exhibits, appear for the first time in the Opposition, or were dealt with in the Motion to Dismiss. With respect to the allegations not alleged in the Complaint, these allegations cannot be considered. *Jalbert v. Souza (In re F-Squared Inv. Mgmt., LLC)*, 2019 Bankr. LEXIS 2817, *35 (Bankr. D. Del. Sep. 6, 2019) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

21. Accordingly, the Plaintiffs cannot rely on their newly pled facts and given that the Motion to Dismiss dealt sufficiently with the actual content of the Complaint, the Court should dismiss Count III against Kishore.

22. Moreover, a claim for aiding and abetting a breach of fiduciary duty requires the existence of an underlying fiduciary duty breach. *Malpiede v. Townson,* 780 A.2d 1075, 1096 (Del. 2001). To the extent the Court finds that Byju did not engage in a breach of a fiduciary duty, the aiding and abetting claim against Kishore must be dismissed.

### B. Plaintiffs Do Not Plausibly Allege a Claim for an Accounting.

23. Plaintiffs' accounting claim should also be dismissed. While Plaintiffs attack Kishore's citation to *Lifescan, Inc. v. Smith*, 2025 WL 1627196 (D.N.J. Mar. 4, 2025), the *Lifescan* court did in fact recommend dismissal of the plaintiff's accounting claim. *Id.* at *28-29 (finding that under New Jersey law, a plaintiff must show there is no adequate remedy at law, and since there was no fiduciary or trust relationship between the plaintiff and defendants, accounting was not warranted). There is no such relationship between Kishore and Plaintiffs either. For that reason, Plaintiffs' citation to this Court's statements in *In re BYJU's Alpha, Inc.*, 661 B.R. 109 (Bankr. D. Del. 2024), is inapplicable to Kishore. There, direct fiduciary duty claims were alleged against Camshaft and Riju, and even that opinion characterizes accounting as an "equitable remedy." 661 B.R. at 122. Accounting is a remedy, and courts in this District have repeatedly found that "a request for an accounting will rise and fall with a claim for breach of fiduciary duty." *Duncan v. Vantage Corp.*, 2019 WL 1349497, at *11 (D. Del. Mar. 26, 2019); *see also Rhodes v. Silkroad Equity, LLC*, 2007 WL 2058736, at *11 (Del. Ch. Jul. 11, 2007); *Barkauskie v. Indian River Sch. Dist.*, 951 F.Sup. 519, 543 (D.Del. 1996). As Plaintiffs' other claims against Kishore cannot survive dismissal, Plaintiffs' accounting claim must also be dismissed.

### C. Plaintiffs Do Not Plausibly Allege a Claim for Conversion.

24. In keeping with previous arguments, the Plaintiffs again attempt to amend their Complaint in their Opposition with respect to the conversion claim. Notably, they make Kishore out to be much more central to the Second Transfer than alleged in the Complaint. Opp. at 27. The Complaint never alleges that "diligence materials circulated among Camshaft and Kishore" following the Kishore Email, and it does not allege that at this time Kishore was "acting as representative of both the Debtor and Inspilearn." *Id.* These conclusory and untimely additions to the Complaint should not be considered, and instead the Court should grant the Motion to Dismiss as to Count V.

### D. Plaintiffs Do Not Plausibly Allege a Claim for Civil Conspiracy.

25. Plaintiffs fail to plausibly plead a claim for civil conspiracy as to Kishore. They rely once again on exaggerated claims regarding Kishore's involvement with respect to the Second Transfer, as well as allegations that are not in the Complaint. For example, the Complaint does not contain proper allegations with respect to the purported "sham cash verification," and the Complaint does not allege anything regarding Kishore being a co-recipient of the email about the "T&L enterprise" still being the "beneficiary of the $533 million" (nor what Kishore's receipt of this email is intended to prove). Opp. at 29. Moreover, the Plaintiffs again point to facts not in the Complaint or not supported by their own evidence, including, among other things, the nonexistent request of Kishore to backdate the transfer.

26. Accordingly, the Complaint fails, among other things, to establish that Kishore was "in" on the actions of the other Defendants. That is, Plaintiffs do not properly plead that Kishore shared the other parties' "general conspiratorial objective" or that there were any communications,

meetings, or meetings of the mind necessary to demonstrate a conspiracy. Opp. at 28 (citing *Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.,* 723 F. Supp. 2d 676, 689 (D. Del. 2010)).

## CONCLUSION

For the reasons above and those set forth in the Motion to Dismiss, Kishore respectfully requests that the Court dismiss the claims against her with prejudice.

| | |
|---|---|
| Dated: August 22, 2025<br>Wilmington, Delaware | Respectfully Submitted,<br><br>*/s/ James R. Risener III*<br>John A. Sensing (No. 5232)<br>James R. Risener III (No. 7334)<br>**POTTER ANDERSON COROON LLP**<br>1313 N. Market Street, 6th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 984-6000<br>Facsimile:  (302) 658-1192<br>Email: jsensing@potteranderson.com<br>          jrisener@potteranderson.com<br><br>*Counsel to Anita Kishore* |