## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BYJU'S ALPHA, INC.,[1]<br><br><br>Debtor. | Chapter 11<br><br>Case No. 24-10140 (BLS)<br><br>(Jointly Administered) |
| BYJU'S ALPHA, INC.,<br><br>Plaintiff,<br><br>BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE<br><br>Defendants. | Adv. Proc. No. 25-50526 (BLS)<br><br>**Re: Adv. Docket No. 119** |

### DECLARATION OF ANITA KISHORE
### IN SUPPORT OF HER REPLY

I, Anita Kishore, hereby declare under penalty of perjury:

1.      I am a Defendant in the above-captioned adversary proceeding. I submit this declaration (the "Declaration") in support of the *Reply in Support of Defendant Anita Kishore's Motion to Dismiss* (the "Reply").[2]

2.      I am over 18 years of age, and if I were called upon to testify, I could and would testify competently to the facts set forth herein.

---

[1] The Debtor in this Chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the above-captioned Plaintiff's *Complaint* [Adv. D.I. 2], *Defendant Anita Kishore's Motion to Dismiss* [Adv. D.I. 74], *Defendant Anita Kishore's Memorandum in Support of Her Motion to Dismiss the Complaint* [Adv. D.I. 75], and the Reply, the latter of which is being filed contemporaneously herewith, as applicable.

3.      I am not and have not ever been a director or an employee or an officer of the Debtor, Inspilearn, or Byju's Pte. Ltd (the parent company of the Debtor).  I am not and have not ever been a director or chief financial officer  of T&L. T&L had a chief executive officer, chief financial officer, general counsel and board of directors.  Neither have I ever held myself out to be such.  I had no access, control, nor visibility into the accounting systems and bank accounts of the Debtor or Byju's Pte. Ltd (the parent company of the Debtor) or T&L and had no role whatsoever in the preparation of the accounts or financial statements of the Debtor or Byju's Pte. Ltd (the parent company of the Debtor) or T&L.

4.      At no point did I instruct any person or party to "backdate" a document related to the transfers alleged in the above-captioned action.  Plaintiffs attach as Exhibit 9 to their Opposition an email that I was cc'd on, in which William Morton of Camshaft Capital states that the management of BYJU's Alpha and Camshaft agreed to a March 1, 2022, dealing date for a transfer of interests.  I did not make any request relating to that dealing date, did not agree to any such change in dealing date, and had nothing to do with any such agreement.

5.      To the extent I provided any documentation to any party as set forth in the allegations in the Complaint or the Opposition and the exhibits thereto, I did so in my role as an employee of the T&L enterprise, and the documentation I provided was extant and ministerial or administrative in nature.

6.      At all relevant times, I did not have access to the Investor Relations email account that sent the email that Plaintiffs cite in their Opposition and attached thereto as Exhibit 10, and I did not send the aforementioned email.

7.      In August of 2023, I traveled to the United States on a personal trip.  I was not in the United States for any purpose related to the above-captioned action or the allegations underlying the same.

8.      While in the United States in August of 2023, I was asked to participate in discussions taking place in New York surrounding the settlement of issues related to the above-captioned action.  I agreed to and did attend such discussions.  These discussions were led by external advisors and counsel. I was informed that all discussions at these meetings were on a "without prejudice" basis.  However, I did not play any key role in such discussions, and my participation therein was limited.

9.      While I was attending the settlement discussions in New York, a representative of the lenders whom GLAS Trust Company LLC represents informed me that the parties know that I "was just the messenger" and that the parties know that I am not the one who is "calling the shots."

10.     On a January 14, 2024, call that included Byju and representatives of the lenders, I made the following statement regarding the existence of the funds at issue: "I don't know.  The only data point I have is that in October T&Ls auditors had apparently checked the cash balances for going concern verification for the FY22 audit and subsequently signed the audit."

11.     In their Opposition, Plaintiffs state that litigating in the United States will not cause me any undue burden, in part because I have already retained United States counsel.  I only retained United States counsel, however, after I learned that I was named as a defendant in this action.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on: August **22**, 2025

_____
Anita Kishore