## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | |
| BYJU'S ALPHA, INC., | Chapter 11 |
| Debtor. | Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC., | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiffs, | |
| v. | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | |
| Defendants. | |

## DEFENDANT BYJU RAVEENDRAN'S
## OPPOSITION TO THE MOTION FOR DEFAULT JUDGMENT

**O'KELLY & O'ROURKE, LLC**

Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendants*
*Byju Raveendran & Divya Gokulnath*

i

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND ................................................................................................. 2

THE COURT CANNOT GRANT DEFAULT JUDGMENT  BECAUSE IT LACKS
JURISDICTION OVER DEFENDANT .................................................................................. 3

RELIEF REQUESTED ....................................................................................................... 4

ARGUMENT ..................................................................................................................... 5

    I.    In this Circuit, Default Judgements for Discovery Violations Are Rare Due to the "Strong Policy Favoring Decisions on the Merits" .................................................................. 5

    II.    None of the *Poulis* Factors are Met ........................................................................ 7

      A.    Factor #1: Plaintiffs have failed to establish Defendant's Responsibility for Any Discovery Violations ......................................................................................................... 8

      B.    Factor #2: Plaintiffs Suffer No "True" Prejudice ........................................... 8

      C.    Factor #3: Plaintiffs Failed to Establish a "History" of Dilatory Conduct .................. 10

      D.    Factor #4: Plaintiffs Failed to Establish No Bad Faith Conduct.................................. 11

      E.    Factor #5: Plaintiffs Failed to Identify Alternative Sanctions ...................................... 12

      F.    Factor #6: Plaintiffs Are Unable to Establish the Merits of Their Claims Against Byju Raveendran .................................................................................................................. 14

      G.    Balancing of All Six Factors Does Not Support Default Judgment ............................ 14

    III.    Default Judgment Not Appropriate Because Discovery Requests are Not Tied to Merits of Claims Against Byju Raveendran......................................................................................... 15

    IV.    Plaintiffs Identify Only a Handful of Cases Over the Past 40 Years Where Courts Have Issued Default Judgments Against Defendants For Discovery Violations, and None Have Facts Even Close to Those Present Here.......................................................................................... 16

    V.    Default Judgment as to Damages Is Not Permitted ........................................................ 17

CONCLUSION ................................................................................................................. 18

## PRELIMINARY STATEMENT

In their Motion for Default Judgment, Plaintiffs seek an extreme remedy, depriving Byju Raveendran of all due process rights.  They seek to do this before his motion to dismiss has been considered, and before he has had the opportunity to offer a substantive response to Plaintiff's complaint. This is an extreme remedy because, if granted, it binds Byju Raveendran to all of the well pled allegations in Plaintiffs' Complaint. *Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping Inc.*, No. 06-1795 (JCL), at *7 (D.N.J. Nov. 9, 2006).

The justification for this radical remedy, according to Plaintiffs, is Byju Raveendran's "failure" to comply with expedited discovery ordered by the Court.  But he has responded to Plaintiffs' discovery requested and produced substantive answers and responsive documents.

Byju Raveendran nevertheless recognizes that Plaintiffs would like to lead the Court to believe that he is intentionally withholding documents and information.  But this is not the case. He (with the assistance of counsel) is working diligently to obtain additional information and documents from the bankruptcy proceedings in India of Think and Learn (India) Private Limited ("T&L").

The law of the Third Circuit makes it clear that under these factual circumstances, default judgement is not appropriate.  Where courts have issued default judgments for failure to comply with discovery obligations, the behavior of the party have been egregious, over a long period of time, and have caused demonstrable prejudice to the other party.  As set forth more clearly below, those are not the facts of this case.

More particularly, none of the authorities cited by Plaintiffs issued a default judgment against a defendant who had pending objections to jurisdiction and service.  Here, Byju

Raveendran has strong objections to the adequacy of service and the exercise of jurisdiction that are likely to succeed.

Plaintiffs see this Motion as yet another vehicle for them to smear Byju Raveendran by attempting to bootstrap into this proceeding findings made against other parties in the *Epic* and *Camshaft* proceedings – all actions to which he was not a party and had no opportunity to contest the allegations.

