**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | |
| BYJU'S ALPHA, INC.,[1] ) | Chapter 11 |
| ) | |
| Debtor. ) | Case No. 24-10140 (BLS) |
| ) | |
| ) | |
| BYJU'S ALPHA, INC., ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, ) | |
| and ANITA KISHORE, ) | **Ref. Adv. D.I. 97** |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING OF REVISED PROPOSED JUDGMENT ORDER**

  **PLEASE TAKE NOTICE** that, on August 11, 2025, plaintiff-debtor and judgment creditor BYJU's Alpha, Inc., along with plaintiff-intervenor and judgment creditor GLAS Trust Company LLC (collectively "Plaintiffs") filed the *Plaintiffs' Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default Against Defendant Byju Raveendran* [Adv. D.I. 97] (the "Motion for Default Judgment"). Attached thereto as Exhibit A was a proposed form of judgement order (the "Original Order").

  **PLEASE TAKE FURTHER NOTICE** that the Plaintiffs have made certain revisions to the Original Order, which are reflected in the revised proposed form of judgement order attached hereto as **Exhibit A** (the "Revised Order"). For the convenience of the Court and other interested parties, attached hereto as **Exhibit B** is a blackline comparing the Revised Order against the Original Order.

  **PLEASE TAKE FURTHER NOTICE** that the Plaintiffs intend to seek entry of the Revised Order at the hearing scheduled for September 9, 2025 at 1:30 p.m. (ET) (the "Hearing") to consider, among other matters, the Motion for Default Judgment. The Plaintiffs reserve all rights to further revise or modify the Revised Order, at, prior to, or after the Hearing.

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

Dated: September 8, 2025
    Wilmington, Delaware    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com

-and-

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Benjamin Finestone (admitted pro hac vice)
Kate Scherling (admitted pro hac vice)
Jordan M. Nakdimon (admitted pro hac vice)
295 Fifth Avenue
New York, New York 10016
Tel.: (212) 849 7000
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
jordannakdimon@quinnemanuel.com

Counsel for Plaintiff-Debtor, BYJU's Alpha, Inc.

## EXHIBIT A

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | **Ref. Adv. D.I. 97** |
| Defendants. | ) | |

## JUDGMENT ORDER

Upon consideration of *Plaintiffs' Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default Against Defendant Byju Raveendran* [Adv. D.I. 97] (the "Motion for Default Judgment") filed by the Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS," and together with the Debtor, "Plaintiffs"); and the Court having found that it has subject matter jurisdiction to consider and determine the Motion for Default in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2023; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it has the power to enter a final order consistent with Article III of the United States Constitution; and venue being

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed Plaintiffs' Motion for Default Judgment and the declaration and other exhibits thereto; and the Court having considered all responses thereto; and the Court having held a hearing on September 9, 2025 (the "Hearing"); and this Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Plaintiffs' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 37, as incorporated by reference by Federal Rule of Bankruptcy Procedure 7037, is GRANTED.

2. Judgment is hereby entered in favor of Plaintiffs against Defendant Byju Raveendran ("Raveendran") as to Count I of the *Complaint* [Adv. D.I. 1 (redacted); Adv. D.I. 2 (sealed)] (the "Complaint") on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran aided and abetted Riju Ravindran's breach of fiduciary duties to the Debtor by authorizing the First Fraudulent Transfer (as defined in the Motion for Default Judgment). The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

3. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count II of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran breached his fiduciary duties to the Debtor by authorizing the Second Fraudulent Transfer (as defined in the Motion for Default Judgment). The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

4. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count IV of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi).

Raveendran is ordered to render a full and accurate accounting of the Alpha Funds and any proceeds thereof, including but not limited to the Camshaft LP Interest (as defined in the Complaint), including each and every subsequent transfer and any proceeds thereof.

5. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count V of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran is liable for the conversion of the Camshaft LP Interest. The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

6. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count VI of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran is liable for engaging in a civil conspiracy to defeat the Debtor's ownership of the Alpha Funds and the proceeds thereof, including the Camshaft LP Interest. The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

7. The parties are hereby ordered to meet and confer regarding a propose a briefing schedule and hearing date with respect to the Court's determination of the amount of Raveendran's liability to the Plaintiffs, such hearing date shall be no later than 45 days after the entry of this Order.

8. The terms and conditions of this Judgment Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and Plaintiffs may, in their discretion and without further delay, take any action and perform any act authorized under this Judgment Order.

