## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| BYJU'S ALPHA, INC.,[1] | ) Chapter 11 |
| | ) |
| Debtor. | ) Case No. 24-10140 (BLS) |
| | ) |
| | ) |
| BYJU'S ALPHA, INC., | ) Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, | ) |
| | ) **Re: Adv. Pro. D.I. 134** |
| v. | ) |
| | ) |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, | ) |
| and ANITA KISHORE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANT BYJU RAVEENDRAN'S MOTION FOR A PROTECTIVE ORDER AND RELIEF FROM PLAINTIFFS' DEPOSITION NOTICE

Plaintiffs BYJU's Alpha, Inc. (the "Debtor") and GLAS Trust Company LLC ("GLAS")

oppose *Defendant Byju Raveendran's Motion for a Protective Order and Relief from Plaintiffs'*

*Deposition Notice* [Adv. D.I. 134] (the "Motion" or "Mot."), and respectfully state as follows:

### PRELIMINARY STATEMENT[2]

If there had been any remaining doubt about whether Byju Raveendran intends to

participate fairly in this litigation in accordance with the rules of bankruptcy procedure (generally),

and this Court's orders (specifically), the Motion erases it. Raveendran does not consider himself

bound by the rule of law. The Motion should be swiftly denied and judgment should be entered

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is:  BYJU's Alpha, Inc. (4260).  The location of the Debtor's service address for purposes of this Chapter 11 Case is:  1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in *Plaintiffs' Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) For Default Against Defendant Byju Raveendran* [sealed Adv. D.I. 97, redacted Adv. D.I. 102] (the "Rule 37 Motion").

against Raveendran on September 29.  This was never Plaintiffs' preferred way of prosecution—rather, it is the exclusive form of adjudication rendered necessary by Raveendran.

The Court has not once, but *twice*, ordered Raveendran to "sit for a deposition by the Debtor (and any intervening plaintiffs) in Wilmington, Delaware, New York, New York (or another mutually agreeable location within the United States within 28 days of the completion" of his document production.  Adv. D.I. 25 ¶ 5, 34 ¶ 4.  When Raveendran continued his litigation gamesmanship by making an inconsequential document production about 20 minutes before the September 9, 2025 hearing on, among other things, Plaintiffs' Rule 37 Motion based upon Raveendran's ongoing discovery violations—certifying that he has produced "***all*** responsive documents within [his] possession, custody or control that were identified following [] reasonable serachs" [*sic*] (Adv. D.I. 130 ¶ 3 (emphasis added)) (a contention for which Plaintiffs reserve all rights)—his Court-ordered obligation to sit for a deposition was triggered.  Rather than comply with the Court's orders, however, Raveendran filed this Motion on the eve of the noticed deposition.  For context, the list of Court orders that Raveendran has flouted, solely in this action, is now as follows:

- Adv. D.I. 25 (untimely document production and refusal to sit for deposition)

- Adv. D.I. 34 (untimely document production and refusal to sit for deposition)

- Adv. D.I. 47 (failure to attend Show Cause Hearing in person)

- Adv. D.I. 66 (failure to purge contempt, pay Plaintiffs' reasonable attorneys' fees, and satisfy fines owed to the Court)

- Adv. D.I. 111 (failure to pay the Debtor's reasonable attorneys' fees associated with prosecuting the Contempt Motion)

- Adv. D.I. 113 (failure to pay GLAS's reasonable attorneys' fees associated with prosecuting the Contempt Motion)

There is no serious issue concerning notice.  The deposition was noticed [Adv. D.I. 131] (the "Notice") pursuant to multiple orders of this Court, with sufficient notice as set forth by the local rules of this Court, and after months of prior notice to Raveendran that such notice was forthcoming upon certification of completion of document production.  In addition, after meeting and conferring with Raveendran's counsel on September 16—one day before the deposition was scheduled and at which meet and confer counsel made no mention whatsoever of this impending Motion—Plaintiffs offered to take the deposition *any day* before 29th, which was the day of the impending hearing on Plaintiffs' Rule 37 Motion.  Raveendran was offered his choice, but he has chosen "none of the above."

