**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | |
| BYJU'S ALPHA, INC., | Chapter 11 |
| Debtor. | Case No. 24-10140 (BLS) |
| BYJU'S ALPHA, INC., | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiffs, | |
| v. | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | |
| Defendants. | |

**MOTION TO CORRECT OPINION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(a)**

Defendant Byju Raveendran ("Defendant") moves this Court to correct its Opinion Granting Plaintiffs' Motion for Default Against Byju Raveendran, dated November 20, 2025, ("Default Opinion") (Adv. D.I. 143), pursuant to Federal Rule of Civil Procedure 60(a) and (b) made applicable herein by Federal Rule of Bankruptcy Procedure 9025.

**INTRODUCTION**

The Court agreed to Plaintiffs' request to bifurcate the liability and damages portions of Plaintiff's motion for default at a hearing on September 9, 2025. However, after only completing the liability phase, the Court issued a Default Opinion that mistakenly includes a damages award. The Court improperly relies on the Declaration of Mr. Timothy R. Pohl (the "Pohl Declaration") to support its damages determination.

But at the September 9, 2025 hearing Plaintiffs had also withdrawn the Pohl Declaration – the only evidence Plaintiffs had submitted on damages in this adversary proceeding. Mr. Pohl was unavailable to be examined that day, and Plaintiffs told the Court that they would only present evidence and argument on default liability, not on damages. The Court then granted Plaintiffs' request for leave to confer with Defendants to propose a briefing schedule and hearing date for the damages phase.

Thus, the Court was precluded from relying on the withdrawn Pohl Declaration in the Default Opinion, and it mistakenly and prematurely determined damages without having conducted the damages phase.

In any case – and as Defendant was prepared to argue at the appropriate stage in this proceeding – the Pohl Declaration does not support a damages determination. Mr. Pohl states that the Declaration is based on his "personal knowledge", discussions with (unnamed) "advisors" to Debtor, GLAS, and the Lenders, review of (unidentified) "relevant documents and information concerning the Debtor's affairs and restructuring initiatives", and "my experience, knowledge and familiarity with the Debtor." Pohl Decl. ¶ 1.[1] Thus, the sources of Mr. Pohl's allegations in the declaration are vague, and so far Mr. Pohl has been either unable or unwilling to face questions from Defendant about those allegations. While the Pohl Declaration attaches certain of Debtor's bank statements, those statements do not contain any assessment of value or calculation of damages. Instead, Mr. Pohl simply states that the bank accounts do not reflect the return of any of the monies invested in the Camshaft Fund in April and July 2022.

Equally troubling, the premature damages determination inadvertently awards Plaintiffs double recovery. As discussed below, the Default Opinion awards Plaintiffs both the purchase

---

[1] In addition, Mr. Pohl refers to, but does not attach, numerous other documents, including submissions in the Main Proceedings, such as his First Day Declaration (citing paras. 36-41), certain loan documents, and other documents, such as an "Action by Written Consent of the Sole Stockholder" (¶ 7).

price Debtor paid for a limited partnership interest in the Camshaft Fund ($533M), and the value of that same investment a year later, after it had appreciated ($540M).

Defendant respectfully requests that the Court (1) correct the Default Opinion by removing the determination of damages, and (2) order the parties to confer on a briefing and hearing schedule for determining Plaintiffs' damages, if any.

**FACTUAL BACKGROUND**

On August 11, 2025, plaintiff-debtor BYJU's Alpha, Inc. ("Debtor"), along with plaintiff-intervenor GLAS Trust Company LLC (collectively "Plaintiffs") filed Plaintiffs' Motion Pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37(b)(2)(A)(vi) for Default Against Defendant Byju Raveendran (the "Default Motion"). Adv. D.I. 97.

Attached to the Default Motion were two exhibits. Exhibit A was a proposed form of judgement order (the "Original Proposed Order"). Adv. D.I. 97-1. In the Original Proposed Order, Plaintiffs proposed the Court issue a judgment finding Defendant guilty on all counts. The Original Proposed Order provided that Defendant be held liable for $533M, the purchase price paid by Debtor for a limited partnership interest in Camshaft Fund in 2022 (the "Camshaft LP Interest"). *Id.* at ¶ 2. In addition, the Original Proposed Order provided that Defendant be held liable for $540,647,109.20, which represents the alleged value in 2023 of the Camshaft LP Interest that Debtor had purchased for $533M in 2022. *Id.* at ¶¶ 3, 5, and 6.

