# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BYJU'S ALPHA, INC.,[1] | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Case No. 24-10140 (BLS) |
| | ) | |
| BYJU'S ALPHA, INC., | ) | |
| | ) | Adv. Pro. Case No. 25-50526 (BLS) |
| Plaintiff, | ) | |
| | ) | **Re: Adv. D.I. 150** |
| v. | ) | |
| | ) | |
| BYJU RAVEENDRAN, DIVYA GOKULNATH, and ANITA KISHORE, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT BYJU RAVEENDRAN'S OPPOSITION TO PLAINTIFFS' CERTIFICATION OF COUNSEL REGARDING PLAINTIFFS' PROPOSED JUDGMENT ORDER**

Plaintiff-Debtor, BYJU's Alpha, Inc. (the "Debtor") and Plaintiff-Intervenor GLAS Trust Company LLC ("GLAS" and with the Debtor, the "Plaintiffs") file this response to *Defendant Byju Raveendran's Opposition to Plaintiffs' Certification of Counsel Regarding Plaintiffs' Proposed Judgment Order* (Adv. D.I. 150, the "Opposition" or "Opp.") and respectfully state as follows:

---

[1] The Debtor in this chapter 11 case, along with the last four digits of the Debtor's federal tax identification number, is: BYJU's Alpha, Inc. (4260). The location of the Debtor's service address for purposes of this Chapter 11 Case is: 1007 N. Market Street Ste. G20 452, Wilmington, Delaware 19801.

**RESPONSE**

I. **Plaintiffs' Proposed Judgment Order Is Appropriate And Consistent With The Court's Default Opinion.**

   A. **A Consequence Of A Default Judgment Is That The Factual Allegations In The Complaint Are Taken As True.**

   1. Contrary to Defendant Byju Raveendran's ("Raveendran") assertion otherwise (Opp. at 4-5), the impending default judgment against him does not "simply concern a discovery sanction in relation to expedited discovery requests." As the Third Circuit has recognized, "[a] consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142 (3d Cir. 1990) (quotations omitted); *see also Doctor's Associates, Inc. v. Doctor*, 2010 WL 4116734, at *2 (D.N.J. Oct. 19, 2010) ("A defendant's default has the legal effect of admitting the truth of all well-pled allegations in the complaint that pertain to liability.").

   2. In denying Raveendran's motion to dismiss, the Court determined that the Plaintiffs' Complaint contained "sufficient detailed factual allegations" to support the claims asserted against Raveendran. *See Opinion Denying the Motion to Dismiss Filed by Defendants Byju Raveendran and Divya Gokulnath*, Adv. D.I. 140 (the "Default Opinion") at 29. Therefore, the Plaintiffs' proposed judgment order (Adv. D.I. 149, Ex. B) ("Plaintiffs' Proposed Judgment Order") properly states that Raveendran "aided and abetted" his brother's breach of fiduciary duties (Count I) (¶ 4), "violated his fiduciary duties to the Debtor" (Count II) (¶ 5), "is liable for conversion of the Camshaft LP Interest" (Count V) (¶ 7), and "engage[ed] in a civil conspiracy to defeat the Debtor's ownership of the Alpha Funds" (Count VI) (¶ 8).

   B. **Inclusion Of Prejudgment Interest And Costs Is Appropriate.**

   3. The Court's quantification of damages in its Default Opinion did not preclude the inclusion of pre-judgment interest on those damages in any resulting judgment order. Indeed,

under applicable Delaware law, *cf. Jarvis v. Johnson*, 668 F.2d 740, 746 (3d Cir. 1982) ("federal courts in diversity cases should apply state law with respect to prejudgment interest"), pre-judgment interest is available to Plaintiffs as a "**matter of right**." *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 867 (Del. Ch. 2022) (emphasis added); *see also Brown v. Matterport, Inc.*, 2024 WL 2745822, at *20 (Del. Ch. May 28, 2024) ("a successful plaintiff is entitled to interest on money damages as a matter of right from the date liability accrues"). Therefore, inclusion of pre-judgment interest in the judgment order is entirely appropriate, and in no way inconsistent with the Court's Default Opinion.