But primarily this Motion is an unjustified attempt by Plaintiffs to strip away all due process rights from Byju Raveendran.  Plaintiffs want this court to find liability and assess damages against him without trial and without process -- literally by "default".  This is an extraordinary and cynical attempt to by Plaintiffs to deprive Byju Raveendran of his due process rights, and should be rejected for all of the reasons set forth herein.

## FACTUAL BACKGROUND

The Court's May 23, 2025 discovery order attached Plaintiffs' interrogatories and requests for production.  On June 25, 2025, Byju Raveendran provided responses and objections to Plaintiffs' interrogatories and requests for production, and produced responsive documents. ("Discovery Responses").  Byju Raveendran subsequently issued sworn verifications of his Discovery Responses.

Plaintiffs downplay Byju Raveendran's Discovery Responses because his responsiveness does not fit their narrative.  Plaintiffs want this Court to believe that Byju Raveendran knows more than he is disclosing, and that he is withholding documents.  This is not true, for the reasons set forth in the Discovery Responses, among others.  As he explained in his interrogatory responses, after the bankruptcy action for Think & Learn Private Limited ("T&L") commenced in India (the "CIRP"), Indian law required that he be suspended as a director, which occurred on

16 July 2024.  Consequently, Byju Raveendran's access to his emails were subsequently blocked and restricted.

Byju Raveendran's T&L emails and documents are now under the possession custody or control of T&L, which is currently controlled by a Resolution Professional, who in turn cannot act without the approval of T&L's creditors committee.  The creditor's committee is controlled by Plaintiff-Intervenor GLAS.  Thus all documents of T&L are available to Plaintiffs – but not to Byju Raveendran.  This explains why the number of documents Byju Raveendran has produced to-date is relatively small.

Since the Court's Contempt Order dated July 7, 2025, Byju Raveendran's counsel has attempted to meet with the Resolution Professional to, among other things, attempt to obtain additional documents responsive to Plaintiffs' requests to produce.  As a former officer of T&L, Byju Raveendran is entitled to attend the Creditors Meetings.  Byju Raveendran's counsel and the Resolution Professional met on August 21, 2025.  Coundsel has sought information as to the status and existence of T&L's documents.  We expect to be able to provide a meaningful update to the Court soon.

### THE COURT CANNOT GRANT DEFAULT JUDGMENT
### BECAUSE IT LACKS JURISDICTION OVER DEFENDANT

Byju Raveendran has consistently objected that he has not been properly served in this action, and that this Court has no jurisdiction over him.  There are only two bases on which Plaintiffs claim he was served.  As set out in Byju Raveendran's Motion for Reconsideration, Defendants' Motion to Dismiss, and the Replies thereto, both fail as a matter of law.  The first depends on Byju Raveendran actually having been the CEO of Debtor, which he never was.  The second depends on the application of the law of the United Arab Emirates, which permits service by text message, but not where, as here, the service documents were texted to an unknown third

parties' cell phone. *See*, *e.g.*, Defendants' Reply in Support of Motion to Dismiss, pp. 7-8 (citing declarations from Byju Raveendran's UAE counsel).

Equally, personal jurisdiction is not present because Byju Raveendran is not an officer of any Delaware corporation, and Plaintiffs only allege a single contact between him and the forum, which is insufficient. *Id.* at pp. 2-7.

Where a defendant makes an objection to personal jurisdiction, Courts must resolve that objection before ruling on a motion for default judgment. See, e.g., *United States v. Moser*, 168 F.R.D. 171, 172, 174 (M.D. Pa. 1996) (staying motion for default judgment until personal jurisdiction objections were fully briefed and resolved, where defendants "repeatedly refused to comply with" discovery orders or "otherwise participate in the action because" they objected to the court's jurisdiction).

In any case, Plaintiffs have the burden of proof in this regard, and they have come up woefully short. None of the discovery Plaintiffs seek has any relation to these jurisdictional deficiencies, so there can be no claim from Plaintiffs that there is a nexus between the question of personal jurisdiction and the basis of this Motion. For this reason alone, the Motion should be dismissed.

## RELIEF REQUESTED

For the reasons set forth below, Defendant Byju Raveendran respectfully requests that the Court deny Plaintiffs' Motion for Default Judgment.