9. This Court shall have exclusive jurisdiction to interpret and enforce the terms of this Judgment Order.

# **EXHIBIT B**

## **Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| | ) | |
| BYJU'S ALPHA, INC., | ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | **Ref. Adv. D.I. 97** |
| Defendants. | ) | |
| | ) | |

## JUDGMENT ORDER

Upon consideration of *Plaintiffs' Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default Against Defendant Byju Raveendran* [Adv. D.I. [●]97] (the "Motion for Default Judgment") filed by the Debtor-Plaintiff BYJU's Alpha, Inc. (the "Debtor") and Intervenor-Plaintiff GLAS Trust Company LLC ("GLAS," and together with the Debtor, "Plaintiffs"); and the Court having found that it has subject matter jurisdiction to consider and determine the Motion for Default in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2023; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it has the power to enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed Plaintiffs' Motion for Default Judgment and the declaration and other exhibits thereto; and the Court having considered all responses thereto; and the Court having held a hearing on [●]September 9, 2025 (the "Hearing"); and this Court having found that due and sufficient notice was given under the circumstances; and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Plaintiffs' Motion for Default Judgment pursuant to Federal Rule of Civil Procedure ("Rule") 37, as incorporated by reference by Federal Rule of Bankruptcy Procedure 7037, is GRANTED.

2. Judgment is hereby entered in favor of Plaintiffs against Defendant Byju Raveendran ("Raveendran") as to Count I of the *Complaint* [Adv. D.I. 1 (redacted); Adv. D.I. 2 (sealed)] (the "Complaint") on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran aided and abetted Riju Ravindran's breach of fiduciary duties to the Debtor by authorizing the First Fraudulent Transfer (as defined in the Motion for Default Judgment). ~~Accordingly, Raveendran is liable to Plaintiffs in an amount of $533,000,000.00, plus (a) pre-judgment interest at a rate of (i) 5.5% (compounded quarterly) as to $318,000,000.00 beginning as of April 28, 2022 through the date hereof and (ii) 6.75% (compounded quarterly) as to $215,000,000.00 beginning as of July 13, 2022 through the date hereof for a total including accrued pre-judgment interest of $[●].~~ The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

3. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count II of the Complaint on a default basis as a discovery sanction pursuant to Rule

2

37(b)(2)(vi). Raveendran breached his fiduciary duties to the Debtor by authorizing the Second Fraudulent Transfer (as defined in the Motion for Default Judgment). ~~Accordingly, Raveendran is liable to Plaintiffs for damages in an amount of $540,647,109.20, plus (a) plus pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through the date hereof for a total including accrued pre-judgment interest of $[●].~~ The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

4. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count IV of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran is ordered to render a full and accurate accounting of the Alpha Funds and any proceeds thereof, including but not limited to the Camshaft LP Interest (as defined in the Complaint), including each and every subsequent transfer and any proceeds thereof.

5. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count V of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran is liable for the conversion of the Camshaft LP Interest. ~~Accordingly, Raveendran is liable to Plaintiffs for damages in an amount of $540,647,109.20, plus (a) pre-judgment interest at a rate of 10.00% (compounded quarterly) beginning as of March 31, 2023 through the date hereof for a total including accrued pre-judgment interest of $[●].~~ The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

6. Judgment is hereby entered in favor of Plaintiffs against Raveendran as to Count VI of the Complaint on a default basis as a discovery sanction pursuant to Rule 37(b)(2)(vi). Raveendran is liable for engaging in a civil conspiracy to defeat the Debtor's ownership of the Alpha Funds and the proceeds thereof, including the Camshaft LP Interest.

3

~~Accordingly, Raveendran is liable to Plaintiffs for the damages associated in an amount of $540,647,109.20, plus (a) pre-judgment interest at a rate of 10.0% (compounded quarterly) beginning as of March 31, 2023 through the date hereof for a total including accrued pre-judgment interest of $[●].~~ The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date.

7. The parties are hereby ordered to meet and confer regarding a propose a briefing schedule and hearing date with respect to the Court's determination of the amount of Raveendran's liability to the Plaintiffs, such hearing date shall be no later than 45 days after the entry of this Order.

8. ~~7.~~ The terms and conditions of this Judgment Order shall be immediately effective and enforceable upon its entry, notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, and Plaintiffs may, in their discretion and without further delay, take any action and perform any act authorized under this Judgment Order.

9. ~~8.~~ This Court shall have exclusive jurisdiction to interpret and enforce the terms of this Judgment Order.

~~DATED:~~

~~JUDGE BRENDAN L. SHANNON~~
~~UNITED STATES BANKRUPTCY JUDGE~~

4