Raveendran continues to treat judicial process like a game without consequence, with rules that need not be followed.  He has made, and continues to make, "a mockery of the U.S. legal system" through his "selective participation and unwillingness to answer the 'very basic and cogent questions' that the Debtor served on May 9, 2025."[3]  The Motion should be denied and judgment should be swiftly entered against Raveendran.

## RELEVANT FACTUAL BACKGROUND

Plaintiffs incorporate by reference paragraphs 6 through 26 of the *Motion to Hold Byju Raveendran in Contempt of Court for Failure to Comply With the Court's Orders and Request for Civil Sanctions* [Adv. D.I. 45] (the "Contempt Motion") as well as pages 4 through 8 of the Rule 37 Motion and will not rehash the full circumstances leading up to the filing of those motions.

### I.    The Prior Discovery Orders

Throughout this case, Raveendran has received extensive due process.  The Debtor commenced this adversary proceeding on April 9, 2025.  Adv. D.I. 1–2.  The Summons was issued

---

[3]    *See* Rule 37 Motion at 1 (quoting June 30, 2025 Hr'g Tr. at 84:12-15).

on the same day [Adv. D.I. 3] and the Debtor effected service on Raveendran pursuant to the Delaware Officer Consent Statute the very next day [Adv. D.I. 6], *see* Contempt Motion ¶ 36. Later, on May 14, 2025, the Debtor also served Raveendran in the United Arab Emirates as a belt-and-suspenders measure, removing any doubt about the propriety of service.  Adv. D.I. 35–36.

On April 11, 2025, before even serving discovery, the Debtor voluntarily shared its draft discovery requests with Raveendran, offering to discuss any "reasonable comments" he had.  Adv. D.I. 7–4.  Among other narrowly-tailored topics, the Debtor sought discovery into the fraudulent transfers that have dominated this bankruptcy along with Raveendran's role in those transfers and with the Debtor, including the Debtor's "books and records."  Adv. D.I. 7 ¶ 28.

Having received no response, on April 18, 2025, the Debtor moved for expedited discovery (the "Discovery Motion").  *Id.*  Three days later, Raveendran objected, challenging service and timing of discovery.  Adv. D.I. 9.  Following a May 7, 2025 hearing on the Discovery Motion, the Court entered an order setting May 23 as the written response deadline and May 30 as the document production deadline.  Adv. D.I. 25 (the "Discovery Order") ¶¶ 3–4, 7.  The Discovery Order further required Raveendran to sit for a deposition "in Wilmington, Delaware or New York, New York (or any other mutually convenient location within the United States) within 28 days of completion of the document production."  *Id.* ¶ 5.

Two days later, on May 9, Raveendran's deadline to answer the Complaint or move to dismiss came and went without any response.  *See* Fed. R. Bankr. P. 7012(a)(1).  Raveendran chose not to move to dismiss, and he chose not to continue to challenge service (or challenge personal jurisdiction, which he only would first do weeks later).

Though he did not comply with his first discovery deadline, Raveendran explicitly represented to the Court his intention to comply with the Court-ordered discovery.  On May 23,

Raveendran sought a 30-day reprieve on the basis that he "has been unable to find counsel." Adv. D.I. 29. That "additional time" was required, according to Raveendran, so he could "provide information in response to discovery the Court ordered." *Id.* Accordingly, the Court, with the Debtor's consent, extended Raveendran's deadlines by one week. Adv. D.I. 34 (the "<u>Extension Order</u>" and together with the Discovery Order, the "<u>Discovery Orders</u>"). The Extension Order again required Raveendran to sit for a deposition "in Wilmington, Delaware or New York, New York (or any other mutually convenient location within the United States) within 28 days of completion of the document production." Extension Order ¶ 4.

Neither of the Discovery Orders are the subject of a stay, reconsideration, or an appeal.