Attached as Exhibit B to the Default Motion was the Pohl Declaration with five exhibits purporting to be the bank checking and investment account statements of Debtor. Adv. D.I. 97-2. Mr. Pohl is Debtor's sole director.

On September 5, 2025, the Court held a scheduling conference for pending motions, including the Default Motion. A hearing for oral argument on the Default Motion (and other motions) was scheduled for September 9, 2025. Counsel for Plaintiffs stated they did not expect

any live testimony at the hearing. Declaration of Daniel Hagelberg (Hagelberg Decl.") Exhibit 1, September 5, 2025 Conference Tr. 7:16-8:1. Counsel for Defendant stated Defendant intended to cross examine Mr. Pohl at the hearing. *Id*. at 11:17-25. On September 6, 2025, Plaintiffs served on Defendant a Plaintiffs' exhibit list for the September 9, 2025 hearing which included the Pohl Declaration and its exhibits as hearing exhibits 12-17. Hagelberg Decl. Exhibit 2.

The parties conducted a meet-and-confer on September 8, 2025, at which Plaintiffs stated the Mr. Pohl was not available to testify at the September 9 hearing. Plaintiffs stated that they were withdrawing the Pohl Declaration and its exhibits. Since the Pohl Declaration provided evidentiary support for their damages claim, Plaintiffs additionally agreed to withdraw the damages claim until a hearing could be held at which Mr. Pohl was available. Hagelberg Decl. ¶ 5. Later that day, counsel for Defendant asked Plaintiffs' counsel by email, "As a follow up to this morning's call, do you still intend to withdraw the declaration of Tim Pohl?" Hagelberg Decl. Exhibit 3. Plaintiffs answered "Yes". *Id.* The following day Plaintiffs served on Defendant via email "an updated version" of Plaintiffs' witness and exhibit list which, Plaintiffs stated, "omits the declaration of Tim Pohl, as we discussed." *Id.* The revised list omitted Mr. Pohl as an available witness and the Pohl Declaration as an exhibit. Hagelberg Decl. Exhibit 8.

The same day the Plaintiffs docketed a Notice of Filing of Revised Proposed Judgment Order (the "Revised Proposed Order"). Adv. D.I. 129; *see also* Hagelberg Decl. Exhibit 4, Revised Proposed Order. As the redline included in the Revised Proposed Order makes clear, Plaintiffs removed all findings of damages and awards of monetary relief. *Id.* at ¶¶ 2, 3, 5 and 6. In their places, Plaintiffs inserted the sentence: "The Court will determine the amount of Raveendran's liability to the Plaintiffs, including interest, at a later date." *Id.* Plaintiffs also requested that the Court order the parties to "propose a briefing schedule and hearing date with respect to the Court's determination of the amount of Raveendran's liability to the Plaintiffs…" *Id.* at ¶7.

At the September 9 hearing, Plaintiffs pointed out to the Court that they had removed from the Revised Proposed Order all requests for damages.

> MR. ENOS: Good afternoon, Your Honor. Ken Enos, Young Conaway Stargatt & Taylor, on behalf of the Debtor. I just wanted to mention kind of a housekeeping item, Your Honor, before I cede the podium to Mr. Draper, because I believe his motions are first, and this is really just for the Court's planning purposes. As you may have seen, ***we filed a revised form of order on Monday that removed the issue of damages with respect to the Rule 37 motion***, which will hopefully streamline the proceeding a bit today –
>
> THE COURT: Okay.
>
> MR. ENOS: -- and help us get to a conclusion much faster.
>
> THE COURT: Very good.
>
> MR. ENOS: Thank you, Your Honor.

Hagelberg Decl. Exhibit 5, Sept. 9, 2025 Hearing Tr. 4:6-20 (emphasis added). Plaintiffs did not offer the Pohl Declaration into evidence at the September 9, 2025 hearing.

Ultimately, the Default Motion was not argued at the September 9 hearing, and an oral hearing for the Default Motion was scheduled for September 29, 2025. Hagelberg Decl. ¶ 8.

Plaintiffs did not make Mr. Pohl available for cross examination at the September 29 hearing, either. On September 26, 2025, counsel for Defendant emailed Plaintiffs' counsel, stating: "I would like to confirm that the declaration of Mr. Pohl has been formally withdrawn by Plaintiffs and damages are not a part of the hearing on September 29." Hagelberg Decl. Exhibit 6. Counsel for Plaintiffs responded:

> Counsel,
>
> Plaintiffs are seeking the entry of the Revised Proposed Judgment Order [ECF 129] on Monday, which ***order does not include damages*** but orders the parties to meet and confer regarding a proposed briefing schedule and hearing date with respect to the amount of Mr. Raveendran's liability to the Plaintiffs.