4. Here, all of the counts against Raveendran were asserted under state law (Count I for aiding and abetting breach of fiduciary duty; Count II for breach of fiduciary duty; Count IV for accounting; Count V for conversion; and Count VI for civil conspiracy). As this Court has previously recognized, "courts in this district have consistently held that state law regarding the calculation of pre-judgment interest applies to claims governed by state law." *Memorandum Order Denying Motion to Reconsider and Amend Judgment*, *BYJU's Alpha, Inc. v. Camshaft Cap. Fund, LP (In re BYJU's Alpha, Inc.)*, Adv. Pro. No. 24-50013 (BLS), D.I. 483 at 5 (citing cases). Under Delaware law, where, as here, there is no expressed contract rate, "the legal rate of interest [in Delaware] shall be 5% over the Federal Reserve discount rate[.]" 6 *Del. C.* § 2301(a); *see also Stone & Paper Invs., LLC v. Blanch*, 2021 WL 3240373, at *36-37 (Del. Ch. July 30, 2021) (awarding pre-judgment under Section 2301(a) for a breach of fiduciary duties claim).

5. Accordingly, Plaintiffs are entitled to pre-judgment interest on Counts II, IV, V, and VI at a rate of 10.00%, as the Federal Reserve discount rate on March 31, 2023 was 5.00%. *See* Nasdaq, Federal Discount Rate (DISC) Historical Data, https://www.nasdaq.com/market-activity/fixed-income/disc/historical (last visited December 2, 2025); *see also Brown*, 2024 WL

2745822, at *21 & n.243 (citing the same Nasdaq link to calculate pre-judgment interest, which was compounded quarterly).  With respect to Count I, the Federal Discount Rate on April 28, 2022 (the date of the first wire transfer of the Alpha Funds to Camshaft) was 0.5% and on July 13, 2022 (the date of the subsequent wire transfer of the Alpha Funds to Camshaft) was 1.75%, resulting in a legal interest rate under Delaware law of 5.5% and 6.75%, respectively.

6. Plaintiffs calculated and included the sum certain of damages and pre-judgment interest through November 27 (the date by which the Court requested that the parties submit proposed judgment orders) in Plaintiffs' Proposed Judgment Order in contemplation of seeking recognition and enforcement of the expected judgment.

7. Similarly, the inclusion of costs is appropriate under Bankruptcy Rule 7054(b) and 28 U.S.C. § 1920.

## II.    Plaintiffs' Efforts To Confer With Defendant's Counsel

8. In the Default Opinion issued on November 20, the Court requested that the parties confer and submit a proposed judgment order "within seven days of the date hereof."  To be fully responsive to the Court, the Debtor's counsel promptly reached out to Raveendran's counsel, sharing Plaintiffs' Proposed Judgment Order on November 22 and inviting comment.[2]  *See Certification of Counsel Regarding Plaintiffs' Proposed Judgment Order* (Adv. D.I. 149) ("Plaintiffs' CoC"), Ex. A.  Rather than substantively respond or even acknowledge receipt, Raveendran filed his *Motion to Correct Opinion Pursuant to Federal Rule of Civil Procedure*

---

[2] Raveendran's counsel inexplicably claims that "Plaintiffs did not provide Defendant's counsel with Plaintiffs' Proposed Default Order before filing it on the docket." Opp. at 4.  That is incorrect.  The Debtor attached Plaintiffs' Proposed Default Order to the November 22 email.

4

*60(a)* (Adv. D.I. 144) (the "Motion to Correct") on November 24, 2025, asserting that the Court "mistakenly" included a damages award in the Default Opinion. Motion to Correct at 1.[3]

9. As of November 25, Raveendran's counsel still had not responded to the Debtor's email. The Debtor's counsel nevertheless sent a follow-up email to Raveendran's counsel that day, again inviting comment to the Plaintiffs' Proposed Judgment Order. *See* Plaintiffs' CoC, Ex. A. Noting that Thursday, November 27, was a holiday, the Debtor's counsel advised that Plaintiffs would be filing their Proposed Judgment Order on Wednesday, November 26. Nowhere in that communication did the Debtor's counsel indicate that the filing would not occur until the close of business.