He requests in the alternative that the Court stay consideration of the Motion until his objections as to service and personal jurisdiction are resolved on the merits. Further, the Court should also stay consideration of the Motion until Byju Raveendran obtains and can provide to

the court additional evidence that the information Plaintiffs seek are (1) not in his possession,

custody or control, and (2) in the possession, custody or control of Debtor or GLAS.

### ARGUMENT

I.    I**n this Circuit, Default Judgements for Discovery Violations Are Rare Due to the "Strong Policy Favoring Decisions on the Merits"**

Plaintiffs seek default judgment against Byju Raveendran, invoking the six factors forth

in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).[1]  The Supreme Court

describes dismissal with prejudice as an "extreme" sanction.  *Nat'l Hockey League v. Metro.*

*Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). The *Poulis* factors, therefore, must be considered

in the context of the fundamental due process principle that disputes should be decided on the

merits:

> District courts, however, in considering the imposition of sanctions
> must keep in mind the "strong policy favoring decisions on the
> merits" and recognize that "dismissals with prejudice or defaults are
> drastic sanctions that must be a sanction of last, not first, resort." "If
> the case is close, doubts should be resolved in favor of reaching a
> decision on the merits."

*Sync Labs LLC v. Fusion-Mfg.*, 838 F. App'x 665, 670-71 (3d Cir. 2020) (quoting *Hildebrand v.*

*Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)).  In practice, this means that "[w]ithout a

---

[1]    *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)
(quoting *Poulis*, 747 F. 2d at 868):
> The court abuses its discretion where it fails to properly consider
> and balance [the *Poulis*] factors, namely:
> (1) the extent of the party's personal responsibility; (2) the prejudice
> to the adversary caused by the failure to meet scheduling orders and
> respond to discovery; (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was willful or in bad faith; (5)
> the effectiveness of sanctions other than dismissal, which entails an
> analysis of alternative sanctions; and (6) the meritoriousness of the
> claim or defense.
> The record must support the District Court's findings on the six
> factors.

doubt, cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132 (3d Cir. 2019)

"[T]his sort of drastic relief should be a sanction of "last, not first, resort." *Montana v. Cnty. of Cape May Bd. of Freeholders*, No. 09-755 (NLH/JS),, at *22 (D.N.J. Sep. 20, 2013) (quoting *Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 807 (3d Cir. 1986)).  As a result, the Third Circuit is reluctant "to authorize the drastic relief of a default 'absent the most egregious circumstances.'" *Id.* (quoting *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 161 (3d Cir. 2003);  *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("[d]ismissal is a harsh remedy and should be resorted to in only extreme cases").

Plaintiffs, therefore face a heavy burden in establishing an entitlement to default judgment:

> we have never upheld a court's dismissal when it was supported by an inadequate foundation on even one of the *Poulis* factors. *See, e.g., Adams*, 29 F.3d at 874, 876, 878 (vacating dismissal after a misapplication of three factors); *Carter*, 804 F.2d at 808 (vacating dismissal in part after a misapplication of one factor); *Scarborough*, 747 F.2d at 876-77 (vacating dismissal after a misapplication of two factors); *Titus*, 695 F.2d 747 (vacating dismissal after a misapplication of one factor). Where it is apparent that a district court misstated the law, relied upon findings that were not supported by the record, or did not consider the motion in light of our strong policy in favor of deciding cases on the merits, we must conclude that it abused its discretion.

*Hildebrand.,* 923 F.3d at 137 (overturning default judgment by district court).  Because a default judgment "deprives a party of its day in court, our precedent requires that we carefully review each such case to ascertain whether the district court abused its discretion in applying such an extreme sanction." *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)

As such, the Third Circuit has "always required consideration and balancing of *all six* of the factors and have recommended the resolution of any doubts in favor of adjudication on the merits." *Salvatierra v. Lake Erie Coll. of Osteopathic Med.*, No. 24-2552, 2025 LX 138802, at *2 (3d Cir. Jan. 13, 2025) (*quoting United States v. $8,221,877.16 in U.S. Curren*cy, 330 F.3d 141, 162 (3d Cir. 2003) (emphasis in original)).  For the reasons set forth below, Plaintiffs fail to meet the strict standards that could justify a sanction of default judgment.

## II.    None of the *Poulis* Factors are Met

When viewed in light of the stringent legal standard for default judgment adopted in the Third Circuit, Plaintiffs are unable to justify that most extreme of sanctions: Denying a defendant his day in court.