## II.    **The Inadequate Productions, Contempt Finding, and Motion to Dismiss**

After Raveendran again failed to comply with his discovery obligations under the Discovery Orders, Plaintiffs requested and were granted an evidentiary hearing on an Order to Show Cause, later set for June 30, 2025 (the "<u>Show Cause Hearing</u>"). Adv. D.I. 47. By the time of the Show Cause Hearing on June 30, 2025, Raveendran had produced a grand total of four documents, all of which were public—three newspaper articles and stale financials of the Debtor's former ultimate corporate parent. Raveendran's written answers were no better; they were evasive, incomplete, and implausibly ignorant, disclosing no meaningful information about the Alpha Funds or the Camshaft LP Interest. *See, e.g.*, Adv. D.I. 57 ¶¶ 10–17.

Accordingly, during the Show Cause Hearing, the Court found that (i) a valid Court order existed, (ii) Raveendran "certainly" had knowledge of the order, and (iii) Raveendran "has disobeyed that order." June 30, 2025 Hr'g Tr. at 81:15–23. As to the issue of service, the Court concluded that "the record reflects a sufficient basis for finding that service has indeed properly occurred here." *Id.* 83:8–9. As to Raveendran's (untimely) challenge of personal jurisdiction, the

Court noted that "the issue has been raised and teed up by the parties" and based on the evidence before the Court, it had "personal jurisdiction in order to enter the relief that's being requested today." *Id.* 82:17–21, 83:5–6. On July 7, 2025, the Court formally entered its contempt order, which reiterated that the Court had personal jurisdiction over Raveendran. Adv. D.I. 66 (the "Contempt Order"). Raveendran has not purged his contempt, opting instead to file a motion to reconsider the contempt finding [Adv. D.I. 69] (the "Motion for Reconsideration") on July 15, 2025, which was heard by this Court on September 9, 2025 (the "September 9 Hearing").

On July 25–26, 2025—eleven weeks after his responsive pleading was due under Bankruptcy Rule 7012(a)—Raveendran finally deigned to file a motion to dismiss the Complaint against him, rehashing the jurisdictional and service issues the Court disposed of during the evidentiary Show Cause Hearing. Adv. D.I. 77–80 (the "Motion to Dismiss"). The Motion to Dismiss was fully briefed and argued at the September 9 Hearing.

Consistent with the "gotcha" tactic he previously attempted to deploy the morning of the summary judgment hearing against his brother, approximately 20 minutes before the September 9 Hearing commenced, Raveendran made a "supplemental" production of 42 documents. *See* Adv. D.I. 130. In an accompanying declaration, Raveendran represented that he has now produced "*all* responsive documents" within his possession. *Id.* (emphasis added). Plaintiffs did not have sufficient time to review that production prior to the hearing. Sept. 9, 2025 Hr'g Tr. at 24:7–13. Plaintiffs have since reviewed the supplemental production and, unsurprisingly, can confirm it offers nothing of substance. Indeed, a majority of the production is comprised of board minutes from T&L creditors meetings that GLAS had attended and public filings from this adversary proceeding and litigation in India. The production includes no new documents concerning

transfers or the whereabouts of the Alpha Funds.  No emails of consequence, text messages of any kind, or substantive documents are included.

Following the September 9 Hearing, a hearing on the Rule 37 Motion was scheduled for September 29, 2025 (the "<u>September 29 Hearing</u>").

### III.    <u>The Notice of Deposition and September 16 Meet and Confer</u>

On September 10, 2025, Plaintiffs served the Notice on Raveendran via email to his counsel, and subsequently filed the Notice on the public docket of this adversary proceeding.  *See* Ex. 1, Adv. D.I, 131.  The deposition was noticed to be held on September 17, 2025, and at Raveendran's election would take place at Debtor's counsels' offices in either Wilmington, Delaware or New York, New York.  The Notice expressly stated that the deposition was being scheduled pursuant to the Discovery Orders.  At this point, Raveendran has submitted five declarations (Adv. D.I. 55, 60, 61, 79, 130) and made numerous factual assertions Plaintiffs are entitled to test.  By way of example, Raveendran (1) recently represented that he has produced all documents responsive to the Discovery Requests (Adv. D.I. 130), (2) again purported to be unaware of the location of the Alpha Funds, and (3) suggested the March 31 Transfer Agreement was altered after he signed it.  An in-person deposition is necessary to comb through these material representations.