> Plaintiffs had already removed Mr. Pohl's declaration from our September 9 exhibit list, and **we do not intend to offer it into evidence on Monday**.

*Id.* (Emphasis added).  Indeed, Plaintiffs' supplemental witness and exhibit list for the September 29, 2025 hearing did not offer the testimony of Mr. Pohl or any other witness, nor did it include the Pohl Declaration.  Hagelberg Decl. Exhibit 9.

At the hearing on September 29, Plaintiffs' counsel reiterated that Plaintiffs were not seeking damages at that hearing, but simply to secure a judgment on liability, as set forth in the Revised Proposed Order (Adv. D.I. 129):

> MS. SCHERLING: … The Debtor's goal here today is to secure a judgment. **We would ask that the Court enter the revised proposed order, which is at Docket 129**, rendering a judgment against Mr. Raveendran. And **the issue of establishing the exact amount of damages can be taken up in, hopefully, the near future** at this Court's convenience.
>
> THE COURT: Very good.

Hagelberg Decl. Exhibit 7, Sept. 29, 2025 Hearing Tr. 20:12-19 (Emphasis added).  Plaintiffs did not offer the Pohl Declaration into evidence at the September 29, 2025 hearing.  At no time since have Plaintiffs' offered the Pohl Declaration into evidence.

Plaintiffs' counsel offered no further reasons for dropping their claim for damages, or Mr. Pohl's continued unavailability for cross examination.  *Id.* Defendant's counsel explained at the same hearing that Plaintiffs had dropped their claim for damages and the Pohl Declaration:

> MR. DRAPER: … [W]hen all the parties were expecting to argue this motion on September 9th, defendants noticed that we wanted to examine Mr. Pohl. Quickly after we made that clear to plaintiffs, plaintiffs said that he was unavailable and as a result they were going to drop their claim for damages, which they did.
>
> We have asked that his declaration also be removed from the record and I think they said that they won't rely on it.

*Id.* at 57:12-20.

On November 20, 2025, the Court issued the Default Opinion. Adv. D.I. 143. It states that Plaintiffs "have filed a motion requesting that this Court enter a default judgment and an award of damages against Byju Raveendran…". *Id.* at 1. The Default Opinion goes on to award damages:

> For the reasons set forth above, the Court will enter default judgment against Defendant Raveendran under Rule 37(b)(2)(A)(vi) on Count I in the amount of $533,000,000, and on Counts II, V, and VI in the amount of $540,647,109.29."

Default Opinion at 22. The Default Opinion's quantification of damages relies on the Pohl Declaration and its exhibits, which, as noted, Plaintiffs had withdrawn from their hearing exhibit lists and never offered into evidence. *Id.* at 20.

## RELIEF REQUESTED

Defendant respectfully requests that the Court issue a corrected Default Opinion deleting the section of the opinion entitled "Determining damages with entry of the default judgment," beginning on page 19 and ending on page 22, in its entirety. Fed. R. Civ. P. 60(a) and (b).

Defendant further requests that the Court replace the Default Opinion's Conclusion, on pages 22 and 23, with the following:

> For the reasons set forth above, the Court will enter default judgment against Defendant Raveendran under Rule 37(b)(2)(A)(vi) on Counts I, II, V and VI. Default judgment will also be entered on Count V, directing Raveendran to provide a full and accurate accounting of the Alpha Funds and any proceeds thereof, such as the Camshaft LP Interest, including each and every subsequent transfer and any proceeds thereof.
> The Court will determine the amount of Raveendran's liability to the Plaintiffs at a later date.
> The parties are hereby ordered to meet and confer regarding a propose a briefing schedule and hearing date with respect to the Court's determination of the amount of Raveendran's liability to the Plaintiffs.

## ARGUMENT

The parties have not argued quantum to the Court. Plaintiffs expressly reserved the question of damages until after the Court determined Defendant's default liability. Exhibits 1 and 5. As a result, the record clearly demonstrates that the intention of the Court was to put off the determination of damages to another day. The Default Opinion, however, mistakenly includes a determination of damages. Default Opinion at pp. 20-22. Federal Rules of Civil Procedure 60(a) and (b) permit trial courts, to correct such mistakes.