10. Having received no response or acknowledgement from Raveendran's counsel for more than 15 hours, Plaintiffs filed their proposed order on November 26, as indicated. Adv. D.I. 149. All statements in the Plaintiffs' Certification of Counsel are true and accurate.

## CONCLUSION

Plaintiffs respectfully request that the Court enter the Plaintiffs' Proposed Judgment Order.

---

[3] As noted in the Plaintiffs' CoC, Plaintiffs will timely respond to Raveendran's Motion to Correct. However, as is readily apparent, the Court need not wait to enter the Plaintiffs' Proposed Judgment Order, as the Court's inclusion of damages in the Default Opinion was not a "mistake"—clerical or otherwise. Under Federal Rule of Civil Procedure 55(b)(2), the Court was not required to conduct an evidentiary hearing where such hearing is not necessary to determine damages. Moreover, as the Court correctly noted, Raveendran's refusal to engage in discovery—to which the damages award is tied—precludes his ability to dispute the damages amount. *See* Default Op. at 21-22 (citing *Dobin v. Taiwan Mach. Trade Ctr. Corp. (In re Victor Int'l, Inc.)*, 97 F. App'x 365, 370 (3d Cir. 2004) (defendant who refused to provide discovery was "in no real position to challenge the bankruptcy court's reasonable estimate of damages" in a default judgment)). It also bears noting that a motion under Rule 60(b) is premature where a final judgment has not been entered. *See* Fed. R. Civ. P. 60(b) (contemplating relief from a "final judgment, order, or proceeding").

| | |
|---|---|
| Dated: Wilmington, Delaware<br>December 3, 2025 | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>/s/ *Kenneth J. Enos*<br>Robert S. Brady (Del. No. 2847)<br>Kenneth J. Enos (Del. No. 4544)<br>Jared W. Kochenash (Del. No. 6557)<br>Timothy R. Powell (Del. No. 6894)<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>rbrady@ycst.com<br>kenos@ycst.com<br>jkochenash@ycst.com<br>tpowell@ycst.com<br><br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Benjamin Finestone (admitted *pro hac vice*)<br>Kate Scherling (admitted *pro hac vice*)<br>Jordan Nakdimon (admitted *pro hac vice*)<br>295 Fifth Ave.<br>New York, New York 10016<br>Tel.: (212) 849 7000<br>benjaminfinestone@quinnemanuel.com<br>katescherling@quinnemanuel.com<br>jordannakdimon@quinnemanuel.com<br><br>*Counsel for Debtor, BYJU's Alpha, Inc.* |

Dated: December 3, 2025
Wilmington, Delaware

| | |
|---|---|
| /s/ *Peter J. Keane*<br>**PACHULSKI STANG ZIEHL & JONES LLP**<br>Laura Davis Jones (DE Bar No. 2436)<br>Peter J. Keane (DE Bar No. 5503)<br>919 North Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Email: ljones@pszjlaw.com<br>pkeane@pszjlaw.com<br><br>**REED SMITH LLP**<br>David A. Pisciotta (admitted *pro hac vice*)<br>Nicholas B. Vislocky (admitted *pro hac vice*)<br><br>599 Lexington Avenue, 22nd Floor<br>New York, New York 10022<br>Telephone: (212) 521-5400<br>Facsimile: (212) 521-5450<br>Email: dpisciotta@reedsmith.com<br>nvislocky@reedsmith.com | **KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Patrick J. Nash Jr., P.C. (admitted *pro hac vice*)<br>Richard U.S. Howell, P.C. (admitted *pro hac vice*)<br>Ravi Subramanian Shankar (admitted *pro hac vice*)<br>333 West Wolf Point Plaza<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br>Email: patrick.nash@kirkland.com<br>rhowell@kirkland.com<br>ravi.shankar@kirkland.com<br><br>-and-<br><br>Brian Schartz, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>Email: brian.schartz@kirkland.com<br><br>*Counsel to GLAS Trust Company LLC* |