*First*, Byju Raveedran has participated in discovery.  He has produced both documents and substantive interrogatory responses.  Thus Plaintiffs' allegation that Byju Raveendran "refuses to partiticipate in Court-ordered discovery" is simply false.  Mot. At 11.  *Second*, there is no prejudice to Plaintiffs because Plaintiffs have all the information they seek in their possession, custody and control.  Indeed, Plaintiffs rely on the very "books and records" that they claim they seek to try to argue their entitlement to damages. Mot. at 20.  *Third*, there is zero "history" of dilatory behavior by Byju Raveendran – this proceeding is only four months old. *Fourth*, Plaintiffs have adduced no evidence of bad faith.  *Fifth*, a sanction of default judgment is unnecessary, not preferable to the alternatives, and, at most, premature.  *Sixth*, Plaintiffs cannot establish the merits of their claims because this Court has neither ruled on the pending Motions to Dismiss nor has Byju Raveedran filed and Answer addressing the merits of Plaintiffs claims.

*Finally*, the Court should reject Plaintiffs repeated attempts to conflate Byju Raveendran with his "cohorts".  Mot. At 11.  Guilt by association appears to be Plaintiffs' strategy in this

case.  Rather than any attempt to actually establish jurisdiction, liability or damages, Plaintiffs

improperly seek by this Motion to bypass the entire judicial process.

### A.  Factor #1: Plaintiffs have failed to establish Defendant's Responsibility for Any Discovery Violations

Plaintiffs assert that this factor weighs in favor of default because "there is no basis to

suggest that anyone but Raveendran is responsible for his contempt."  Mot. at 11.  But evidence

– not conjecture – is required.  *Hildebrand v. Allegheny Cnty.,* 923 F.3d at 138.  In *Hildebrand*,

the district court was overturned for insufficient evidence as to responsibility:

> The court held that Hildebrand was personally responsible for the
> delay when no record evidence exists to support that notion. Rather
> than resolving doubts in favor of reaching a decision on the
> merits, the District Court made unsupported assumptions about
> Hildebrand's personal involvement and responsibility and resolved
> doubts in favor of dismissal.

*Id.* (quotation omitted).

Regardless, the discovery violations alleged here come nowhere close to what is required

for a finding of default judgment.  The violations alleged here are pursuant to an expedited

discovery motion served before Byju Raveendran had been properly served, before (even by

Plaintiffs' telling) an answer was due.  Plaintiffs could not identify a single instance of a United

States court issuing default judgment for failure to comply with expedited discovery before an

answer was due.  Nor have Plaintiffs identified a single instance of default judgment against a

defendant before the court had resolved objections to its jurisdiction.

### B.  Factor #2: Plaintiffs Suffer No "True" Prejudice

There are at least three reasons why this factor does not weigh in favor of default

judgment.  First, Plaintiffs must show that they have suffered "true" prejudice:

> [E]vidence of true prejudice bears substantial weight in support of a dismissal. Relevant examples of prejudice include the irretrievable loss of evidence and the inevitable dimming of witnesses' memories.

*Hildebrand*, 923 F.3d at 134 (quotations omitted).

Here, there has been no true prejudice. Plaintiffs claim that their expedited discovery has been delayed (Mot. 12-13), and that they have expended time and money filing motions against Byju Raveendran. *Id.* at 13. But these annoyances, alone, do not justify a finding of prejudice. "True" prejudice must hinder or prevent the Plaintiffs from making their case. *Id.* ("An inability to prepare a full and complete trial strategy is sufficiently prejudicial"). Here, there can be no suggestion that Plaintiffs have been prevented from preparing a trial strategy, because Byju Raveendran has not had the opportunity to file an answer to the Complaint, discovery has yet to be conducted, and a trial date has not even been set. Likewise, there is no suggestion of any irretrievable loss of evidence.

Second, unlike virtually all instances where courts issuing default judgments against defendants, here Byju Raveendran has participated, made legitimate objections where appropriate, and otherwise produced responsive documents and  interrogatory responses.