On Saturday, September 13, Raveendran's counsel responded to the Notice, purportedly objecting on grounds similar to those advanced in the Motion.  Ex. 2.  Within an hour, Plaintiffs' counsel responded, asking to schedule a time to meet and confer.  After receiving no response, counsel followed up on Monday, September 15.  *Id.*  The parties scheduled a meet and confer for Tuesday, September 16 at 11:00 am (the "<u>Meet and Confer</u>").

During the Meet and Confer, Plaintiffs' counsel explained that Plaintiffs are willing and able to depose Raveendran *on any day prior to the September 29, 2025 hearing and in any city in the United States,* at Raveendran's election. Counsel reiterated that position in a follow-up email after the Meet and Confer. Ex. 3. Despite that offer, counsel for Raveendran made clear that he would not sit for a deposition. In response, Plaintiffs' counsel explained that Raveendran was required by order of this Court to appear for a deposition within 28 days of the (self-described) completion of his production under the Discovery Orders. *See* Discovery Order ¶ 5.

Plaintiffs planned on presenting themselves for the deposition on the morning of September 18, until the instant Motion was filed, despite the fact that Raveendran was on notice since September 10 of the date of the deposition and since May 9 that a deposition would be scheduled pursuant to the Discovery Orders.

## ARGUMENT

### I.    Raveendran's Arguments Concerning Notice Are a Red Herring.

Raveendran first argues that he need not comply with his Court-ordered obligation to sit for a deposition because "the notice was[] sent less than seven days prior to the deposition." Mot. at 3. The Notice was served on September 10 for a deposition scheduled for September 17, seven days later. Raveendran cites no authority for the proposition that reasonable notice in this context is measured by the hour, rather than by the day. On the contrary, Bankruptcy Rule 9006, which governs the computation of time, provides that when a "period is stated in *days*," then one must "exclude the *day* of the event that triggers the period," "count every [subsequent] *day*," and "include the last *day* of the period." Fed. R. Bankr. P. 9006(a)(1)(A)–(C).

That is in direct contrast to the very next subsection of the rule, which governs "period[s] stated in hours." *Id.* § (a)(2). Accordingly, a September 10 notice of deposition to take place

seven days later, on September 17, is entirely proper.  Raveendran's argument that the Notice failed to comply with the 7-day requirement of Local Rule 7030-1(b) is unavailing.

In any event, any pretextual argument regarding the sufficiency of notice cannot be credited where Plaintiffs offered to depose Raveendran on *any* day prior to the September 29 Hearing. When asked during the Meet and Confer on what day Raveendran prefers to make himself available for deposition, Raveendran's counsel explained that he would not sit for a deposition on any day prior to disposition of the Motion to Dismiss and Motion for Reconsideration.  *See also* Mot. at 3 (same).  Raveendran's Local Rule 7030-1 arguments, therefore, are not being seriously advanced.

The same is true of Raveendran's argument that he should be relieved of his obligation to sit for a deposition because he "had no opportunity to advise" Plaintiffs on his availability. Mot. at 5.  Raveendran was given an opportunity during the Meet and Confer to pick any day between September 17 and 29, 2025 to sit for a deposition in any city in the United States.  The fact that he declined that opportunity does not mean that he was not afforded one.

Finally, it is inaccurate to suggest that Raveendran "effectively only had five days to consider the notice."  Mot. at 4.  Indeed, the Discovery Order was entered on May 9, 2025, over four months ago.  Since that day, Raveendran was on notice that he would be required to sit for a deposition within 28 days of the completion of his production.  The Notice, therefore, was the natural outcome of Raveendran's decision to certify his production as complete.  And, again, Plaintiffs offered to modify the day of the deposition to any day before the September 29 hearing.