I. **F. R. C.P 60 Permits the Court to Exercise its Discretion to Correct Mistakes in the Record**

Federal Rule of Civil Procedure 60(a) ("Corrections Based on Clerical Mistakes; Oversights and Omissions") provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Court exercises wide discretion when it conforms an opinion to its original intention:

> A judge may use Rule 60(a) to make an order reflect the actual intentions of the court, plus necessary implications. Errors correctable under Rule 60(a) include those where what is spoken, written or recorded is not what the court intended to speak, write or record. A court may correct errors of this type even when not committed by the clerk; it matters not whether the magistrate committed it -- as by mistakenly drafting his own judgment -- or whether his clerk did so. . . .

*In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986); *Manning v. Mars, Ltd.,* Civil Action No. 85-1271, 1988 U.S. Dist. LEXIS 9499, at *5 (E.D. Pa. Aug. 25, 1988) ("decision whether to alter judgment under rule 60(a) focuses on what the court originally intended to do").

Federal Rule of Civil Procedure 60(b) (Grounds for Relief from a Final Judgment, Order, or Proceeding) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > …; or
> > (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Courts widely agree that Fed. R. Civ. P. 60(b) "must be equitably and liberally applied to achieve substantial justice." *In re Salem Mortg. Co.*, 791 F.2d 456, 459-60 (6th Cir. 1986). "Doubt should be resolved in favor of a judicial decision of the merits of a case, and a technical error or a slight mistake" should not deprive a party "of an opportunity to present the true merits of his claims." *Id.*

## II.    The Court Intended to Determine the Amount of Damages After Determining Default Liability

The Court intended to determine the quantum of Defendant's damages, if any, at a later date. There are at least four clear indications of this intention.

*First*, as noted, in advance of the hearing, Plaintiffs stripped down the form of order in the Revised Proposed Order to only request an order finding default liability, not damages. The Court confirmed at least twice on the record that it understood that Plaintiff sought to bifurcate the hearing, and to conduct a separate hearing to determine damages.

At the September 9, 2025, hearing, the Court responded "Okay" and "Very good" in response to Plaintiff counsel's statements that Plaintiffs had removed all requests for damages claim from their Default Motion.

> MR. ENOS: … As you may have seen, we filed a revised form of order on Monday that removed the issue of damages with respect to the Rule 37 motion, which will hopefully streamline the proceeding a bit today --
> THE COURT: Okay.
> MR. ENOS: -- and help us get to a conclusion much faster.
> THE COURT: Very good.
> MR. ENOS: Thank you, Your Honor.

Hagelberg Decl. Exhibit 5, Sept. 9, 2025 Hearing Tr. 4:12-20.

Later, at the Rule 37 hearing on September 29, the Court again affirmed "Very Good" to Plaintiffs' statement that they were just seeking a liability determination and "the exact amount of damages can be taken up in, hopefully, the near future." Exhibit 7, Sept. 29, 2025 Hearing Tr. 20:16-19. In other words, the parties and the Court were all in agreement on September 29 that the question of damages had not yet been submitted to the Court for determination.

The *second* clear indication that the Court intended to determine damages after ruling on liability, was the substance of the September 29 hearing itself. None of the parties made any argument related to an award of damages at the hearing. The transcript clearly shows that all parties focused their arguments solely on whether default liability should be found. Exhibit 7. It is also reflected in the two slide decks Plaintiffs prepared for and presented at the September 28 hearing – neither mention Plaintiff's damages claims, or offer any argument on damages. Perhaps most tellingly, during the hearing the Court itself made no statement and asked no question of counsel concerning damages. *Id.*

*Third*, the Court never informed the parties that the Court intended to rule on damages without any further briefing and oral argument, despite the common understanding that there would be, if the Court ruled that Defendant had default liability.

*Finally*, the Default Opinion itself makes no reference to:

- Defendant's counsel's repeated statements to the Court that Defendant needed to cross examine Mr. Pohl;
- Plaintiffs' Revised Proposed Order (Adv. D.I. 129) (Exhibit 4), which contains a redline clearly showing that Plaintiff had dropped damages in its Revised Proposed Order.
- Plaintiffs' counsel's statements to the Court at hearings (on September 9 and September 29) that their damages claim was withdrawn for consideration at a hearing at a later date.

10

- Plaintiffs' removal of Mr. Pohl and the Pohl Declaration from the hearing witness and exhibits lists.  Exhibit 8, 9; and
- Plaintiffs' decision not to enter the Pohl Declaration into evidence.