Where courts find prejudice for discovery violations, the facts are far more extreme. For example:[2]

- *Garcia v. S&F Logistics*, No. 5:21-cv-04062-JMG, (E.D. Pa. Oct. 24, 2022). Defendants failed to respond to court orders, were "consistently absent for over six months," *id.* at *11, and the obstructive behavior "continues despite a quickly approaching trial date." *Id.* at 14.
- *Hildebrand.* Key witness died while party delayed, including refusing to make witness available for deposition. *Hildebrand*, 923 F.3d at 134 ("This prejudice to the DA's Office

---

[2]    Each of the following examples are cases relied upon by Plaintiffs in support of their Motion for Default Judgment.

bears substantial weight in favor of dismissal, but it is not dispositive of the appropriateness of imposing the harshest sanction available").

- *Mindek v. Rigatti*, 964 F.2d 1369 (3d Cir. 1992). "For the second time in four years, and after the labors of a federal magistrate judge, two district court judges and four panels of this Court, we must once again consider the case of two plaintiffs who, virtually from the commencement of their suit four years ago, have continually flouted court orders and denigrated the authority of the magistrate judge to whom their case was assigned." *Id.* at 1370.

Finally, Plaintiffs have suffered no prejudice because they either already possess the information sought in the expedited discovery requests, or could easily obtain them from other sources. *First,* Plaintiffs concede that Debtor has access to its books and records. Mot. at 20. *Second*, Plaintiff-Intervenor GLAS has access to the documents and information of Byju's Pte. Ltd., a Singapore subsidiary of T&L ("Byju's Singapore") of which Debtor is a subsidiary, because it invoked the Credit Agreement to send Byju's Singapore in bankruptcy. Byju's Singapore consolidates Debtor into its financial statements. *Third*, GLAS also controls the creditors committee of T&L in India, and therefore has access to all of T&L's documents. *Finally,* Plaintiffs (unlike Byju Raveendran) were parties to other adversary proceedings and received third party discovery responsive to its document requests to Byju Raveendran. Given the duplicative and redundant nature of the discovery requests Plaintiffs issued to Byju Raveendran in this action, Plaintiffs can claim no prejudice for not receiving them from Byju Raveendran.

### C. Factor #3: Plaintiffs Failed to Establish a "History" of Dilatory Conduct

This factor considers whether there is a long history of delay caused by a particular defendant:

> Extensive or repeated delay or delinquency constitutes a history of dilatoriness. Normally, conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness. Most cases

10

where the court found a history of dilatoriness involved repeated
delay.

*Hildebrand*, 923 F.3d at 135 (quotations omitted).  In support of this factor, Plaintiffs state that

Byju Raveendran missed discovery deadlines and "ignored" the Court's contempt order.  Mot. at

14.  Bit all of this relates to a single set of discovery requests by Plaintiffs.  Plaintiffs fail to

acknowledge that Byju Raveendran has attempted to comply, and continues to seek to purge the

Court's contempt finding.

"[C] onduct that occurs one or two times is insufficient to demonstrate a history of

dilatoriness." *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984).  Thus, a single failure

to respond to discovery requests, as Plaintiffs allege, is simply insufficient to establish a "history

of dilatoriness," even if that alleged failure extended over four months.

The caselaw bears this out.  In *Hildebrand*, for example, a single incident lasting ***three***

***years*** was not enough to satisfy this factor.  *Id.* ("Hildebrand's conduct has not been delinquent

at any other point, and the fact that his delay was an isolated incident—albeit, a three-year-long

one—should serve to mitigate the weight the District Court placed in favor of dismissal").

In *Tunsil v. Wolf*, No. 22-1288 (3d Cir. June 23, 2022), plaintiff's failure "to file a second

amended complaint during the ***six-month period*** after the District Court first directed him to do

so, [] did not demonstrate consistent non-responsiveness over the life of the case." *Id.* at *4

(quotations omitted) (emphasis added).

In short, the third *Poulis* factor also weighs against a sanction of default judgment.