## II.    Raveendran's Jurisdictional Objections Do Not Give Him the Right to Ignore Valid Discovery Orders.

The crux of Raveendran's undue burden argument is that he "has identified serious concerns about the adequacy of service and the propriety of the Court exercising jurisdiction over

him." Mot. at 4. That is Raveendran's latest excuse in a case full of excuses. Raveendran originally told the Court he was going to comply with discovery to induce the Court to afford him a discovery extension; no extension was required if Raveendran simply was going to object. Even after he took back his word, the Court still considered Raveendran's argument, deciding his service and personal jurisdiction challenges at the June 30 evidentiary hearing. And even without all of that, Raveendran *still* does not have permission to ignore the Court's Discovery Orders. *See U.S. v. Moser*, 168 F.R.D. 171, 174 (M.D. Pa. 1996), *aff'd*, 111 F.3d 128 (3d Cir. 1997) (entering default judgment against defendants for failing to comply with discovery orders, notwithstanding "their view that they [were] not subject to the jurisdiction of this Court"); *see also U.S. v. Agri Stats, Inc.*, No. 0:23-cv-03009-JRT-JFD, Dkt. 117 (D. Minn. May 17, 2024) (denying motion to stay discovery despite pending motions that "rais[e] fundamental questions going to the power of this Court to adjudicate Plaintiffs'" claims). Raveendran cites no authority to the contrary, because none exists. This argument fails.

Desperately, Raveendran proceeds to suggest, incorrectly, that "the Court has thus determined that it should hear Defendant's Motion to Dismiss" prior to ordering his deposition. Mot. at 4. The Court did no such thing. Indeed, the Court noted that a party "can't just stymie litigation by saying" the Court lacks personal jurisdiction over it. Sept. 9, 2025 Hr'g Tr. at 72:4– 5. That is especially true in a case like this one, where the Court has *already* (twice) ordered that Raveendran sit for a deposition, held him in contempt of court for his refusal to adequately participate in discovery, and found on multiple occasions (including at the conclusion of an evidentiary Show Cause Hearing) that it has jurisdiction over Raveendran.

### III.    Whether Raveendran Feels There is a "Need" for the Deposition to be Held In-Person is Irrelevant.

Raveendran's argument that he should be granted a protective order absolving him of his (continuing) delinquency on discovery obligations because he has unilaterally determined that "a video deposition would be adequate," Mot. at 5, fares no better.

Raveendran's position on the necessity of an in-person deposition is irrelevant.  The Court issued the Discovery Order over four months ago requiring Raveendran to sit for a deposition "in Wilmington, Delaware or New York, New York."  Discovery Order ¶ 5.  Raveendran has been aware of that requirement for months and raised no objection with this Court until 11:45 pm the night before the properly noticed deposition.  Raveendran cites no authority for the incredible proposition that valid court orders can be disregarded if a party determines there is "no need" for its compliance.

For the sake of completeness, however, Plaintiffs note that there are numerous reasons an in-person deposition is preferable to a virtual one.  There is no good substitute for an in-person deposition to test a witness and get to the truth.  *See McGinley v. Barratta*, 2006 WL 2346301, at *1 (E.D. Pa. Aug. 11, 2006) (absent in-person deposition, the questioner "cannot observe the impact" or a question or "ascertain if anyone is listening in or 'coaching' the witness");  *Song v. Zhang*, 2025 WL 566193, at *5 (D.N.J. Feb. 20, 2025) (as opposed to a virtual deposition, an in-person deposition would "provide a better assessment of credibility").  Indeed, there are obvious and heightened credibility concerns in this case concerning the truthfulness of Raveendran's testimony—which Plaintiffs anticipate will never actually be provided in this case.[4]  Furthermore,

---

[4]    Additionally, "the technological challenges of a deposition, including the challenges of working with voluminous documents, witnesses likely to have an accent, and the possibility of inconsistent internet connectivity justify the cost and time of in person depositions."  *Veloxis Pharms., Inc. v. Accord Healthcare, Inc.*, No. 1:22-cv-00909-JDW, Dkt. 94 (D. Del. Sept. 8, 2023).

Plaintiffs also note that no demonstration of undue burden to traveling to the United States (Mot. at 5) has been made, an argument this Court already has overruled.  June 30, 2025 Hr'g Tr. at 80:9–81:8 (finding no valid justification for Raveendran's failure to attend the Show Cause Hearing in-person).