The absence of any reference in the Default Opinion to the parties' agreement to bifurcate default liability from damages, the Revised Proposed Order, or Plaintiffs' withdrawal of the Pohl Declaration, can only be explained by the fact that the busy Court mistakenly overlooked them. The Court did not intend to overturn these common expectations because if it had, it would have told the parties expressly what it was doing.

In short, the inclusion of a determination and award of damages in the Default Opinion was a simple mistake that departed from the intentions of the Court.  The facts here meet the requirements under both Fed. R Civ. P. 60(a) and (b), permitting the Court to exercise its discretion to issue a corrected Default Opinion that omits a determination and award of damages.

### III. The Court Should Correct its Default Opinion to Conform it to the Court's Intention To Determine Damages After Briefing and Oral Argument

The Court's decision whether to correct the Default Opinion under Fed. R Civ. P. 60(a) "focuses on what the court originally intended to do." *Manning v. Mars, Ltd.,* Civil Action No. 85-1271, 1988 U.S. Dist. LEXIS 9499, at *5 (E.D. Pa. Aug. 25, 1988) (in case bifurcated between liability and damages, granting Rule 60(a) motion to amend liability-phase judgment because Court inadvertently failed to enter judgment against both plaintiffs, where the overlooked plaintiff's claim was derivative of the other plaintiff's claim).

Here, it is clear from the foregoing that the Court intended to follow Plaintiffs' request that the Court determine quantum only after a separate briefing schedule and hearing.

Moreover, going through the additional process, as intended, is important.  Only by going through additional briefing and a hearing, may the Court rely upon the (currently withdrawn) Pohl Declaration.  Defendant has been clear since the September 5 scheduling conference that, in order to properly present his case, he requires the opportunity to cross-examine Mr. Pohl.

11

Hagelberg Decl. Exhibit 1.  But because Mr. Pohl has been unavailable for examination, and because Plaintiffs withdrew the Pohl Declaration and exhibits from the record, the Court simply cannot rely on the Pohl Declaration for any of its findings.

Separately, engaging in the additional process as intended will ensure that the Court's finding on damages is free from mistake.  But because there has been no hearing on damages and no examination of witnesses, the Court in the Default Opinion misapprehended the nature of Claimants' damages claim.  To take just one example, the Court has assessed monetary damages to compensate Plaintiffs for the same alleged harm **twice**.  The Default Order finds Defendant liable for (1) $533M, the purchase price Debtor paid for the Camshaft LP Interest, as well as for (2) the value of the same Camshaft LP Interest, which, after Debtor purchased it, increased in value to $540M.  Default Opinion at 20-21.  The two damages amounts sought by Plaintiffs simply reflect the value of the same asset (the Camshaft LP interest) at two points in time: in 2022 when it was purchased ($533M), and on March 31, 2013, when it was transferred to Debtor's affiliate, Inspilearn ($540M).  Had the briefing and hearing (including cross examination of Mr. Pohl) occurred, this double counting, among other issues with the damages claims, would have been revealed for the Court.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court issue a corrected Default Opinion deleting the section entitled "Determining damages with entry of the default judgment," beginning on page 19 and ending on page 22, in its entirety.

Defendant further requests that the Court replace the Default Opinion's Conclusion on pages 22 and 23, with the following:

> For the reasons set forth above, the Court will enter default judgment against Defendant Raveendran under Rule 37(b)(2)(A)(vi) on Counts I, II, V and VI.  Default judgment will also be entered on Count V, directing Raveendran to provide a full and accurate accounting of the Alpha Funds and any proceeds

thereof, such as the Camshaft LP Interest, including each and every subsequent transfer and any proceeds thereof.

The Court will determine the amount of Raveendran's liability to the Plaintiffs at a later date.

The parties are hereby ordered to meet and confer regarding a propose a briefing schedule and hearing date with respect to the Court's determination of the amount of Raveendran's liability to the Plaintiffs.

Respectfully Submitted,

Dated: November 23, 2025              **O'KELLY & O'ROURKE, LLC**

*/s/ Daniel P. Hagelberg*
Daniel P. Hagelberg, Esq. (No. 6813)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4000
dhagelberg@okorlaw.com

**DRAPER & DRAPER LLC**

*/s/ Matthew E. Draper*
Matthew E. Draper (*pro hac vice*)
100 Park Avenue, Suite 1600
New York, New York 10017
(347) 442-7788
matthew.draper@draperllc.com

*Counsel for Defendants*
*Byju Raveendran & Divya Gokulnath*