### D.  Factor #4: Plaintiffs Failed to Establish No Bad Faith Conduct

The fourth *Poulis* factor requires a clear record of delay or contumacious conduct. *Bortex*

*Indus. Co. v. Fiber Optic Designs, Inc.*, 296 F.R.D. 373, 383-84 (E.D. Pa. 2013) ("[D]ismissal is

a drastic sanction and should be reserved for those cases where there is a clear record of delay or

contumacious conduct") (quoting *Poulis* at 866).  In evaluating this factor, a court should look

for repeated examples of

> "flagrant bad faith," such as failing to answer interrogatories for
> nearly a year and a half, demanding numerous extensions, ignoring
> admonitions by the court, and making false promises to correct
> delays.  *Scarborough*, 747 F.2d at 875 (citing *Nat'l Hockey League*,
> 427 U.S. at 643). "Willfulness involves intentional or self-serving
> behavior." *Adams*, 29 F.3d at 875.  A lengthy delay reflects
> "inexcusable negligent behavior," *id.* at 876, but that behavior alone
> does not rise to the level of willfulness or bad faith.

*Hildebrand*, 923 F.3d at 135.  Here, Plaintiffs accuse Byju Raveendran of far less: untimely and

incomplete discovery responses, and failure to appear at a hearing without a satisfactory

explanation.  Mot. at 14.   Even if these allegations constituted "inexcusable negligent behavior,"

(they do not), Plaintiffs have entirely failed to show how they rise to the level of willfulness or

bad faith.

The fourth *Poulis* factor weighs against a sanction of default judgment.

### E.  Factor #5: Plaintiffs Failed to Identify Alternative Sanctions

A "court must consider alternative sanctions before dismissing a case with prejudice…

[d]ismissal must be a sanction of last, not first, resort."  *Hildebrand*, 923 F.3d at 136 (quotations

omitted).

The Third Circuit cautions that:

> Although promptness in judicial administration is highly desirable,
> delay may sometimes be necessary to the mission of doing justice.
> We are all too often reminded that "justice delayed is justice
> denied." But, it is equally true that in some situations "justice rushed
> is justice crushed."
> As the Supreme Court has reminded us, "a myopic insistence upon
> expeditiousness in the face of a justifiable request for delay can
> render the right to defend with counsel an empty formality." *Ungar
> v. Sarafite*, 376 U.S. 575, 589 (1964).

*McMullen v. Bay Ship Mgmt.*, 335 F.3d 215, 219 (3d Cir. 2003)

The procedural posture of this action underlines why Plaintiffs' rush to default judgment sanction is inappropriate.  Again, there has been no determination of the defendants' objections to jurisdiction, there have been no answers to the Complaint, and there has been no non-expedited discovery to assist the parties to prepare for summary judgment or trial. At this early stage of proceedings, default judgment makes no sense.

Appropriate sanctions, if any need only address the prejudice to Plaintiffs:

> In most cases, … placing the aggrieved party in the position it was in prior to the dilatory behavior would be impossible.  Rather, alternative sanctions need only be effective toward mitigating the prejudice caused by dilatory behavior or delinquency.

*Hildebrand*, 923 F.3d at 136.  Here, Plaintiffs offer no other possible sanctions for the court to consider.  This is not surprising because, since they can identify no actual prejudice, it is impossible for Plaintiffs to fashion an alternative sanction that could ameliorate their lack of prejudice (with perhaps the exception of attorneys fees).

Plaintiffs say monetary sanctions would be ineffective.  But "the analysis regarding alternative sanctions does not begin and end with a determination that monetary sanctions are not available.  *Adkins v. Reynolds*, 788 F. App'x 824, 828 (3d Cir. 2019) (citation omitted).  Rather,

> The inquiry is more searching and requires that the Court consider whether lesser sanctions would better serve the interests of justice. This includes a warning or formal reprimand.

*Id.*  This is particularly appropriate where, as here, the defendant is responding to discovery requests while making good faith objections to service and personal jurisdiction.  Byju Raveendran has suggested, for example, that this motion be stayed until his jurisdictional objections have been heard and he has been able to provide the Court with evidence

demonstrating that the information Plaintiffs seek are not in his possession but, if anything, in Plaintiffs' possession custody or control.

Thus, the fifth *Poulis* factor weighs against a sanction of default judgment.