## <u>CONCLUSION</u>

As has been the case every time Raveendran has participated in this litigation, the only goal of the Motion is to delay.  As Plaintiffs previously noted, Raveendran has consistently "been rearguing decided procedural questions, all in a transparent effort to find another excuse for his non-compliance."  Rule 37 Motion at 8.  This Motion is merely next in the evolution of that strategy, one that has found—and kept—Raveendran in contempt of this Court.  As Plaintiffs will be prepared to argue on September 29, not only should the Motion be denied, but it also underscores why judgment against Raveendran is overdue.

Dated: Wilmington, Delaware
        September 19, 2025

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

/s/ *Kenneth J. Enos*
Robert S. Brady (Del. No. 2847)
Kenneth J. Enos (Del. No. 4544)
Jared W. Kochenash (Del. No. 6557)
Timothy R. Powell (Del. No. 6894)
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
rbrady@ycst.com
kenos@ycst.com
jkochenash@ycst.com
tpowell@ycst.com

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
Benjamin Finestone (admitted *pro hac vice*)
Kate Scherling (admitted *pro hac vice*)
Jianjian Ye (admitted *pro hac vice*)
Jordan Nakdimon (admitted *pro hac vice*)
295 Fifth Ave.
New York, New York 10016
Tel.: (212) 849 7000
benjaminfinestone@quinnemanuel.com
katescherling@quinnemanuel.com
jianjianye@quinnemanuel.com
jordannakdimon@quinnemanuel.com

*Counsel for Debtor, BYJU's Alpha, Inc.*

Dated: September 19, 2025
Wilmington, Delaware

/s/ *Peter J. Keane*

**PACHULSKI STANG ZIEHL & JONES
LLP**
Laura Davis Jones (DE Bar No. 2436)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19801
Telephone:    (302) 652-4100
Email:        ljones@pszjlaw.com
              pkeane@pszjlaw.com

**REED SMITH LLP**
David A. Pisciotta (admitted *pro hac vice*)
Nicholas B. Vislocky (admitted *pro hac vice*)
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Telephone:    (212) 521-5400
Facsimile:    (212) 521-5450
Email:        dpisciotta@reedsmith.com
              nvislocky@reedsmith.com

**KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP**
Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)
Richard U.S. Howell, P.C. (admitted *pro hac vice*)
Ravi Subramanian Shankar (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        patrick.nash@kirkland.com
              rhowell@kirkland.com
              ravi.shankar@kirkland.com

-and-

Brian Schartz, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        brian.schartz@kirkland.com

*Counsel to GLAS Trust Company LLC*

# EXHIBIT 1

| | |
|---|---|
| **From:** | Kate Scherling |
| **Sent:** | 10 September 2025 18:49 |
| **To:** | Daniel Hagelberg; Matthew Draper |
| **Cc:** | J Michael McNutt; Shankar, Ravi Subramanian; Benjamin Finestone; Dennis Hranitzky; Jordan Nakdimon; Enos, Kenneth; Peter J. Keane |
| **Subject:** | BYJU's Alpha, Inc. v. Raveendran, Adv. P. No. 25-50526 (BLS) |
| **Attachments:** | Notice of Deposition - Byju Raveendran.pdf |

Counsel -

Please see the attached deposition notice for Byju Raveendran.

Thank you,
Kate

**Kate Scherling**
**Quinn Emanuel Urquhart & Sullivan, LLP**
295 Fifth Avenue
New York, NY 10016
212-849-7178 (Office)
646-737-4713 (Cell)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

# EXHIBIT 2

| | |
|---|---|
| **From:** | Daniel Hagelberg <dhagelberg@okorlaw.com> |
| **Sent:** | 13 September 2025 07:01 |
| **To:** | Kate Scherling |
| **Cc:** | Matthew Draper; J Michael McNutt; Shankar, Ravi Subramanian; Benjamin Finestone; Dennis Hranitzky; Jordan Nakdimon; Enos, Kenneth; Peter J. Keane |
| **Subject:** | Re: BYJU's Alpha, Inc. v. Raveendran, Adv. P. No. 25-50526 (BLS) |

**[EXTERNAL EMAIL from dhagelberg@okorlaw.com]**

Kate,

I write in response to Plaintiffs' deposition notice for Byju Raveendran.

First, we object to your Notice of Deposition because it did not provide Mr. Raveendran with the minimum 7-day notice required by L.R. 7030-1(b).