### F.  Factor #6: Plaintiffs Are Unable to Establish the Merits of Their Claims Against Byju Raveendran

Given the early stage of these proceedings, it is impossible for Plaintiffs to establish the sixth *Poulis* factor: the merits of Plaintiffs' claims.  At a minimum a full set of pleadings, is necessary to determine the merit of Plaintiffs' claims.  *See*, *e.g.*, *Shaw v. Vetforce, Inc. Pa.*, No. 4:23-CV-01868,, at *16 (M.D. Pa. July 8, 2024) ("The Court does not have the benefit of a motion for summary judgment before it and is unable to make a determination as to the merits of Plaintiff's claims. Therefore, this factor weighs against sanctions").  Here, motions to dismiss are outstanding and no defendant has submitted an answer to the Complaint.  Nor have defendants been able to conduct discovery.  In such circumstances, it is impossible to determine the merits of Plaintiffs' claims.  Nevertheless, the motions to dismiss raise serious questions as to whether Plaintiffs have failed to state a claim.

In the face of this, Plaintiffs rely on guilt by association, citing judgments obtained against other parties, in actions to which Byju Raveendran was not a party.  Mot. at 17.  Byju Raveendran is entitled to an independent evaluation of claims against him, not just bootstrapping of judgments against Riju Ravindran or T&L.

The sixth and final *Poulis* factor weighs against a sanction of default judgment.

### G.  Balancing of All Six Factors Does Not Support Default Judgment

Here, a balancing of all six *Poulis* factors does support a sanction of default judgment. Among other things, Plaintiffs can establish no prejudice, no history of dilatory conduct, and no bad faith.  As noted, "Cases should be decided on the merits barring substantial circumstances in

support of the contrary outcome.  If the case is close, doubts should be resolved in favor of reaching a decision on the merits." *Aranga v. Advanced Student Transp., Inc.*, No. 17-013-LPS,, at *5 (D. Del. Sep. 30, 2019).

### III. Default Judgment Not Appropriate Because Discovery Requests are Not Tied to Merits of Claims Against Byju Raveendran

When issuing a default judgment for inadequate compliance with discovery obligations, the Supreme Court requires a finding that "the refusal to produce evidence material to the administration of due process was but an admission of the want of merit in the asserted defense." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 705 (1982).

But the discovery responses about which Plaintiffs complain to do not go to any of Byju Raveendran's defenses in this action.  Rather, as Plaintiffs admit, the "danger animating the Debtor's original expedited discovery motion [is the] whereabouts of the Alpha Funds…"  Mot. at 2.  Thus, the discovery requests seek information about Byju Raveendran's position and role at Debtor, the location and ownership of the Alpha Funds and the Camshaft Interest, the offset of the Alpha Funds, and Debtor's books and records.  These discovery requests have little to nothing to do with whether Byju Raveendran is liable for aiding and abetting Riju Raveendran, or civil conspiracy.

Moreover, the fact that a merits nexus is required to issue a default judgement demonstrates the inappropriateness of that sanction here: The case is at a such a preliminary stage, and regular discovery has yet to commence, so the Court is not yet even concerned with determining the merits of Plaintiffs' claims.  Since this proceeding has not yet addressed the merits of Plaintiffs claims, there is no basis on which an alleged failure to comply with preliminary discovery requests could give rise to default judgment.

**IV.    Plaintiffs Identify Only a Handful of Cases Over the Past 40 Years Where Courts Have Issued Default Judgments Against Defendants For Discovery Violations, and None Have Facts Even Close to Those Present Here.**

Given the high bar to justifying default judgment, it is not surprising that none of the authorities that Plaintiffs rely on and which resulted in the default judgment against a defendant for failure to produce discovery, bear any similarity to the present case:

- *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683 (3d Cir. 1988). Default judgment awarded after defendants failed to comply with discovery obligations for more than 14 months; the plaintiffs filed six motions for sanctions. Defendants' witnesses failed to appear at depositions, and when they did, often contradicted themselves.

- *United States v. Moser*, 168 F.R.D. 171 (M.D. Pa. 1996). Default judgment awarded after defendants returned discovery requests as "refused" and did not provide any response thereto; refused to participate in the action or comply with discovery related orders; and failed to appear at depositions.

- *Northstar Fin. Cos. v. Nocerino*, No. 11-5151, (E.D. Pa. Nov. 15, 2013). Default judgment awarded after defendants failed to comply with discovery obligations for over a year; plaintiffs filed three motions for sanctions. *Id* at *3-16. The court issued three separate orders on the production of the same materials, and imposed two monetary sanctions before considering default judgment. *Id.* at *23-24.