Second, a deposition of Mr. Raveendran should only occur after the Court has resolved his Motion to Dismiss for lack of personal jurisdiction. If the Court lacks jurisdiction over Mr. Raveendran, then he is not obliged to sit for a deposition.

If the Court were to deny Mr. Raveendran's motion to dismiss, then we will work with Plaintiffs at that time to schedule a deposition of Mr. Raveendran at a mutually convenient time.

Finally, a deposition by video – rather than in-person in the United States -- would be appropriate given the disparate locations of Mr. Raveendran and counsel, and the inconvenience to Mr. Raveendran of traveling to the United States. Consequently, any deposition should be conducted by video.

Daniel


Daniel P. Hagelberg
O'Kelly & O'Rourke, LLC
824 N. Market St., Suite 1001A
Wilmington, DE 19801
Phone: (302) 778-4000
Facsimile: (302) 295-2873
dhagelberg@okorlaw.com


On Wed, Sep 10, 2025 at 6:49 PM Kate Scherling <katescherling@quinnemanuel.com> wrote:

> Counsel -

Please see the attached deposition notice for Byju Raveendran.

Thank you,

Kate

**Kate Scherling**
**Quinn Emanuel Urquhart & Sullivan, LLP**
295 Fifth Avenue
New York, NY 10016
212-849-7178 (Office)
646-737-4713 (Cell)

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message

# EXHIBIT 3

| | |
|---|---|
| **From:** | Benjamin Finestone |
| **Sent:** | 16 September 2025 11:19 |
| **To:** | Daniel Hagelberg; Kate Scherling |
| **Cc:** | Matthew Draper; J Michael McNutt; Shankar, Ravi Subramanian; Dennis Hranitzky; Jordan Nakdimon; Enos, Kenneth; Peter J. Keane |
| **Subject:** | RE: BYJU's Alpha, Inc. v. Raveendran, Adv. P. No. 25-50526 (BLS) |

Thank you for meeting and conferring with us this morning.  We understand your position that B.R. will not sit for a deposition on any day, or in any U.S. city, in advance of the 10/29 hearing.  The basis for your position was, as argued to the Court, that the Court lacks personal jurisdiction over B.R.

As we stated, we were amenable to taking the deposition on any day this or next week.  However, that did not change your position.  Thus, we will go forward as noticed (provided, that, we will sit on the 18th in view of your reference to L.R. 7030-1(b)).

**Ben Finestone**
212-849-7341 Direct
917-846-3228 Mobile

---

**From:** Benjamin Finestone
**Sent:** Monday, September 15, 2025 1:39 PM
**To:** Daniel Hagelberg <dhagelberg@okorlaw.com>; Kate Scherling <katescherling@quinnemanuel.com>
**Cc:** Matthew Draper <matthew.draper@draperllc.com>; J Michael McNutt <mcnutt@l-lb.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Dennis Hranitzky <dennishranitzky@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Subject:** RE: BYJU's Alpha, Inc. v. Raveendran, Adv. P. No. 25-50526 (BLS)

Subject to our discussion tomorrow, please see below.

**Ben Finestone**
212-849-7341 Direct
917-846-3228 Mobile

---

**From:** Daniel Hagelberg <dhagelberg@okorlaw.com>
**Sent:** Saturday, September 13, 2025 7:01 AM
**To:** Kate Scherling <katescherling@quinnemanuel.com>
**Cc:** Matthew Draper <matthew.draper@draperllc.com>; J Michael McNutt <mcnutt@l-lb.com>; Shankar, Ravi Subramanian <ravi.shankar@kirkland.com>; Benjamin Finestone <benjaminfinestone@quinnemanuel.com>; Dennis Hranitzky <dennishranitzky@quinnemanuel.com>; Jordan Nakdimon <jordannakdimon@quinnemanuel.com>; Enos, Kenneth <kenos@ycst.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Subject:** Re: BYJU's Alpha, Inc. v. Raveendran, Adv. P. No. 25-50526 (BLS)

**[EXTERNAL EMAIL from dhagelberg@okorlaw.com]**

---