- *United States ex rel. Constr. Hardware, Inc. v. Patterson*, No. 12-3285, (E.D. Pa. June 10, 2014). Default judgment awarded after Defendants failed to respond to any written discovery request for over a year; three times Defendants failed to appear at depositions that they had previously agreed to attend; and Defendants failed to provide any substantive response to Plaintiff's summary judgment motion.

- *United States v. Brace*, 1 F.4th 137 (3d Cir. 2021). Defendant repeatedly and over a number of years missed discovery deadlines, sought extension after extension but still failed to meet deadlines, and then filed a 9,000-page opposition to summary judgment containing a 248-page expert report and other evidence that the court had already excluded.

These cases concretely demonstrate that the uncooperative conduct required for default judgments against defendants for discovery violations in this Circuit must be far more egregious

than anything Plaintiffs have accused Byju Raveendran of doing.  The Motion should be dismissed.

## V.      Default Judgment as to Damages Is Not Permitted

Plaintiffs claim the Court may award damages without holding a separate evidentiary hearing because the evidence they have submitted is sufficient.  Mot. at 19.  But the "only allegations in a plaintiff's complaint that are not treated as true upon the entry of a default judgment are those pertaining to the amount of damages."  *Bds. of Trs. of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping Inc.,* No. 06-1795 (JCL), at *8 (D.N.J. Nov. 9, 2006) (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990). Therefore, an evidentiary hearing on damages can only be avoided if "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendants' default."  *Id.* at 9.  Examples of such cases are "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof."  *Id.*

Plaintiffs offer various damages figures for the first time in connection with this Motion (Pohl Declaration) or that have been established in other actions to which Byju Raveendran was not a party.  Mot. at 20-21 (citing to Camshaft Adversary Proceedings).  Byju Raveendran, who at this preliminary stage is challenging service and jurisdiction, will vigorously contest these purported damages figures, and seek discovery in relation to them, if jurisdiction and liability are established.  But Plaintiffs' damages figures cannot be assessed without "resort to extrinsic evidence," and so may not be determined in this Motion.

To cite a simple example, Plaintiffs seek interest (Mot.at 21 n. 10), but have failed to adduce any evidence on the applicable rate of interest, much less afforded Byju Raveendran the opportunity to contest that rate.

Finally, Plaintiffs trip over themselves in their attempt to obtain an award of damages. First, Plaintiffs contradict their assertion that damages amounts can be adopted from the figures they present in their papers, state that Byju Raveendran has failed to produce discovery relevant to the calculate of Plaintiffs' damages. Mot. at 21. Which is it? Are Plaintiffs' damages claims reliable, or should Byju Raveendran be held liable for failure to produce damages-relevant discovery?

Of course, this is all a smokescreen, because, as noted, Plaintiffs already have the documents they seek via their emergency discovery. For example, to demonstrate that they have properly established accurate damages amount, Plaintiffs cite to the Debtor's Governor's "review of the Debtor's books and records." Motion at 20, citing Declaration of Timothy Pohl (Exhibit B). And yet, Plaintiffs obtained a contempt order against Byju Raveendran on the basis that he had not produced "Debtor's books and records." RFP No. 5 (see also Motion at 18). Plaintiffs cannot have it both ways: claiming they need certain documents, but then claiming they have enough information to bring their claims and establish damages.

The truth is that Plaintiffs emergency discovery was never aimed at establishing damages, Plaintiffs have not established damages, such damages are uncertain and contested, and require further briefing and a hearing to adjudicate. Plaintiffs are simply not entitled to an award of damages.

## CONCLUSION

For the foregoing reasons, Defendant Byju Raveendran respectfully requests that the Court deny Plaintiffs' Motion for Default Judgment.

Byju Raveendran requests in the alternative that the Court stay consideration of the Motion until his objections as to service and personal jurisdiction are resolved on the merits. Further, the Court should also stay consideration of the Motion until Byju Raveendran obtains

and can provide to the court additional evidence that the information Plaintiffs seek are (1) not in his possession, custody or control, and (2) largely in the possession, custody or control of Debtor or GLAS.

**Dated: August 25, 2025**

**O'KELLY & O'ROURKE, LLC**

*/s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

*/s/ Matthew E. Draper*
Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendants*
*Byju Raveendran & Divya Gokulnath*